IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                          :
                                                :       CHAPTER 13
STEVEN RICHARD ALECKNA                          :
JAIME SUE ALECKNA                               :
                                                :       CASE NO. 5-12-bk-03367 RNO
                               Debtors          :
_____:_____
                                                :
CALIFORNIA COAST UNIVERSITY,                    :
                                                :
                               Plaintiff        :
                                                :
            v.                                  :
                                                :
JAIME SUE ALECKNA                               :
                                                :
                               Defendant        :       ADVERSARY NO. 5-12-ap-00247 RNO

## OPINION[1]

The Plaintiff, California Coast University, commenced an Adversary Proceeding against

the Debtor, Jaime Sue Aleckna, in part, seeking a determination that the Debtor's alleged

obligation to it was a non-dischargeable educational loan under the provisions of the Bankruptcy

Code. The Debtor's Answer included a counterclaim alleging that the Plaintiff violated the

automatic stay when it refused to release her transcript without payment. The Plaintiff moved to

dismiss the counterclaim and sought the award of attorney's fees and costs. For the reasons

stated herein, I will deny the Motion to Dismiss the Counterclaim of the Debtor-Defendant.

## I.      Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

---

[1]      Drafted with the assistance of Christopher S. Manzi, Juris Doctor Candidate 2014, University of
Pittsburgh, School of Law; Judicial Intern.

## II.      Facts and Procedural History

On June 1, 2012, the Debtor, Jaime Sue Aleckna ("Aleckna"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  On September 4, 2012, California Coast University ("University") docketed as a Complaint what was titled as Motion of California Coast University for Summary Judgment.  The parties have consistently treated this document as an adversary complaint and I will treat it as such in turn.

The University's Complaint alleges that Aleckna is obligated to it in the amount of $6,215.00.  The Complaint also seeks a determination that such unpaid balance is a non-dischargeable educational loan pursuant to 11 U.S.C. § 523(a)(8).[2]

Aleckna timely answered the Complaint and included a counterclaim against the University.  The counterclaim alleges that, with notice of the Chapter 13 bankruptcy filing, the University refused to release Aleckna's educational transcript.  Attached to the Answer is a letter from Aleckna to the University providing her bankruptcy filing information, tendering a money order for $30.00, and requesting three certified transcripts.  The counterclaim alleges a violation of § 362(a).  It further alleges Aleckna suffered actual damages and emotional distress as a consequence of the alleged stay violation.  The counterclaim seeks the award of damages and attorney's fees pursuant to the provisions of § 362(k).

The University moved to dismiss the counterclaim essentially alleging that it failed to state a claim upon which relief could be granted.  The parties have filed their briefs in support of

---

[2]        Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

and in opposition to the Motion to Dismiss Counterclaim of Defendant and the matter is ripe for

decision.

## III.   Discussion

### A.   Motion to Dismiss Counterclaim for Failure to State a Claim Upon Which Relief Can Be Granted

Generally, Federal Rule of Civil Procedure ("F.R.C.P.")  8(a)(2) requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 is made

applicable to bankruptcy adversary proceedings, such as the case at bar, pursuant to Federal Rule

of Bankruptcy Procedure ("F.R.B.P.") 7008.

The U.S. Supreme Court has held that while a federal pleading does not require detailed

factual allegations, it must contain more than a formulaic recitation of the elements of a cause of

action.  The factual setting should be pleaded to color the pleading's conclusions in order to state

a plausible, rather than a merely conceivable, claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).  *See also  Ashcroft v. Iqbal*, 556 U.S.

662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The U.S. Court of Appeals for the Third Circuit has stated:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure
> to state a claim, district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a "plausible
> claim for relief."  In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.

3

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  It bears repeating that post

*Twombly*, in considering a Rule 12(b)(6) motion to dismiss, the court continues to accept all

factual allegations as true and construes the pleading in the light most favorable to the non-

moving party.  *Id.* at 210.

 F.R.C.P. 12(b)(6) provides that a pleading may be challenged by motion where there is

"failure to state a claim upon which relief can be granted."  The federal rule is made applicable

to bankruptcy adversary proceedings pursuant to F.R.B.P. 7012(b).

 Most typically, 7012(b)(6) motions are interposed in response to a complaint.  Here, the

7012(b)(6) motion was made in response to Aleckna's counterclaim.  This presents the question

of what standard I should use in assessing the subject counterclaim.

 Ruling on a 12(b)(6) motion regarding a counterclaim "requires the Court to consider

whether Defendant's claim of invalidity or unenforceability is 'plausible' under *Twombly* and

*Iqbal*."  *Tyco Fire Prods., LP v. Victaulic Co.*, 777 F. Supp.2d 893, 904 (E.D. Pa. 2011).

Further,  "courts use the same standard in ruling on a motion to dismiss a counterclaim under

Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint."  *PPG Indus., Inc. v.

Generon IGS, Inc.*, 760 F. Supp.2d 520, 524 (W.D. Pa. 2011) (internal citations omitted).

 **B. Elements of a Cause of Action Under § 362(k).**

 Generally, the filing of a bankruptcy petition - such as the Chapter 13 petition filed by

Aleckna - prohibits, *inter alia*, "any act to collect, assess, or recover a claim against the debtor

that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(6).

 When a creditor willfully violates the automatic stay, § 362(k) allows an individual

debtor to recover actual damages, including costs and attorney's fees, and, in appropriate

4

circumstances, punitive damages. Willfulness in this context does not require proof of mens rea. "Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional." *In re Lansdale Family Rests., Inc.*, 977 F.2d 826, 829 (3d Cir. 1992). In *Lansdale*, the Third Circuit also held that a creditor's good-faith belief that it was not violating the automatic stay is not determinative on the question of willfulness. A recent New Jersey bankruptcy decision described "willful" in this context in the following manner:

> Once a creditor becomes aware of the filing of a bankruptcy petition as well as the automatic stay, any intentional act that violates the automatic stay is considered "willful."

*Clark v. Meyers (In re Meyers)*, No. 10-01041, 2011 WL 2600728, at *3 (Bankr. D.N.J. 2011). *See also Butz v. People First Fed. Credit Union (In re Butz)*, 444 B.R. 301, 303-04 (Bankr. M.D. Pa. 2011).

### C.      Has the Counterclaim Stated a Plausible Claim for Relief?

Aleckna's counterclaim alleges that, with knowledge of the bankruptcy filing, the University refused to release her educational transcript. Attached to the counterclaim is a copy of a July 10, 2012, letter from Aleckna to the University which was sent with a money order in the amount of $30.00 and a request for three certified transcripts. The letter states "you are required to release my transcripts upon the payment of the customary fee that you charge for such transcripts. My bankruptcy case was filed on June 1, 2012 in the United States Bankruptcy Court for the Middle District of Pennsylvania at Docket 5:12-bk-02267-RNO (sic)."

A bankruptcy judge may take judicial notice of his or her own docket entries. *Mar. Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1200 n.3 (3d Cir. 1992); *Steinmen v.*

*Spencer (In re Argus Group 1700, Inc.)*, 206 B.R. 737, 741 n.8 (Bankr. E.D. Pa. 1996). Further, while a bankruptcy judge may take judicial notice of the bankruptcy court's records, that does not infer the truth of the facts contained in the documents which may still have to be proven by admissible evidence. *In re Harmony Holdings LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008).

I take judicial notice of the following items from the docket in Aleckna's underlying Chapter 13 case. The University was scheduled as an unsecured creditor on Schedule F in the Schedules which were filed on June 1, 2012. A Notice of § 341 Meeting and Appointment of Trustee was docketed on June 1, 2012; the Certificate of Mailing filed by the Bankruptcy Noticing Center ("BNC") includes the University as a recipient. Further, the University has not challenged its timely receipt of notice of the Chapter 13 filing. I find that the University had notice of Aleckna's Chapter 13 bankruptcy on or about June 9, 2012.

In support of the Motion to Dismiss, the University prominently cites *Wingard v. Altoona Reg'l Health Sys. Credit Control Collections (In re Wingard)*, 382 B.R. 892 (Bankr. W.D. Pa. 2008). Pl.'s Br. in Supp. of Mot. to Dismiss Counterclaim of Def. 6-7. In *Wingard*, Judge Deller principally addressed what evidence a debtor must adduce where the damages from an intentional violation of the automatic stay were primarily limited to claims of emotional distress. The court framed the question as: "namely, under what circumstances must the complainant introduce extrinsic objective evidence - beyond mere self serving testimony of the debtors - to support proof of psychological injuries?" *Id.* at 902. *Wingard* holds that, "when the willful violator of the automatic stay has engaged in conduct that is patently or obviously egregious, emotional distress injuries may be proven merely by credible debtor testimony alone without resort to other extrinsic and corroborating evidence." *Id.* at 904. The *Wingard* decision aptly

6

provides examples of creditor behavior which would be so egregious as to support an emotional

distress injury claim merely by uncorroborated credible debtor testimony. Some of the examples

cited by Judge Deller include where a creditor broke into the debtor's house and threatened to

"blow the debtor's brains out" and where a creditor appeared at the debtor's home in the evening

and demanded that the debtor pay him or "you're going to regret it." *Id.* at 904-05.

It must be borne in mind that at this stage of the proceedings, I view the factual

allegations of the counterclaim in the light most favorable to the nonmoving party, Aleckna.

*Iqbal*, 556 U.S. at 678. I find that the procedural posture of *Wingard* makes it readily

distinguishable from the case at bar.

*Wingard* was decided after trial. Thus, the debtors had had the opportunity to present any

relevant testimony in support of their stay violation claims. Judge Deller found that the creditor

in *Wingard* had violated the automatic stay when it sent at least two computer generated

collection letters to the debtors postpetition. The Court further found that the collection activity

did not meet the "patently egregious" standard to allow proof of emotional distress damages

without corroboration. It noted:

> This Court holds that the Wingards have not met their burden of
> proof. It is true that each of the Wingards testified generally that
> they did not sleep well, that they woke up nightly worrying about
> creditors, that they had elevated blood pressure, that their stomach
> was upset, and that there was friction in their marriage. . . . No
> objective corroborating evidence was introduced into the record
> which the Court could conclude that the debtors have actually
> suffered significant mental distress at the hands of the Defendants.

*Wingard*, 382 B.R. at 906.

In the instant case, there is no extent evidentiary record concerning what damages

Aleckna can or cannot prove up. A portion of the Counterclaim contained in paragraph 39 of

7

Aleckna's Answer alleges "as a result of Plaintiff's violations of the automatic stay, Defendant suffered actual damages in the form of out-of-pocket expenses, attorneys fees and emotional distress." At this stage of the proceeding, viewing the factual allegations in the light most favorable to Aleckna I find that a plausible claim for actual damages has been pleaded and that the counterclaim should proceed.

I believe it is important to note that I am not finding that Aleckna *will* recover against the University. Rather, I merely hold that the counterclaim asserts a plausible claim for relief. Bankruptcy courts have differed as to whether or not it is a stay violation for an educational lender to refuse to release a transcript based on nonpayment. *Compare In re Mu'min*, 374 B.R. 149, 170 (Bankr. E.D. Pa. 2007) (refusal to release transcript violation of the automatic stay entitling debtor to actual damages in the form of reasonable attorneys fees), *and In re Walker*, 336 B.R. 534, 538 (Bankr. M.D. Fla. 2005) (automatic stay violation when university withheld debtor student's transcripts), *with In re Billingsley*, 276 B.R. 48, 55 (Bankr. D.N.J. 2002) (university did not violate automatic stay when it refused to release a transcript to a chapter 13 student-debtor).

**D.** **Is the University Entitled to Costs and Attorney's Fees Pursuant to 28 U.S.C. § 1927 or 11 U.S.C. § 105?**

As noted above, in the motion to dismiss, the University has also sought the award of attorney's fees and costs alleging "Defendant's counsel unreasonable and vexatious action in filing this Counterclaim." Pl.'s Mot. to Dismiss Countercl. of Def. ¶49. The University grounds its attorney's fees and costs claim on 28 U.S.C. § 1927, or alternatively, 11 U.S.C. § 105. I do not find that either statute supports the University's claim. Section 1927 provides, "any attorney or other person admitted to conduct cases in any court of the United States or any Territory

8

thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

A violation of § 1927 requires a court to find that an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008); *In re Prudential Ins. Co. America Sales Practice Litg.*, 278 F.3d 175, 188 (3d Cir. 2002). I find that Aleckna's counsel has not, in bad faith, multiplied the proceedings between the parties. In fact, by raising the alleged stay violation as a counterclaim, rather than by a separate motion or adversary proceeding, Aleckna's counsel reduced the proceedings.

It is important that counsel discharge his or her duties, both to the client and the court, in a professional manner. I appreciate that the court has a supervisory role to see that counsel conduct themselves accordingly. However, sanctions should not be sought as a litigation tactic - nor should they be imposed lightly - whatever authority they are based upon. For example, when sanctions are sought under F.R.C.P. 11, applicable in bankruptcy matters by virtue of F.R.B.P. 9011, a court applies an objective standard of reasonableness. Namely, did the attorney, at the time of filing, have a reasonable basis to conclude that the challenged pleading was warranted? *Mary Ann Pensiero, Inc. v. Lingles*, 847 F.2d 90, 94 (3d Cir. 1988); *Young v. West Coast Indus. Relations Ass'n, Inc.*, 144 F.R.D. 206, 213 (D. Del. 1992).

The Third Circuit has also noted that, "[g]enerally, sanctions are prescribed only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Ford*

9

*Motor Co. v. Summit Motor Prods., Inc.*, 93 F.2d 277, 289 (3d Cir. 1991) (internal citations omitted).

The University also bases its claim for costs and attorneys fees upon 11 U.S.C. § 105. That section of the Bankruptcy Code provides, in part, "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title . . . " for example, section 105 may serve as the basis for sanctions against a party who violates the bankruptcy discharge injunction. Bankruptcy courts have held that violation of the discharge injunction constitutes a civil contempt where there is clear and convincing evidence that (1) a valid order of the court existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *See In re Meyers*, 344 B.R. 61, 65 (Bankr. E.D. Pa. 2006); *cf. In re Brown*, 481 B.R. 351, 363 (Bankr. W.D. Pa. 2013).

My colleague, Judge Thomas, has noted that "relying on the inherent authority of the court to sanction the Respondent requires a finding of bad faith." *U.S. Trustee v. Bresset (In re Engel)*, 246 B.R. 784, 790 (Bankr. M.D. Pa. 2000). I have already found an absence of bad faith by Aleckna's attorneys in pursuing the subject counterclaim. I have also already found that the counterclaim stated a plausible claim for relief. It would be inherently inconsistent to sanction Aleckna's counsel for pursuing such a claim. Therefore, the University's claim for attorney's fees and costs purportedly grounded upon either 28 U.S.C. § 1927 or 11 U.S.C. §105 fails in either instance.

## IV.     Conclusion

For all of the above reasons the Motion to Dismiss Counterclaim of Defendant will be denied.  An Order will be entered consistent with this Opinion.

By the Court,

_Robert N. Opel, II_

_____

Date: July 1, 2013

Robert N. Opel, II, Bankruptcy Judge

(BI)