IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. 5:12-bk-03367-RNO |
| STEVEN RICHARD ALECKNA : | |
| JAIME SUE ALECKNA : | |
| : | CHAPTER 7 |
| Debtors : | |
| ************************************ : | ************************************ |
| : | |
| CALIFORNIA COAST UNIVERSITY, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| JAIME SUE ALECKNA : | |
| : | |
| Defendant : | ADVERSARY NO. 5:12-ap-00247-RNO |

# OPINION[1]

Before the Court is the second motion for summary judgment, and the fourth dispositive motion, filed in the adversary case of California Coast University ("Coast") versus Jaime Sue Aleckna ("Aleckna" or "Debtor"). Particularly, this is Coast's Motion for Summary Judgment of Defendant's Amended Counterclaim ("Motion"). For the reasons stated below, the Motion is denied.

**I. Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II. Facts and Procedural History**

This case has been highly litigated since its inception on September 4, 2012. For a partial

---

[1] Drafted with the assistance of Joseph C. Barsalona II, Esq., Law Clerk.

background, please refer to *California Coast Univ. v. Aleckna (In re Aleckna)*, 494 B.R. 647 (Bankr. M.D. Pa. 2013) [hereinafter *Aleckna I*].

A review of the motion history in this case is important. Coast has attempted to dispose of the Debtor's counterclaim four different times. It first filed a Motion to Dismiss Counterclaim on September 28, 2012. Before the Court could rule on this motion, the Plaintiff filed an amended complaint on December 11, 2012. The amended complaint mooted any dispositive motions related to the original complaint.

After a number of discovery disputes, the Debtor filed an Answer to Amended Complaint and Counterclaim on April 12, 2013. Coast subsequently filed its second Motion to Dismiss Counterclaim on May 3, 2013. I denied that motion and explained my reasons for doing so in *Aleckna I*.

Coast then filed its first Motion for Summary Judgment of Counterclaim ("First Motion") on December 13, 2013. That motion was fully briefed by both parties and taken under advisement.

As background, Aleckna's counterclaim focuses on Coast's alleged failure to send a transcript to Aleckna after the university learned of the bankruptcy. Aleckna states this is a violation of the automatic stay under 11 U.S.C. § 362(k).[2] Coast did subsequently release a transcript to Aleckna, but it stated she did not graduate. This act by the Plaintiff prompted Aleckna to move to amend its answer and counterclaim, to which I turn now.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

When reviewing the redlined version of the pleading, the Defendant's Amended Answer to Amended Complaint and Counterclaim ("Amended Answer") added only six (6) new paragraphs. Def.'s Mot. to Am. Answer Ex. B 6-8, ECF No. 99. The six new paragraphs included information of which Coast had actual knowledge; specifically that the transcripts provided to Ms. Aleckna "indicated that [she] had not graduated" and that Coast had an institutional policy to not reward a degree if a student's balance is not paid in full. Def.'s Am. Answer and Countercl. ¶¶ 50-55, ECF No. 106. Because the new paragraphs contained information that was related to the same case or controversy as the original counterclaim, I granted leave to amend on April 10, 2014. I also held that permitting Aleckna to file its Amended Answer mooted the First Motion.

Coast filed the instant Motion on May 24, 2014. As it has many times before, Coast argues that the failure to release a transcript is a not a violation of the automatic stay under 11 U.S.C. § 362(k). *See, e.g.*, Pl.'s Mot. to Dismiss Countercl. 6-7, ECF No. 5; Pl.'s Br. in Supp. of Mot. to Dismiss Countercl. 5-9, ECF No. 8; Pl.'s Mot. to Dismiss Countercl. 4-11, ECF No. 64; Pl.'s Br. in Supp. of Mot. to Dismiss Countercl. 4-10, ECF No. 66; Pl.'s Mot. for Summ. J. of Countercl. 3-5, ECF No. 83; Pl.'s Br. in Supp. of Mot. for Summ. J. 9-14, ECF No. 85; Pl.'s Mot. for Summ. J. of Am. Countercl. 2-6, ECF No. 111; Pl.'s Br. in Supp. of Mot. for Summ. J. 9-14, ECF No. 113. Needless to say, the motion is fully briefed and now ripe for disposition.

### III. Discussion

#### A.   Standard to Decide a Motion for Summary Judgment Under F.R.B.P. 7056

Federal Rule of Bankruptcy Procedure ("F.R.B.P.") 7056 incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 56 of the Federal Rules of Civil

Procedure. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986).

The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex*, 477 U.S. at 322; *Madera v. Ameriquest Mort. Co. (In re Madera)*, 363 B.R. 718, 724 (Bankr. E.D. Pa. 2007). Hence, an opponent may not defeat a motion for summary judgment unless he sets forth specific facts that establish the existence of a genuine issue of material fact for trial. Conclusory statements and general denials will not suffice. *Argus Mgmt. Grp. V. J-Von N.A. (In re CVEO Corp.)*, 327 B.R. 724, 727 (Bankr. D. Del. 2005). A fact is material when it could "alter the outcome" of the litigation. *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995).

In evaluating the evidence, a court must view the facts in the light most favorable to the non-moving party and draw all inferences in that party's favor. *Rosano v. Twp. of Teaneck*, 754 F.3d 177, 186 (3d Cir. 2014); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001). At the summary judgment stage, the trial judge's function "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249. 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

### B. Genuine Issues Of Material Facts Exist in this Case

It is clear from the dueling statements of material facts filed in accordance with the Motion that many important facts are still in dispute. Thus, Coast fails to meet its burden under

F.R.B.P. 7056.

The focus of Aleckna's counterclaim is Coast's alleged failure to timely release her transcript upon request. A phone call discussion took place between Ms. Aleckna and an employee at Coast, Ms. Angela Cenina, on July 6, 2012, which was after Ms. Aleckna filed for bankruptcy. Marquardt Dep. 113:12-116:22; Jaime Aleckna Dep. 20:11-19, Nov. 11, 2013. From the papers submitted to the Court, it is clear that there is a dispute as to what was said during that phone call. Specifically, the parties dispute what Ms. Cenina said after she was told of the bankruptcy filing. Aleckna claims that Ms. Cenina, as a representative of Coast, said Aleckna could not receive a copy of her transcript unless she paid the outstanding balance. Def.'s Counter Statement of Undisputed Facts ¶ 7 (citing Marquardt Dep. 117:8-25; Jaime Aleckna Dep. 23:21-24:2). In contrast, Coast states that Ms. Cenina stated that her records showed no indication of the bankruptcy filing and then merely told Ms. Aleckna of the university's transcript policy. Pl.'s Resp. to Def.'s Counter Statement of Undisputed Facts ¶ 7 (citing Cenina Aff. ¶ 8-9). This phone call is material to the dispute because it may prove Coast's willful violation of the automatic stay.

Furthermore, the parties dispute Coast's policy regarding releasing transcripts when a student has not paid in full. *Compare* Def.'s Counter Statement of Undisputed Facts ¶¶ 24-32, *with* Pl.'s Resp. to Def.'s Counter Statement of Undisputed Facts ¶¶ 24-32. The existence and substance of this alleged policy is materially important in calculating any potential damages against Coast if the Court finds a violation of the stay.

These are only two instances where the parties dispute the material facts of the case; there are many others that may affect the outcome of the trial. For purposes of this motion,

however, I find them sufficient to prove that genuine issues of material facts still exist in this case. Thus, the motion is denied. Since I have already found grounds to deny the motion, I will exercise judicial restraint and not discuss whether the movant is entitled to judgment as a matter of law.

**IV.     Conclusion**

Therefore, for the above reasons, California Coast University's Motion for Summary Judgment of Defendant's Amended Counterclaim is denied. Judgment will be entered consistent with the foregoing Opinion.

By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Date: August 18, 2014