# SABATINI LAW FIRM, LLC

**CARLO SABATINI**
**KRISTIN SABATINI**

216 N. Blakely St.
Dunmore, PA 18512
Phone: (570) 341-9000
Fax: (570) 504-2769
**Satellite Office:** Wilkes-Barre 823-9000

July 8, 2023

Hon. Mark J. Conway
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the Middle District of Pennsylvania
**VIA CM/ECF ONLY**

> Re: **California Coast University v. Aleckna**
> **5:12-ap-00247-MJC**
> **Proposed Order, Doc. 201**

Dear Judge Conway,

    I'm writing in response to Counter-claim Defendant's letter of yesterday, attached hereto as Exhibit A. Opposing counsels' chronology of the last ten days observes that about three and one-half business days elapsed between the date that they provided a proposed order and their receipt of our redlined response. Admittedly, that redline took a bit longer than I would have liked. To provide more context, I should explain my efforts. Within just a few hours after the June 27, 2023 status conference had concluded, I promptly ordered an audio file of the proceedings.[1] That file was received two days later, on Friday, June 29, 2023. I was unable to devote myself to the task that day, nor during the very limited hours that I worked on the day before the Fourth of July. When I returned to the office after the holiday, I did make sure to send my redline by the end of that day. The parties were left with two full days to confer and to complete the order. With the redline, I included discovery so that Coast could evaluate it in conjunction with my edits to the proposed order.[2]

    Coast's counsel did not respond to my redline, nor to the voicemail messages that I thereafter left at Attorney Daar's office, on Attorney Daar's mobile phone, and at Attorney Sheils's office. They also did not respond to the email that I sent after my phone calls were unsuccessful. Instead, they filed their letter *in contravention of this Court's instruction*,[3] and without having made any effort to resolve the parties' competing positions.

---

[1] I ordered the file because I expected that the parties might not have the same recollection as to what could be included in the Order, and that the recording could help resolve those disagreements. As will be seen *infra*, this concern was well-founded.

[2] The discovery is a single document request for time records, and is attached as Exhibit B.

[3] The Court *twice* instructed the parties to **call** chambers if they had an impasse. ("If you have a problem putting the order together within the next ten days, call my chambers and we'll set up a phone conference. If you can't put it together, call my chambers and I'll schedule a phone conference.")(Hearing Recording ("R.") at 24:58–25:04 and 26:08–26:11.)

Regarding the merits of the competing positions, Coast raises one primary objection to Aleckna's added language: "These edits go far beyond what the Court ordered the parties to provide. The edits include incorporating **discovery** and **extensive further briefing** by the parties." (emphasis added). Coast's characterization of each of the two bolded categories is inaccurate. The Court's initial description of counsels' task began as follows:

> Court: At this point, I don't have a schedule in mind as far as moving this forward. I would ask for you two to prepare a proposed order to be entered. I will give you some parameters of at least of what I'm thinking of. I'd like a proposed order within 10 days, submitted to chambers. And, I'm not holding you to this, but I think **subject to you guys massaging it**, I think Attorney Sabatini needs to submit . . .

R. at 22:43 -23:20 (emphasis added). The Court then continued on to provide some outline of what briefs and other filings would be included as part of a proposed schedule. But, the Court specifically did **not** exclude other elements, including discovery **or** further briefing. I sought clarification from the Court to confirm that the order could provide for discovery, and the Court did not rule it out. Instead, the Court seemed to give the parties free reign to agree on what would reasonably be necessary.

> Sabatini: It is my intention to serve discovery to find out what their, what their fees look like, because I do think it is relevant and there is caselaw that allows that. It is not universally allowed in every case. . .
>
> Court: I was just suggesting some things that I wanted to see in the order. You put the order together.

R. at 25:52 – 26:07.

My proposed order includes time for discovery but also preserves Defendant's right to later oppose it. It specifically contemplates that the Court might "sustain California Coast's objections and decline[] to order any further discovery response." But, there is no need for Coast to attempt to preclude the *possibility* of discovery by crafting an order that does not allow for it. Coast's order *also* would make Aleckna's final brief due before Coast's discovery response, meaning that Aleckna couldn't use any discovery that she might obtain.

Coast's other claim – that Aleckna's edits provide for "extensive further briefing" – is similarly unfounded. Coast's original proposal provided for filing of only the two briefs that

the Court initially described. However, during the hearing I sought clarification that a third brief could be included:

> Court: Is there anything else you think you need in that order?
>
> Sabatini: The opportunity to file a reply brief to . . . .
>
> Court: That's fine. You two can agree to that. I'm not picky about that.

R. at 24:29 – 24:57.

It seems disingenuous for Defendant to describe the inclusion of **one** additional brief that the court specifically said would be "fine" to be "extensive further briefing." At any rate, the Order should provide for the brief as the local rules specifically allow it. (See [L.B.R. 7002-1](#) and [L.R. 7.7](#).)

To the extent that it is relevant, Coast's claim that it does not have "any idea on the scope of any further fee application that may be submitted by Mr. Sabatini" is simply false. During negotiations, I provided Coast with an itemized fee statement that shows the time spent in the district court and in the Third Circuit. Although the relatively minimal time spent since that itemization was provided has not been updated, Coast clearly knows the "scope" of the forthcoming application.

Attached as [Exhibit C](#) is an updated proposed order. Apart from removing the language indicating that it is a *joint* proposed order, the sole substantive change in the order from the version I had previously provided to counsel is in paragraph one. The original version had assumed that during the anticipated but still yet-to-be-held conferences between counsel, Coast would agree to accept email service of the discovery. As those conversations never happened, the discovery needs to be formally served to avoid an objection on the basis of that email service is inadequate. I have already deposited that discovery into the mail, but it might not be postmarked until July 10, 2023. The edits to paragraph one ensure that Coast has the full time to object that is afforded by the rules. An editable version of this proposed order is being contemporaneously emailed to the Court.

Thank you for your consideration.

Sincerely yours,

*Carlo Sabatini*
Carlo Sabatini
