# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 13** |
| | : | |
| **STEVEN RICHARD ALECKNA** | : | |
| **JAIME SUE ALECKNA,** | : | **CASE NO. 5:12-bk-03367-MJC** |
| | : | |
| Debtors | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **CALIFORNIA COAST UNIVERSITY,** | : | |
| | : | |
| Counter-Defendant | : | **ADV. NO.: 5:12-ap-00247-MJC** |
| | : | |
| vs. | : | |
| | : | |
| **JAIME SUE ALECKNA,** | : | |
| | : | |
| Counter-Plaintiff | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>CALIFORNIA COAST UNIVERSITY'S BRIEF ON THE REQUEST FOR ATTORNEY'S FEES AND COSTS</u>

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......................................................................... ii

I.     INTRODUCTION ............................................................................. 1

II.    BACKGROUND ................................................................................ 3

       A.     Overview of the Adversary Proceeding ...................................... 3

       B.     Pertinent Factual Background ..................................................... 6

              1.     Background of Appellant and Appellee ......................... 6

              2.     Aleckna's request for her official academic transcripts from California Coast ............................................................... 8

       C.     Pertinent Procedural History ...................................................... 9

III.   THE COURT SHOULD ONLY AWARD NECESSARY AND REASONABLE ATTORNEY'S FEES .................................................. 12

IV.    ALECKNA HAS NOT MET THE BURDEN OF ESTABLISHING THE REASONABLENESS OF HER ATTORNEY'S PROPOSED HOURLY RATES ............................................................................................... 18

V.     ALECKNA HAS NOT MET THE BURDEN OF ESTABLISHING THE REASONABLENESS OF HER CLAIMED HOURS ............................. 19

VI.    ALECKNA IS NOT ENTITLED TO ANY FEES FOR THE TWO APPEALS .......................................................................................... 20

       A.     The Request for Appeal Fees Is Untimely and Barred ................ 20

              1.     The Appeal from the District Court Judgment to the Third Circuit ................................................................... 20

              2.     The District Court Judgment .......................................... 23

       B.     The Mandates Of The District Court And Third Circuit Did Not Provide For The Determination Of Attorney's Fees For The District Court Or Third Circuit Proceedings ............................................. 26

VII.   ALECKNA'S SECOND FEE STATEMENT CONSISTS OF HOURS THAT WERE NOT NEEDED OR WERE NOT REASONABLE ...................... 30

VIII.  CONCLUSION ................................................................................. 32

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. Administratia Asigurarilor De Stat*
   163 F.R.D. 196 (S.D.N.Y. 1995) ........................................................................... 26

*Brinker v. Guiffrida*
   798 F.2d 661 (3d Cir. 1986) ................................................................................. 27

*City of Chicago, Illinois v. Fulton*
   141 S.Ct. 585 (2021) ............................................................................................ 5

*Corwin v. Walt Disney World Co.*
   475 F.3d 1239 (11th Cir. 2007) ........................................................................... 26

*DMS Contr., Inc. v. Peabody Energy Corp. (In re Peabody Energy Corp.)*
   612 B.R. 916 (E.D. Mo. 2020) ............................................................................ 27

*Dring v. Ariel Land Owners, Inc.*
   2020 U.S. Dist. LEXIS 263602 (M.D. Pa. 2020) ............................................... 21

*Drippe v. Tobelinski*
   604 F.3d 778 (3d Cir. 2010) ................................................................................. 25

*EEOC v. Kronos Inc.*
   694 F.3d 351 (3d Cir. 2012) ................................................................................. 28

*Elaine v. Credit Control LLC*
   2018 U.S. Dist. LEXIS 59636 (E.D. Pa. April 9, 2018) .................................... 15

*Freeman v. Dir. of the N.J. Div. of Alcoholic Bev. Control*
   538 Fed. Appx. 204 (3d Cir. 2013) ..................................................................... 23

*Geick v. American Honda Motor Co.*
   117 F.R.D. 123 (C.D. Ill. 1987) .......................................................................... 26

*Han Tak Lee v. Cameron*
   2015 U.S. Dist. LEXIS 173683 (M.D. Pa. October 13, 2015) ........................... 29

*Heupel v. Nielsen (In re Nielsen)*
   2017 U.S. Dist. LEXIS 799 (D. Colo. January 4, 2017) .................................... 28

*In re Brock Utils. & Grading*
   185 B.R. 719 (Bankr. E.D.N.C. 1995) ................................................................ 17

*In re Craine*
   206 B.R. 594 B.R. 595 (Bankr. M.D. Fla. 1997) ............................................... 17

*In re Dawson*
   390 F.3d 1139 (9th Cir. 2004) ............................................................................. 15

*In re Manley Toys, Ltd.*
    2018 Bankr. LEXIS 1899 (D. N.J. June 21, 2018) ........................................................ 12, 14, 15

*In re Martinez*
    281 B.R. 883 (Bankr. W.D. Tex. 2002) ..................................................................... 17

*In re Miller*
    447 B.R. 425 (E.D. Pa. 2011) ..................................................................... 16

*In re Neidig Corp.*
    113 B.R. 696 (D. Colo. 1990) ..................................................................... 28

*In re Preston*
    333 B.R. 346 (Bankr. M.D. N.C. 2005) ..................................................................... 17

*In re Sammon*
    253 B.R. 672 (Bankr. D.S.C. 2000) ..................................................................... 17

*In re Schwartz-Tallard*
    803 F.3d 1095 (9th Cir. 2015) ..................................................................... 15

*Litman v. Massachusetts Mut. Life Ins. Co.*
    825 F.2d 1506 (11th Cir. 1987) ..................................................................... 29

*Lukawski v. Client Servs.*
    2013 U.S. Dist. LEXIS 166823 (M.D. Pa. November 22, 2013) ..................................... 18

*Margavitch v. Southlake Holdings, LLC (In re Margavitch)*
    2021 Bankr. LEXIS 2784 (M.D. Pa. October 6, 2021) ............................................. 5

*Shadduck v. Rodolakis*
    221 B.R. 573 (D. Mass. 1998) ..................................................................... 17

*Templin v. Independence Blue Cross*
    487 Fed. Appx. 6 (3d Cir. 2012) ..................................................................... 24

*Wall v. Altium Grp.*
    LLC, 2019 U.S. Dist. LEXIS 116486 (W.D. Pa. 2019) ............................................. 22

*Univ. Med. Ctr. v. Sullivan (In re University Medical Center)*
    973 F.2d 1065 (3rd Cir. 1982) ..................................................................... 31

## RULES

*Federal Rules of Bankruptcy Procedure*
    Rule 7054 ..................................................................................................... 23, 26
    Rule 8025 ..................................................................................................... 23
    Rule 8025 ..................................................................................................... 23

*Federal Rules of Civil Procedure*

Rule 6(b) ........................................................................................................... 26

Rule 54 ............................................................................................................. 23, 26

Rule 54(d)(2) ..................................................................................................... 24, 25

26

*Local Appellate Rules of the Third Circuit*

Local Appellate Rule 108.0 .............................................................................. 21

Local Appellate Rule 108.1 .............................................................................. 21

Local Appellate Rule 108.2 .............................................................................. 21

-iv-

California Coast University ("California Coast"), by and through its counsel, Sheils Law Associates, P.C. and Daar & Newman, files this brief on the request for attorney's fees and costs of Jaime Sue Aleckna ("Aleckna") (Adv. Dkt. No. 115). This brief first addresses the request for fees pursuant to this Court's judgment on January 14, 2016. See Sections II-V below. This brief then addresses why the recent request for fees for the district court and Third Circuit proceedings are untimely and not provided for in the mandates of the district court or the Third Circuit, and were not needed or reasonable. See Sections VI-VII below.

## I.     INTRODUCTION.

The judgment in this action provided that this Court would determine the attorney's fees and costs incurred by Aleckna in seeking to obtain ***"graduation"*** transcripts and for legal representation in the adversary proceedings." The use of the word "graduation" was intentional since as will be discussed below, the first 17 months of this case had nothing whatsoever to do with seeking "graduation" transcripts. In fact, Aleckna's September 15, 2023 brief deceptively ignores the word "graduation" and instead claims Aleckna was awarded "the pre-litigation attorney's fees that she incurred for time spent attempting to obtain her transcripts." (Aleckna 9-15-23 Brief at 4.)

The standard for determining attorney's fees in this action is that the fees are to be ***reasonable compensation for actual, necessary services.*** The vast majority of Aleckna's fees were not necessary and were not reasonable in a case that was basically a legal issue that could be determined by briefing. Instead Aleckna churned this case for years pursuing monetary damages that were all denied since Aleckna was found not to have any need for a transcript let alone a graduation transcript. This Court's decision stated, "It is not for the Court to speculate as to possible losses and I cannot find an actual loss in this regard." (Adv. Dkt. No. 152 at 13.)

1

Had Aleckna merely waited for her debt to be discharged (which occurred on April 18, 2016), she would have then had her financial hold end and graduate. All of Aleckna's many claims of damages were denied but for her being awarded $230.16 for taking off time from work to attend her trial of five hours.

In 2016, Aleckna filed a statement of fees claiming $128,292. In response, California Coast filed detailed objections and a brief in support of its objections. (Adv. Dkt. Nos. 161, 162.) Copies of both the objections and brief are attached as Exhibits 1 and 2 for the Court's convenience. A hearing on the fees was scheduled and continued at Aleckna's request and then stayed at Aleckna's request. (Adv. Dkt. Nos. 163,164.)

Pursuant to the Court's July 18, 2023 Scheduling Order (Adv. Dkt. No. 204), California Coast separately submits its objections to the second fee application as well as this brief regarding attorney's fees to supplement its brief from 2016 and to address the second fee application.

The fees sought by the applications are far from reasonable and the vast majority of time was not necessary – the standard for a fee award in this action. Aleckna has made what should have been a relatively straightforward matter into a huge case. See concurrently filed Declaration of Robert Sheils, III. After 17 months of her aggressive tactics pursuing a claim that was only about a 17 day delay in her receiving a transcript (which she did not need), she amended her complaint to add an entirely new claim. Her new claim was never part of the first 17 months of litigation or discovery and added a brand new replacement theory that California Coast was affirmatively required to add to her transcript a graduation date that was not previously there and issue Aleckna a diploma to avoid violating the automatic stay prior to the discharge of her student debt. She never had any damages as found at trial. She also has never

needed the graduation date or diploma. Discovery was minimal by California Coast. For example, California Coast only took one deposition, which lasted 1.25 hours, propounded 25 interrogatories and 10 requests for documents. (Decl. Sheils, ¶ 13.)

With respect to the new issue of whether there was a legal obligation affirmatively to add a graduation date to a transcript and provide a diploma prior to the discharge, that could have been resolved by briefing. Instead, the case was churned by Aleckna even though Aleckna had no damages arising from her not receiving a graduation date or diploma. Following a 5 hour trial, Aleckna's many claims for damages were all denied other than her being awarded $230.16 for her taking off time from work to attend the trial. California Coast was also ordered to add a graduation date to her transcript and provide a diploma, which was promptly done by California Coast. This cured the found violation of the automatic stay. The next phase of the litigation all had to do with the award of $230.16 and entitlement to reasonable attorney's fees since Aleckna now had her graduation transcript and diploma.

For all of the reasons set forth in the attached 2016 brief (Exhibit 1) and below, a necessary and reasonable attorney's fees award should be in the context of what was needed to accomplish a legal determination on the issue of a graduation date and diploma. $20,000 would be generous and more than what is reasonable in the context of what was achieved, and what was needed to be done.

## II.    BACKGROUND.

### A.    Overview Of The Adversary Proceeding.

This case involved a claim of a "willful" violation of the bankruptcy automatic stay with respect to what a university can or cannot do when confronted with a student who is on a financial hold due to an outstanding debt and then files for Chapter 13 Bankruptcy. While a

3

university is permitted to withhold a transcript and not graduate a student that owes it an outstanding debt, the Court was faced with to what extent, if any, the filing of a petition for bankruptcy and its automatic stay changes the rights of the university prior to any discharge of the debt. Aleckna aggressively litigated this simple case resulting in a hollow victory following a five hour court trial -- a monetary award of only $230.16 for Aleckna taking off time from work to attend the trial to receive a graduation transcript and diploma prior to her discharge a few months later, and which she did not need. (Adv. Dkt. Nos. 152, 153.) The size of the Court's file reflects the scorched earth litigation tactics of Aleckna's counsel. (See Declaration of Sheils, ¶¶ 24,29.)

Aleckna, following her Chapter 13 bankruptcy filing on June 1, 2012, sent the form request for a copy of her transcript. California Coast mailed her a transcript 16 days after she made the written request without any court intervention and prior to Aleckna filing any proceeding against California Coast. Aleckna claimed the 16 days violated the automatic stay and filed her original claim on September 7, 2012. (Adv. Dkt. No. 3.) The matter was started by California Coast filing a complaint to determine the dischargeability of Aleckna's debt of approximately $6,000 to it. This was done by a literally brand new attorney who had never handled any case before and only charged $50 per hour. (Adv. Dkt. No. 1.) An answer and counterclaim were filed three days later by Aleckna. Virtually no time was spent by the parties on the dischargeability complaint. The complaint was later dismissed without prejudice by California Coast since it was not necessary to have the issue of dischargeability decided. (Adv, Dkt. Nos. 39, 42, 76, 77.)

Following 17 months of aggressive litigation by Aleckna on the limited issue of the 16 days for a transcript to be provided to Aleckna, California Coast had filed a summary judgment

motion following the completion of discovery.  Aleckna then tried to create an issue of fact by claiming for the first time in any filing or in discovery that an issue was the transcript not including a graduation date.  The Court required Aleckna to file an amended counterclaim (versus a new action as requested by California Coast) to include the allegation that her official transcript should have been changed to provide a graduation date.  (Adv. Dkt. No. 99.)  This followed her unsuccessful earlier attempt to enforce an alleged settlement that was for only money without any mention or provision of her being provided a graduation date.  (Adv. Dkt. Nos. 10, 61.)

Prior to Aleckna's discharge, there was a five-hour trial on the amended claim.  Aleckna had two lawyers who she also had at earlier hearings.  (Adv. Dkt. No. 148.)   The trial focused on the issue of whether California Coast was required to add a graduation date to Aleckna's transcript in order avoid violating the automatic stay.  (Adv. Dkt. No. 152.)  The issue of the 16 days for the transcript to be sent was now a nonissue.  The Court found that California Coast was required to add a graduation date to the transcript and its failure to do so was a "willful" violation of the automatic stay.  (Adv. Dkt. No. 152.)  While not requested in Aleckna's amended counterclaim, the Court ordered California Coast to issue a new certified official transcript, insert a graduation date as well as issue a diploma to Aleckna.  (Adv. Dkt. Nos. 152, 153.)[1]  California

---

[1]  Ironically, under *City of Chicago, Illinois v. Fulton*, 141 S.Ct. 585 (2021), California Coast would not have likely had to affirmatively add a graduation date to a transcript since the status quo at the time of the automatic stay was there had never been a graduation to add to the transcript. *See Margavitch v. Southlake Holdings, LLC (In re Margavitch)*, 2021 Bankr. LEXIS 2784 (M.D. Pa. October 6, 2021) (a refusal to withdraw the valid pre-petition attachment once they were informed that Plaintiff had filed for bankruptcy was not a violation of §362(a)(1) - (6) and the defendant was entitled to summary judgment.  "Therefore, it logically follows that an affirmative post-petition 'act' is necessary to constitute a violation of those subsections."  California Coast never took any affirmative act, it only maintained the status quo as to status of Aleckna's transcript since Aleckna had never graduated.

5

Coast promptly complied with the order and long before it filed a notice of appeal on the issue of whether the violation was "willful."

This was a hollow victory since after Aleckna's discharge she would have had no further debt and receive a graduation date and diploma at that time. The evidence at the trial was that Aleckna had no need for a diploma, graduation date or even a transcript. (Adv. Dkt. No. 148.) The Court's file shows that she still had the same job at the time of her discharge and is believed not to have ever used her graduation transcript. (Adv. Dkt. No. 148.) The Court expressly found that Aleckna had not suffered any injury since she had not shown any need for a graduation date in her transcript. (Adv. Dkt. No. 152.) The Court denied all of her requests for damages in her amended claim, including for emotional distress and punitive damages. (Adv. Dkt. No. 152.) The Court also did not find California Coast in contempt as sought by Aleckna. (Adv. Dkt. No. 152.) The only monetary award was for $230.16 for Aleckna having taken off time from her work to attend her own trial to obtain a graduation date that she did not need prior to her discharge. (Adv. Dkt. Nos. 152, 153.)

Aleckna was allowed to file after the judgment an itemized statement of claimed attorney's fees and costs for her seeking to obtain a graduation transcript. (Adv. Dkt. No. 153.) Aleckna filed a 28 page statement of claimed attorney's fees and costs in the amount of $128,292. (Adv. Dkt. Nos. 155, 155-1.) *This is approximately 560 times her monetary recovery* and caused California Coast to file a notice of appeal on the issue of willfulness.

B.    **Pertinent Factual Background**

1.    **Background of Appellant and Appellee.**

Appellant California Coast is a small, accredited distance learning school founded in 1973 in Southern California. (Adv. Dkt. No. 148, Trial Transcript ("TT") 182-183.) California

6

Coast's students are mainly mid-career adults, stay-at-home parents that only have time to study at night, individuals seeking pay upgrades in current jobs, and active military members. (TT 184-185.) California Coast's degree programs are designed to allow students to begin at any time and proceed at their own pace since they do not attend classes at California Coast. (TT 184-185.) California Coast does not have a collections department and does not utilize third party debt collectors on its behalf regarding delinquent accounts. (TT 68-69.) California Coast intentionally has a practice of not threatening to bring lawsuits against its students. (TT 69-70.)

Aleckna was a student at California Coast. She completed her last coursework as a student in September 2009. (TT 128.) Aleckna failed to make tuition payments due to California Coast involving her education starting in or about 2008. (TT 146-147.) California Coast placed a financial hold on her account. (TT 146-147.) But at no time prior to Aleckna filing for bankruptcy did California Coast pursue any collection efforts, including threatening to sue Aleckna. (TT 68-69, TT 84-85.)

On June 1, 2012, Aleckna and her husband filed a Chapter 13 bankruptcy case with the Bankruptcy Court and received the automatic stay pursuant to the Bankruptcy Code. (TT 151-152.) Aleckna listed California Coast as an unsecured creditor with a "disputed" claim in the amount of $6,300.00 in her bankruptcy schedules. (TT 152.) The debt was listed as disputed because Aleckna was not sure if the debt was a student loan or dischargeable by the Bankruptcy Code. (TT 153.)

Aleckna's debt to California Coast had not been discharged pursuant to her Chapter 13 Bankruptcy as of the date of the trial or for all time relevant to this matter. (TT 131.)

/ / /

/ / /

7

## 2.        Aleckna's request for her official academic transcripts from California Coast.

California Coast's policy is that all requests for transcripts must be submitted in writing, signed by the student or graduate, to its Registrar.  (TT 161-162.)  In addition, transcripts will not be released unless all courses listed on the transcript have been paid in full.  (TT 188-189.)

On July 6, 2012, Aleckna telephoned California Coast's general line to request a copy of her official academic transcript.  (TT 188-189.)  Aleckna was connected to Angela Cenina of the Registrar's Office.  (TT 188-189.)  Angela Cenina informed Aleckna of California Coast's policy regarding transcripts, that there was a financial hold on Aleckna's transcript, that there was no record of Aleckna's bankruptcy in California Coast's records, that a request for an official transcript must be submitted in a writing signed by the student, and where to find an official transcript request form.  (TT 188-189.)  Angela Cenina also asked Aleckna to provide her with a copy of her official bankruptcy paperwork.  (TT 189.)  Aleckna was not asked to pay any money or told that if she paid any amount of her past due tuition that she would receive an official transcript.  (TT 129-135, TT 188-189.)

On July 11, 2012, Aleckna mailed a letter, by certified mail, dated July 10, 2012, to request in writing three copies of her official transcript.  (TT Aleckna Exhibit 2.)  Aleckna made no request for a diploma or to graduate in her letter.  Aleckna did not send with her letter any of her bankruptcy documents.  (TT Aleckna Exhibit 2.)

In response to Aleckna's July 11, 2012 letter, on July 18, 2012, at approximately 1:51 p.m. EDT, California Coast sent an email to Aleckna requesting a copy of her "discharge papers as well as a copy of an official document showing California Coast University listed as a debt

and has been discharged." (TT Aleckna Exhibit 3.) The email does not request any payment from Aleckna. (TT Aleckna Exhibit 3.)

Less than two hours later, on July 18, 2012, at approximately 3:12 PM EDT, legal counsel for Aleckna. Attorney Sabatini sent a letter by email to California Coast providing a copy of Aleckna's bankruptcy petition and schedules and requesting release of the transcripts. (TT Aleckna Exhibit 4.) Aleckna's legal counsel made no request for a diploma or for Aleckna to graduate in his letter. (TT Aleckna Exhibit 4.)

On or about July 27, 2012, California Coast mailed to Aleckna three copies of her official transcripts and she received them. (TT 59-60, Aleckna Exhibit 5.) The official transcripts did not list any date for Aleckna's graduation since she had not yet graduated and had not previously requested to be graduated. (TT Aleckna Exhibit 5.)

On August 7, 2012, Aleckna telephoned California Coast and asked why a graduation date was missing from her transcript. She testified that she was told that she "did not technically graduate" because of the financial hold on her account from years before. (TT 142.) On August 13, 2012, Aleckna's legal counsel received and reviewed an e-mail from Aleckna regarding her transcript not showing any graduation date. (TT 167-169.) Aleckna's legal counsel left a detailed message for Aleckna and asked Aleckna if the graduation date was actually necessary. (TT 167-169, Adv. Dkt. No. 97-1, Exhibit A at 3.) At the trial Aleckna was asked if she had contacted California Coast after August 13, 2012, regarding the graduation date issue. Aleckna testified ***"probably not"*** and "I am not positive" in response to the question. (TT 167-169.)

## C.    Pertinent Procedural History

On September 7, 2012, Aleckna filed a counterclaim against California Coast. The counterclaim contained a count for violation of the automatic stay and two counts for attorney's

fees. (Adv. Dkt. No. 3 at 3-6.) The counterclaim sought compensatory documents, punitive damages, costs and contempt of court. (Adv. Dkt. No. 3 at 5.) It consisted of 30 paragraphs. The counterclaim makes no reference to any fact or issue pertaining to graduation, a diploma or a transcript not listing any graduation notation including any graduation date. ((Adv. Dkt. No. 3 at 3-6.)

On November 4, 2012, Aleckna filed a motion to enforce an alleged settlement agreement for the payment of $10,000 entered into by the literally brand new attorney Moon. (Adv. Dkt. No. 10.) The alleged settlement did not include any provision or mention for Aleckna to be graduated, provided a diploma, or have her transcript changed to show she had graduated. ((Adv. Dkt. No. 10.) Aleckna also sought her attorney's fees. (Adv. Dkt. No. 10 at 3, Proposed Order.) Aleckna actually propounded discovery and requested fees for efforts to take the deposition of attorney Moon. This is just one of many examples of excessive litigation tactics. California Coast opposed the motion. (Adv. Dkt. No. 26.)

On April 11, 2013, the Court denied Aleckna's motion to enforce the alleged settlement agreement for only money and ruled that Aleckna "shall not be entitled to payment of attorney's fees" by California Coast. (Adv. Dkt. No. 61.) **[The Court should note that these fees are now sought by Aleckna even though the Court had already denied the request.]**

On April 12, 2013, Aleckna filed essentially the same counterclaim filed on September 7, 2012, with essentially the same 30 paragraphs asserting the same counts, but this time just one for attorney's fees. (Adv. Dkt. No. 62 at 4-7.) Once again, Aleckna's counterclaim makes no reference to the issue of graduation, a diploma, or her transcript not listing a graduation date. (Adv. Dkt. No. 62 at 4-7.) California Coast filed its answer to the counterclaim. (Adv. Dkt. No. 73.)

10

On December 13, 2013, California Coast filed a motion for summary judgment on Aleckna's counterclaim after the close of discovery. (Adv. Dkt. No. 83.) California Coast's discovery was limited and was only one 1.25 hour deposition of Aleckna, 25 interrogatories and 10 requests for documents. (Decl. of Shiels, ¶ 13.) The motion for summary judgment did not address any issue pertaining to graduation, a diploma or Aleckna's transcript not including a graduation date since this was not understood to be part of Aleckna's counterclaim. (Adv. Dkt. No. 83.)

On January 6, 2014, Aleckna filed her opposition to the motion for summary judgment and for the first time raised an issue pertaining to her graduation, a diploma or her transcript not including a graduation date. (Adv. Dkt. No. 96.) On page six of her opposition Aleckna stated, "In addition, Coast refused to award Aleckna with a degree because of the outstanding balance on her account." (Adv. Dkt. No. 96 at 6 of 12.) Prior to this date, Aleckna had not even mentioned the issue of her graduation in her responses to discovery or her deposition. (Adv. Dkt. No. 106 at 4-8; Sheils Decl., ¶ 13.)

On February 5, 2014, Aleckna filed a motion to amend her counterclaim to include the issue of her transcript not including a graduation date. (Adv. Dkt. No. 99.) California Coast opposed the motion to amend. (Adv. Dkt. No. 106.) The Bankruptcy Court granted the motion to amend and dismissed California Coast's pending motion for summary judgment. (Adv. Dkt. Nos. 108-109.)

On April 10, 2014, Aleckna filed her amended counterclaim, which included allegations for the first time that the transcript provided to Aleckna did not indicate that she had graduated and that she had not been awarded a degree. (Adv. Dkt. No. 106 at 4-8.)

11

**III.     THE COURT SHOULD ONLY AWARD NECESSARY AND REASONABLE**

**ATTORNEY'S FEES.**

California Coast's prior brief on fees in 2016 (Exhibit 1) is supplemented by the

following.

The court in *In re Manley Toys, Ltd.*, 2018 Bankr. LEXIS 1899 (D. N.J. June 21, 2018),

set forth the necessary and reasonableness standard for determining attorney's fees in a violation

of the automatic stay case:

> "Section 362(k)(1) does not specify any standard a court is to employ
> when awarding attorney fees, but it does state that, the attorney fees must
> be reasonable. *Miller*, 447 B.R. at 434; *In re Harris*, 374 B.R. 611, 617
> (Bankr. N.D. Ohio 2007). When determining the reasonableness of fees,
> courts have looked to other provisions of the Bankruptcy Code, primarily
> section 330, which provides for "***reasonable compensation for actual,***
> ***necessary services.***" *In re Roman*, 283 B.R. 1, 11 (9th Cir. 2002)
> (quoting § 330(a)(1)(A)); see also *Russell*, 441 B.R. at 863 (courts can
> and do look to section 330 in determining the reasonableness of fees
> under section 362(k)); *United States v. Price*, 176 B.R. 807, 808 (N.D. Ill.
> 1993), aff'd 42 F.3d 1068 (7th Cir. 1994); *Sucre v. MIC Leasing Corp. (In*
> *re Sucre)*, 226 B.R. 340, 351 (Bankr. S.D.N.Y. 1998); *In re Price*, 179
> B.R. 70, 71 n. 2 (Bankr. S.D. Ohio 1995).

> "Additionally, ***section 330 states that "[The court should not allow***
> ***compensation for (i) unnecessary duplication of services*** . . . ."
> *DeMarco*, 2016 Bankr. LEXIS 461, 2016 WL 899915, at *1 (quoting 11
> U.S.C. § 330(a)(4)(A)) (emphasis added). When multiple professionals
> are working on the same matter, or bill for the attendance at the same
> proceeding, the court must be mindful of the necessity of each person.
> *Id.* at *2-3 (citing *In re Armstrong World Indus., Inc.*, 366 B.R. 278, 282
> (D. Del. 2007) (firm failed to establish necessity of attendance by two of
> its five professionals)); *see also In re Jefsaba, Inc.*, 172 B.R. 786, 800
> (Bankr. E.D. Pa. 1994) (disallowing fees related to attorney performing
> work duplicative of others and allowing fees for attorney attending
> hearing only when he was handling a matter). ***The applicant bears the***
> ***burden of proving that the fees and expenses sought are reasonable and***
> ***necessary.*** *Zolfo Cooper*, 50 F.3d at 261.

> "***Moreover, the attorney fees should bear a reasonable relationship to***
> ***the amount in controversy.*** *Russell*, 441 B.R. at 863 (citing *Mitchell v.*
> *BankIllinois*, 316 B.R. 891 (S.D. Tex. 2004)). "***In this way, significant***

12

> *awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees*." *Id.* (citing *In re Risner*, 317 B.R. 830, 840 (Bankr. D. Idaho 2004)).
>
> "Finally, the Court should only award fees under section 362(k) that are reasonably incurred and *use "discretion to eliminate unnecessary or plainly excessive fees."* *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015) (citing *In re Dawson*, 390 F.3d 1139, 1152 (9th Cir. 2004)). *Even where evidence supports a particular number of hours worked, the bankruptcy court may give credit for fewer hours, for purpose of making lodestar fee award, if time claimed is excessive, redundant, or otherwise unnecessary. Dawson*, 390 F.3d at 1152 (citing *Cunningham v. County of L.A.*, 879 F.2d 481, 484 (9th Cir. 1988)) (citing *Hensley*, 461 U.S. at 433-34). Sound exercise of this discretion is crucial to provide a sufficient check on any abuses. *Schwartz-Tallard*, 803 F.3d at 1101." [Emphasis added.]

Aleckna's fee request fails to demonstrate how virtually most of the claimed fees were necessary. The fees claimed prior to the filing of the amended complaint, the first 17 months of this action, had nothing to do with the issue of a graduation transcript and should be entirely excluded. Once Aleckna amended her claim to seek a graduation date, most of her time was spent unsuccessfully seeking damages for emotional distress, sanctions and punitive damages. Had Aleckna done nothing, she would have received her graduation date and diploma once her student debt was discharged on or about April 18, 2016, a few months after the judgment in this action. This is relevant for determining what was necessary since there was no evidence that Aleckna has had any need for a graduation date or diploma. All of the time spent by Aleckna was not necessary. Aleckna has the burden of proof on this issue and has failed to establish that her fees were necessary let alone reasonable.

Aleckna's focus was on creating attorney's fees without consideration of the actual bona fide amount of damages at issue and her need for a graduation transcript prior to her discharge. Her attorney fees *"should bear a reasonable relationship to the amount in controversy."* With all due respect, her fees requested have no reasonable relationship to her monetary award of

13

$230.16 and order of having a graduation date inserted in her transcript. She had no need for a graduation date before the discharge of her debt as found by Judge Opel. (Adv. Dkt. No. 152 at 12-13.) The only damages Aleckna had in this case is her claimed excessive attorney's fees. This is a classic example of why courts note that, "***In this way, significant awards of attorney fees are rarely appropriate where the debtor has no other damages besides the attorney fees.***" (*In re Manley Toys, Ltd.*) All of Aleckna's claimed time and mostly unsuccessful actions were all about fees and not about being reasonable as to only incurring necessary fees.

Going back to the beginning of the case, when Aleckna claimed a settlement was reached for $10,000, it was only about money and nothing about graduation transcripts. Aleckna at that time unsuccessfully sought attorney's fees and her request was denied. The course of conduct thereafter was all about generating attorney's fees. Similarly, the issue of a graduation date was never mentioned in discovery or in any pleading until a motion for summary judgment was about to be granted. The entire first 17 months of this case was only about whether it was reasonable for California Coast to have taken 16 days to send Aleckna her transcript once she sent in the required request for transcript form. That was the entire case, which is why California Coast had sought summary judgment.

As previously briefed in 2016 by California Coast (Exhibit 1), the time sought by Aleckna in her first fee application was riddled with time that was duplicative, excessive and unnecessary, particularly when she was largely unsuccessful, but for obtaining the unneeded graduation transcript.

Aleckna still has not provided any basis for why all of her claimed attorney's fees were necessary let alone reasonable. She should not be permitted to try to do so for the first time in her reply papers. She has had since January 2016 to do so and at this time she should be deemed

to have failed to meet her burden of proof on establishing her attorney's fees were necessary and reasonable.

The court in *In re Manley Toys, Ltd*. also set forth a lengthy study of fee awards in egregious automatic stay sanction case. The court noted that, ***"The vast majority of sanctions related to violations of the stay result in fee awards of under $10,000,"*** citing to a lengthy list of specific examples. The court further noted that, ***"Even in cases where courts have noted either the complexity of a particular issue involved or the opposing party's recalcitrance, the hours expended rarely exceed 60 — 70 hours and the total fees rarely exceed a range of $20,000 to $30,000*** (citing to another lengthy list of specific cases. Based on the detailed survey of fee award cases, the court concluded that, ***"These cases show that the vast majority of motions pursuant to 362(k) result in moderate awards of attorneys' fees, and that even cases involving complicated legal issues or recalcitrant parties rarely require more than 50 hours to be resolved."*** The court also addressed cases where there was in fact an actual "scorched earth policy" noting that fees need to be necessary and reasonable and courts frequently drastically reduce large fee requests.

This Court has a duty to prevent abuses. It has the discretion to reduce fees that are excessive or duplicative. (*See In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015); *In re Dawson*, 390 F.3d 1139, 1152 (9th Cir. 2004).)

In *Elaine v. Credit Control LLC*, 2018 U.S. Dist. LEXIS 59636 (E.D. Pa. April 9, 2018), a case involving attorneys Sabatini and Freeman, the court stated what a court is to do in determining necessary and reasonable attorney's fees. "When considering a request for attorney's fees, a district court must 'decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those hours that are excessive,

15

redundant, or otherwise unnecessary.'  In response to the specific objections made by a party

opposing the award of fees and costs, a court must conduct a 'thorough and searching analysis' to

identify charges that should be excluded."  In addition, time that could not be billed to a client

may not be imposed on an adversary, thus foreclosing recovery for clerical or administrative

tasks."

The court in *In re Miller*, 447 B.R. 425, 435 (E.D. Pa. 2011) discussed in depth the

concern bankruptcy courts should have when considering fee requests where there was a lack of

damages:

> "For Debtors to recover attorneys' fees, however, such fees must be
> reasonable and necessary. I agree with and adopt the analysis on this issue
> set forth in *Prusan*, which I will quote at some length:
>
> > "Moreover, this Court cannot award the reimbursement of
> > attorneys' fees and costs under these circumstances.  While
> > attorneys' fees and costs are recoverable under §362(k), the fees
> > and costs must be reasonable and necessary.  *In re Robinson*, 228
> > B.R. 75, 85 (Bankr. E.D.N.Y. 1998). "The policy of section
> > 362[k],  to discourage willful violations of the automatic stay, is
> > tempered by a reasonableness standard born of courts' reluctance to
> > foster a 'cottage industry' built around satellite fee litigation." *Id.*
> > (citing *Putnam v. Rymes Heating Oils, Inc. (In re Putnam)*, 167
> > B.R. 737, 741 (Bankr. D.N.H. 1994)).  It is well established that
> > "[r]easonable and necessary fees do not include unnecessary
> > litigation costs." Id.; *See also Yarinsky v. Saratoga Springs Plastic
> > Surgery, PC (In re Saratoga Springs Plastic Surgery, PC)*, No.
> > 1:03CV896, 2005 U.S. Dist. LEXIS 2046, 2005 WL 357207, at
> > *54 (N.D.N.Y. February 11, 2005), aff'd, 172 Fed. Appx. 339 (2d
> > Cir. 2006) ("[A]n 'excessively litigious approach' to violations of
> > the automatic stay that do not cause damages in an[d] of
> > themselves must be guarded against.").
>
> *"Prusan*, 2010 Bankr. LEXIS 699, 2010 WL 813778 at *3 (footnotes omitted).
> *See also In re Beebe*, 435 B.R. 95, 101-02 (Bankr. N.D.N.Y. 2010)."

These concerns are on point for this case.  With all due respect to Aleckna, her claims of

emotional distress and other damages were found to not have any basis since she did not

16

establish why she needed a graduation transcript or diploma. The party seeking attorney's fees also has an obligation to mitigate its damages. *See In re Preston*, 333 B.R. 346, 350-351 (Bankr. M.D. N.C. 2005); *Shadduck v. Rodolakis*, 221 B.R. 573, 585 (D. Mass. 1998); *In re Martinez*, 281 B.R. 883, 886 (Bankr. W.D. Tex. 2002); *In re Sammon*, 253 B.R. 672, 681-82 (Bankr. D.S.C. 2000); *In re Craine*, 206 B.R. 594, 206 B.R. 595, 597-98 (Bankr. M.D. Fla. 1997); *In re Brock Utils. & Grading*, 185 B.R. 719, 720-21 (Bankr. E.D.N.C. 1995). Here that did not occur. This case was all about attorney's fees. Accordingly, the determination of any fee award should be limited only to truly necessary and reasonable fees for her efforts to obtain a graduation transcript.

Between September 28, 2015 to October 9, 2015, Counsel for Aleckna requests $37,174.50 for legal work with numerous "make work" time entries including but not limited to a recent law school graduate without a law license, billing at $300.00 per an hour. This person is listed as LG for Leonard Gryskewicz, Jr. LG's "make work" projects included (1) 9/28/2015-Research on FRE 803(17) for 3.6 hours, (2) 9/28/2015-Complied exhibits for trial 2.3 hours, (3) 9/30/2015-Draft stipulation of facts and outlined support for each paragraph 1.9 hours, (4) 9/30/2015-Research on effectiveness of oral notice of automatic stay for 6.1 hours, (5) 10/2/2015-Research on admissibility of transcript sent to client to Client from Coast for 3.6 hours, (6) 10/5/2015-Research emotional distress for 6.3 hours, (7) 10/8/2014-Compare statement of undisputed facts in both parties' pre-trial memos to ensure the statements are the same for 2 hours, (8) Review record to find support for our direct and cross examinations for 1.9 hours, (9) Research when a technical violation of the automatic stay becomes a willful violation for .9, (10) redacted deposition for 1.3 hours, and (11) Shepardize cases for .6 hours and research

17

Defendant's conduct during the course of litigation as a relevant factor for punitive damages for 2.0 hours. LG spent more than 30 hours on these tasks at $300.00 per an hour as a law clerk.

## IV.   ALECKNA HAS NOT MET THE BURDEN OF ESTABLISHING THE REASONABLENESS OF HER ATTORNEY'S PROPOSED HOURLY RATES.

California Coast's prior brief addresses what should be a reasonable hourly rate for Aleckna's counsel.  (Exhibit 1.)

In another case involving attorneys Sabatini and Freeman, *Lukawski v. Client Servs.*, 2013 U.S. Dist. LEXIS 166823 (M.D. Pa. November 22, 2013), the court noted that in 2013 Sabatini sought a rate of $315 per hour and Freeman sought $225 an hour.  While this may sound like a long time ago, it is actually directly relevant since the first fee application seeks fees for the period of August 13, 2012 to January 25, 2016.  The court stated, "we find that our own assessment of fee award hourly rates approved by the courts in this district suggests that an attorney of plaintiff counsel's background, and experience in this particular legal marketplace typically commands a fee rate of between $200 and $300." ***The court then set Sabatini's hourly rate at $300 and Freeman's at $200, and $75 for support staff.***

Here the rates for Sabatini should not be more than $300 per hour and for Freeman $200. Back in 2016, Aleckna argued that these hourly rates should be $375 and $275, respectively. Aleckna is the party that asked this Court to stay and postpone the determination of necessary and reasonable fees for seeking graduation transcripts.  Aleckna now claims in 2023, that the hourly rates should be $415 and $350 respectively, which is a substantial increase over what was back in 2016 already higher rates than what was being approved and charged by the same lawyers in other cases.  Aleckna should not be able to benefit from her own acts creating years of delay by her seeking a stay as well as waiting years to make a fee application.

18

## V.    ALECKNA HAS NOT MET THE BURDEN OF ESTABLISHING THE
##            REASONABLENESS OF HER CLAIMED HOURS.

As discussed above, the issue of graduation transcripts did not exist during the first 17

months of this adversary proceeding.  Accordingly, none of that time had anything to do with the

trial and resulting judgment in this action.  This period also includes time for an unsuccessful

motion to enforce a purported settlement, for which Judge Opel already denied Aleckna's fees

requested at that time.  The prior denied time included discovery on the unsuccessful motion to

enforce a settlement including time and costs for trying to take depositions of the brand new

attorney Moon.  The time is still being sought today even though previously denied by the Court.

The next phase of the adversary proceeding was from the amended claim through the

time period in the first statement of fees filed by Aleckna in January 2016.  ***That phase had 63.3***

***hours by Sabatini and 101.30 hours by Freeman.***  Clearly, a lot of that time was unsuccessful,

such as the time spent on seeking damages for emotional distress, punitive damages and

sanctions.  As discussed above most of the time was not necessary or reasonable.  Legal briefs

should have been all that was needed for the Court to determine the issue of whether California

Coast had to affirmatively add a graduation date to Aleckna's transcript prior to the discharge of

her student debt.

Based on the above points, the maximum amount of possible fees should be the 164.6

hours claimed on the amended claim in the first fee statement.  Even at the hourly rates claimed

by Aleckna in her 2016 fee statement the maximum amounts as then requested would be (101.3

Freeman hours at $275 hour and 63.3 Sabatini hours at $375 hour) $51,595 without any

reductions.  If the total requested hours were calculated at hourly rates of $200 for Freeman and

$300 for Sabatini the total would be $39,250.  With respect to the first fee statement, it is

19

respectfully submitted that at most any fee award should be no more than $20,000, which is generous for what services were actually necessary and what would be reasonable.

## VI. ALECKNA IS NOT ENTITLED TO ANY FEES FOR THE TWO APPEALS.

Aleckna's counsel for the first time now seeks attorney's fees for the two different appeal proceedings, one in the district court and the second in the Third Circuit. In a pattern seen in this adversary proceeding, Aleckna's counsel does not offer even a sentence of any basis for why there would be an entitlement to attorney's fees on appeal or explanation for why the request was not made years ago. This is Aleckna's burden of proof. This appears to be an intentional strategy of waiting to make any explanation until after an opposition is filed so that the reply cannot be responded to by the other party. The moving party must state the basis for the entitlement of fees on appeal and establish they were necessary and reasonable so that due process permits the opposition to address any fee request. This alone is sufficient basis to deny the request for fees on appeal.

### A. The Request For Appeal Fees Is Untimely And Barred.

Aleckna seeks fees for the appeal to the district court, which resulted in a final order and judgment on August 28, 2019, more than four years ago. (Case 3:26-CV-00158-RDM U.S.D.C. M.D.P.A. Document No. 33). The district court judgment was then appealed. The judgment from the Third Circuit was entered on October 26, 2021, almost two years ago. The request for appeal fees was only filed for the first time on September 15, 2023. This is untimely by years.

#### 1. The Appeal from the District Court Judgment to the Third Circuit.

The Third Circuit requires that any request for fees be made by application to the Third Circuit within 30 days after entry of the Third Circuit's judgment. Courts deny fee applications that do not comply with the time frame mandated by the Third Circuit.

The Third Circuit has adopted Local Appellate Rules (L.A.R.) as supplementary to the

Federal Rules of Appellate Procedure (FRAP) and its L.A.R. apply to procedure in the Third

Circuit.  L.A.R. MISC. 108.0 APPLICATIONS FOR ATTORNEY'S FEES AND EXPENSES

sets forth the mandatory requirements for requests for fees for an appeal in the Third Circuit.

L.A.R 108.1 provides in pertinent part as follows:

> "108.1 Application for Fees
> "(a) Except as otherwise provided by statute, all applications for an award
> of attorney's fees and other expenses relating to a case filed in this court,
> regardless of the source of authority for assessment, ***must be filed within
> 30 days after the entry of this court's judgment, unless a timely petition
> for panel rehearing or rehearing en banc has been filed, in which case a
> request for attorney's fees must be filed within 14 days after the court's
> disposition of such petition.***  Such application must be filed with the clerk
> in the time set forth above whether or not the parties seek further action in
> the case or further review from any court.
>
> "(b) The court will strictly adhere to the time set forth above and grant
> exceptions only in extraordinary circumstances.
>
> "(c) The application must include a short statement of the authority
> pursuant to which the party seeks the award. The application must also
> show the nature and extent of services rendered and the amount sought,
> including an itemized statement in affidavit form from the attorney stating
> the actual time expended and the rate at which fees are computed, together
> with a statement of expenses for which reimbursement is sought."
> [Emphasis added.]

L.A.R. 108.2 provides:

> "108.2 Objections to Applications for Fees
> "Written objections to an allowance of attorney's fees, setting forth
> specifically the basis for objection, must be filed within 10 days after
> service of the application.  ***Thereafter, the court may, when appropriate,
> either refer the application to the district court or agency where the case
> originated or refer the application to a master.***"  [Emphasis added.]

Courts in the Third Circuit deny requests for appeal fees not made to the Third Circuit

within the required time frame.  For example, in *Dring v. Ariel Land Owners, Inc.*, 2020 U.S.

Dist. LEXIS 263602, *17-18 (M.D. Pa. 2020), the court denied a fee request not timely made to

the Third Circuit:

> "Next we turn to Plaintiffs' objection to a fee award for time spent
> litigating the Third Circuit appeal in this matter on the basis that such fees
> can only be pursued by application filed with the Third Circuit's clerk.
> (See Doc. 108 at 11-12); see also L.A.R. Misc. 108 (discussing
> applications for attorneys' fees in Third Circuit). Third Circuit
> Miscellaneous Local Rule 108 states that "[e]xcept as otherwise provided,
> all applications for an award of attorneys's fees and other expenses relating
> to a case filed in this court . . . must be filed within 30 days after the entry
> of this court's judgment." L.A.R Misc. 108. District courts have
> interpreted this rule to mean that, upon appropriate objection by the party
> opposing the fee application, a district court cannot grant costs incurred on
> an appeal unless explicitly authorized by statute or otherwise authorized
> by the Third Circuit Court of Appeals on remand. *Wall v. Altium Group,
> LLC*, 2019 U.S. Dist. LEXIS 116486, 2019 WL 3068606, at *7-8 (W.D.
> Pa. 2019); see also *Jurinko v. Medical Protective Co.*, 2009 U.S. Dist.
> LEXIS 66324, 2009 WL 2342641, at *3-6 (E.D. Pa. 2009) (denying
> request for fees incurred on appeal upon objection, based on L.A.R. Misc.
> 108, by opposing party). ***As such, we shall not award fees for the time
> Defendant spent litigating the Third Circuit Appeal.***" [Emphasis added.]

The court in *Wall v. Altium Grp.*, LLC, 2019 U.S. Dist. LEXIS 116486, *18 (W.D. Pa.

2019) described the mandatory procedure for appeal fees in the Third Circuit when it denied a

request for fees not first timely made to the Third Circuit:

> "We disagree with Altium and are not persuaded by its argument to ignore
> L.A.R. 108.1 requiring "all applications for an award of attorney's fees and
> other expenses relating to a case filed in this court ... must be filed within
> 30 days after the entry of this court's judgment ..." and "must be filed...
> whether or not the parties seek further action in the case or further review
> from any court." After filing an application for attorney's fees and costs
> with the court of appeals, L.A.R. 108.2 provides the court of appeals
> "may, when appropriate, either refer the application to the district court or
> agency where the case originated or refer the application to a master."
>
> * * *
>
> "Altium chose to not apply for its attorney's fees and costs for appellate
> work to our Court of Appeals as required by L.A.R. 108.1 or file a motion
> there to extend the time within which to file its application there. It could
> have done so. We cannot find a basis to excuse its choice not to comply

22

with L.A.R. 108.1 either in the language of the rule itself or in the case law."

Also see *Freeman v. Dir. of the N.J. Div. of Alcoholic Bev. Control*, 538 Fed. Appx. 204, 207-208) (3d Cir. 2013) (a request for appellate attorney's fees and costs was properly made by motion supported by an affidavit to the same panel that heard the appeal). *Avaya Inc. v. Telecom Labs, Inc.*, 2016 U.S. Dist. LEXIS 194346 *48 (D. N. J. 2016) ("The Third Circuit's procedure under 3d Cir. LAR 108.1 provides that fees incurred with respect to a successful appeal requires that a motion be made to the same panel who heard the appeal."

Aleckna's first request for appeal fees was made almost two years after the October 26, 2021 judgment of the Third Circuit. (Adv. Dkt. No. 211.)  This Court must deny Aleckna's fee request not made pursuant to the requirements of the Third Circuit. This Court also has no mandate from the Third Circuit to determine such fees.

### 2.      The District Court Judgment.

The district court entered its judgment on August 28, 2019.  The district court judgment was a judgment appealable to the Third Circuit and subject to stay rules similar to that of other district court judgments.  For example, FRBP Rule 8025 provides in part, "(b) Stay Pending Appeal to the Court of Appeals.  (1) In General. On a party's motion and notice to all other parties to the appeal, the district court or BAP may stay its judgment pending an appeal to the court of appeals."

FRBP 7054 provides the same FRCP Rule 54 attorney's fee procedure to bankruptcy adversary proceedings:

> "2) Attorney's Fees.

> "(A) Rule 54(d)(2)(A)–(C) and (E) F.R.Civ.P. applies in adversary proceedings except for the reference in Rule 54(d)(2)(C) to Rule 78."

FRCP Rule 54 provides the mandatory time for making a motion for attorney's fees following a judgment by a district court. Rule 54(d)(2) unequivocally provides no more than 14 days after entry of judgment for a party to request attorney's fees from the court:

"(2) Attorney's Fees.

"(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

"(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, *the motion must:*

> *"(i) be filed no later than 14 days after the entry of judgment;*
> *"(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;*
> *"(iii) state the amount sought or provide a fair estimate of it*; and

"(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." [Emphasis added.]

An untimely motion for attorney's fees following a district court judgment must be denied. The court in *Templin v. Independence Blue Cross*, 487 Fed. Appx. 6, 13 (3d Cir. 2012) denied a fee motion made 31 days after entry of the district court judgment and stated:

"The District Court granted the IBC defendants' motion to strike the plaintiff's request for attorneys' fees on the basis that it was untimely. Final judgment was entered on May 13, 2011, and the plaintiffs filed their motion a month later, on June 13, 2011. Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure requires a motion for attorneys' fees to be filed "no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise. Rule 6(b) excuses noncompliance only when a party requests an extension of time before the original deadline or upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1).

"There is no dispute that the plaintiffs filed their motion well past the 14-day filing deadline set by Rule 54(d)(2) and that they did not request an extension of time. The plaintiffs ask this Court to excuse their failure to abide by the rule because, they say, their mistake did not prejudice the defendants. Whether or not an untimely motion for attorneys' fees prejudices the opposing party is beside the point, for Rule 54(d)(2), read in conjunction with Rule 6(b)(1), permits an award of fees on an untimely

24

motion only after a finding of excusable neglect. *See Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010). The plaintiffs do not maintain that their noncompliance with the rule was caused by excusable neglect, so we will affirm the District Court's conclusion that their motion for attorneys' fees was untimely. *See Bender v. Freed*, 436 F.3d 747, 750 (7th Cir. 2006) (affirming denial of ERISA attorneys' fees as untimely when the moving party had no good reason for missing Rule 54(d)(2)'s deadline)."

Aleckna's request for fees is more than four years after the entry of the district court judgment. Aleckna has not made a motion for relief from Rule 54. But there would not be any basis to provide such relief under the requirements of establishing excusable neglect. The court in *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010) reversed a district court for not following the mandatory requirements and procedure for a party to establish excusable neglect for filing an untimely motion:

> ". . . a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion. *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Under *Pioneer*, the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; see also *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 n.7 (3d Cir. 1999) (holding that *Pioneer* factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure). We do not evaluate the District Court's purported finding of excusable neglect because, notwithstanding Gototweski's averment otherwise, the record is devoid of evidence suggesting that such a finding was made."

While Aleckna has not made the required motion for excusable neglect after more than four years, it would not matter. A miscalculation of time or mistake of law does not permit a court to find excusable neglect. For example, a plaintiffs' motion for fees and costs was untimely under Fed. R. Civ. P. 54(d)(2) because the amended final judgment constituted "judgment," thus triggering running of new 14-day period for plaintiffs to file second or renewed

25

motion for fees. The plaintiffs' excusable neglect arguments under Fed. R. Civ. P. 6(b) were properly denied, because, inter alia, mistakes in construing rules did not constitute excusable neglect. *Geick v. American Honda Motor Co.*, 117 F.R.D. 123 (C.D. Ill. 1987). Similarly, a claimed basis of misunderstanding the law for the filing of a late objection to costs taxed could not constitute excusable neglect. *Corwin v. Walt Disney World Co.*, 475 F.3d 1239 (11th Cir. 2007). Also, a defense counsel's failure to understand the plain language of the Federal Rules of Civil Procedure does not constitute excusable neglect. *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 163 F.R.D. 196 (S.D.N.Y. 1995).

In this case there could not be any claim of excusable neglect by Aleckna's counsel since the trial transcript actually shows that Aleckna's counsel understood the 14 day time limit of Rule 54(d)(2). During the trial in this action, Aleckna's counsel specifically referred to the 14 day rule in Rule 54 and referred to FBRP 7054, "***But [54](d)(2)(B), . . ., requires for fees to be filed no later than 14 days after entry of judgment.***" (TT 158:9-24, Doc. 148.)

Aleckna's request for attorney's fees for the proceedings in the district court must be denied since they are untimely by more than four years.

**B.     The Mandates Of The District Court And Third Circuit Did Not Provide For The Determination Of Attorney's Fees For The District Court Or Third Circuit Proceedings.**

This Court is required to follow the specific mandates from the district court and Third Circuit. Neither mandate directs this Court to determine or award attorney's fees for the proceedings in the district court or Third Circuit. Aleckna did not ask either court to add to the mandates an award of attorney's fees for proceedings in the district court or Third Circuit.

26

Aleckna also did not appeal from the district court judgment on the basis that the mandate did not award her attorney's fees for the district court proceedings.

The district court mandate is clear:

> "In accordance with the Judgment of the Bankruptcy Court, this case is **REMANDED** for determination of attorneys' fees and costs incurred by Jaime Sue Aleckna in seeking to obtain graduation transcripts and for legal representation in the adversary proceeding" [Emphasis in original.] Doc. 194.

The remand only directs this Court to determine attorney's fees for the proceedings in this Court and not in the appeal to the district court. It is also undisputed that prior to the appeal to the district court that California Coast provided Aleckna with a graduation transcript as well as a diploma and this fact is noted in the appellate decisions. Aleckna did not ask the district court or the Third Circuit to award her fees for either appeal. The judgment of the Third Circuit similarly did not contain any such remand and affirmed the judgment of the district court.

Courts awarding fees for an appeal proceeding will state in the mandate to the lower court any determinations to be done. For example, in *Brinker v. Guiffrida*, 798 F.2d 661, 668-669 (3d Cir. 1986) the court's mandate included the following clear language:

> "The plaintiff has also requested permission to submit a petition for attorney's fees incurred on this appeal. . . . ¶ Ordinarily the petitions for appellate work are handled routinely in this court. However, since we are returning this case to the district court, we feel it would be more efficient for the district court to handle the appellate fee petition as well. . . . ¶ The judgment appealed from will be reversed and the case remanded to the district court for determination of a reasonable attorney's fee, based on the present record, for representation before the district court. ***In addition the plaintiff shall have 30 days to submit to the district court a petition for attorney's fees incurred on this appeal to be reviewed by the district court in accordance with normal procedures.*** [Emphasis added.]

Similarly, in *DMS Contr., Inc. v. Peabody Energy Corp. (In re Peabody Energy Corp.)*, 612 B.R. 916 (E.D. Mo. 2020), the remand provided:

"This adversary proceeding is REMANDED to the bankruptcy court for a determination of the amount of costs and attorney fees. ***Geier Enterprises is awarded its reasonable costs and attorney fees on appeal.***" [Emphasis added.]

The remand in *Heupel v. Nielsen (In re Nielsen)*, 2017 U.S. Dist. LEXIS 799 (D. Colo.

January 4, 2017):

"Accordingly, I AFFIRM the bankruptcy judge's decision. . . . ***I REMAND the case to the bankruptcy court for the limited purpose of awarding the debtors the reasonable attorneys' fees and costs incurred in defending this appeal under § 362(k).***" [Emphasis added.]

The remand in *In re Neidig Corp*., 113 B.R. 696 (D. Colo. 1990):

"IT IS ORDERED that the bankruptcy court's ruling in this case is affirmed. The appeal is frivolous. ***The appellees shall have their costs on appeal, including attorney fees.*** This case is remanded to the bankruptcy court for a determination of those costs and fees. Such determination shall include consideration of whether and to what extent such costs and fees should be born by the debtor or its counsel. [Emphasis added.]

The law is crystal clear for more than 100 years that the mandate of a court is to be literally read and applied. While Aleckna may argue in her reply that the district court decision implies her receiving fees for the district court proceeding, it is not provided for in the mandate. The mandate is what the lower court must narrowly follow.

The court in *EEOC v. Kronos Inc.*, 694 F.3d 351 (3d Cir. 2012), addressed the requirement that the lower court comply with a mandate and not venture beyond its authority:

"As we recently explained in *United States v. Kennedy*, 682 F.3d 244 (3d Cir. 2012), the requirement that a district court comply in full with our mandate has several important purposes:

"It preserves the proper allocation of authority within the tiered federal court structure set up by Congress and the Constitution. It promotes predictability and finality by notifying parties of the matters that remain open on remand and committing the rest to final resolution. And it safeguards stability in the administration of justice, for the orderly

28

functioning of the judiciary would no doubt crumble if trial judges were free to disregard appellate rulings. *See Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511-12 (11th Cir. 1987) ('Post mandate maneuvering in the district courts would undermine the authority of appellate courts and create a great deal of uncertainty in the judicial process.'); *cf. Hutto v. Davis*, 454 U.S. 370, 375, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) ('[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.'). *Id.* at 253 (some citations omitted). We must therefore 'examine whether the District Court adhered to the mandate in our first opinion or whether it ventured beyond its authority.' *Id.*"

The court in *Han Tak Lee v. Cameron*, 2015 U.S. Dist. LEXIS 173683 (M.D. Pa. October

13, 2015) explained its limited authority in complying with a mandate:

"The instant motion, and response, call upon us to consider some fundamental tenets of our legal system, the doctrine of stare decisis, the concept of law of the case, and the necessity of paying fidelity to the decisions of a superior court. As the United States Court of Appeals for the Third Circuit has aptly observed:

"From the earliest days of the republic, and continuing through today, the Supreme Court has "consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pa. R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) (citing *Ex parte Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 9 L.Ed. 1167 (1838); *Boyce's Ex'rs v. Grundy*, 34 U.S. (9 Pet.) 275, 9 L.Ed. 127 (1835); *The Santa Maria*, 23 U.S. (10 Wheat.) 431, 6 L.Ed. 359 (1825); *Himely v. Rose*, 9 U.S. 313, 5 Cranch 313, 3 L.Ed. 111 (1809)); see also 28 U.S.C. § 2106; *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895). As the Court explained in *Ex parte Sibbald v. United States*,

"Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. ***They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.*** 37 U.S. at 492. . . . ." [Emphasis added.]

The court in *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511-1512 (11th

Cir. 1987) explained that,

29

"A district court when acting under an appellate court's mandate, 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.' *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S. Ct. 291, 293, 40 L. Ed. 414 (1895); *Sibbald v. United States*, 37 U.S. (12 Pet.) 488, 492, 9 L. Ed. 1167 (1838):

> "***When an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order. A different result would encourage and invite district courts to engage in ad hoc analysis of the propriety of appellate court rulings.*** Post mandate maneuvering in the district courts would undermine the authority of appellate courts and create a great deal of uncertainty in the judicial process. It would also eliminate any hope of finality." [Emphasis added.]

This Court's authority is limited to doing nothing more than carrying out the specific words of the district court mandate. The mandate unequivocally did not include an award of attorney's fees for the district court proceedings or direct this Court to determine such fees. If Aleckna believed that the mandate needed to be changed, she could have asked the district court to change the mandate or file a notice of appeal to the Third Circuit. She did neither of these options to change or challenge the mandate. Aleckna is now asking this Court to vary and exceed the mandate.

## VII. ALECKNA'S SECOND FEE STATEMENT CONSISTS OF HOURS THAT WERE NOT NEEDED OR WERE NOT REASONABLE.

Aleckna seeks fees for her efforts to stay this Court's determination of the amount of attorney's fees pending the appeal to the district court. She then unsuccessfully made a motion for the Court to lift the stay she had asked for based on her view that the appeal process was taking longer than she had anticipated. The Court denied her request to lift the stay she had requested. (Adv. Dkt. Nos. 183, 191.)

The second fee statement is riddled with patently unnecessary and not reasonable claims of time spent. All of her claimed time is long after the stay violation was cured in early 2016 by California Coast adding a graduation date to her transcript and issuing her a diploma.

One example is the extensive time claimed to prepare for the hearing before the district court. Aleckna claims 14.5 hours to prepare for the hearing. (See entries for August 19-20, 2019.)

Another example is the 9.6 hours of time recently claimed to seek discovery after not having done so for the past seven years. This is the recent motion to compel billing statements of California Coast's counsel. Aleckna now claims she spent 9.6 hours on not necessary or reasonable discovery.

Putting down time for this case was rampant. The Third Circuit did not schedule oral argument and instead decided the case on the briefs. Incredibly, Aleckna claims 8.9 hours preparing for an oral argument that was never scheduled. (See entries on December 1-2, 2020.) On December 2, 2020, Aleckna's counsel billed for preparing for oral argument even though on the very same day there is a time entry for receiving notice of submission without oral argument.

Another example is having two lawyers bill for preparing an appellee's appendix (it was already done by the appellant's appendix) and having two lawyers draft the same appellate briefs. The proper course of action would have been for one lawyer to draft the briefs and the second lawyer review and revise the draft.

While there is no entitlement to any appeal fees, it is worth noting that the majority of the pages of the appellate briefs focused on whether *Univ. Med. Ctr. v. Sullivan (In re University Medical Center)*, 973 F.2d 1065, 1088 (3rd Cir. 1982) was overruled by Congress as found in the

bankruptcy court decision in this action.  On this issue, California Coast prevailed since the

Third Circuit held that *Univ. Med. Ctr.* remains good law.

## VIII.   CONCLUSION.

For the foregoing reasons, California Coast respectfully submits that any fee award

should be limited to no more than $20,000.  Aleckna has not met her burden of proof that any

more services were necessary or reasonable.


Dated: October 16, 2023

| | |
|---|---|
| /s/ Jeffery J. Daar | /s/ Robert P. Sheils, III |
| JEFFERY J. DAAR | ROBERT P. SHEILS, III |
| Daar & Newman, PLC | Supreme Court ID: 91108 |
| 16133 Ventura Blvd. | Sheils Law Associates, P.C. |
| Penthouse | 108 North Abington Road |
| Encino, California 91436 | Clarks Summit, PA 18411 |
| (818) 615-0999 | (570) 587-2600 |
| (818) 615-1066- Facsimile | (570) 585-0313 – Facsimile |
| Emial:jdaar@daarnewman.com | Email: rsheilsIII@sheilslaw.com |

ATTORNEYS FOR CALIFORNIA COAST UNIVERSITY

**E X H I B I T** 1

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| STEVEN RICHARD ALECKNA | : | |
| JAIME SUE ALECKNA, | : | CASE NO. 5:12-bk-03367-RNO |
| | : | |
| Debtors | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| CALIFORNIA COAST UNIVERSITY, | : | |
| | : | |
| Counter-Defendant | : | ADV. NO.: 5:12-ap-00247-RNO |
| | : | |
| vs. | : | |
| | : | |
| JAIME SUE ALECKNA, | : | |
| | : | |
| Counter-Plaintiff | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>CALIFORNIA COAST UNIVERSITY'S BRIEF IN SUPPORT OF ITS OBJECTIONS TO JAIME SUE ALECKNA'S STATEMENT OF ATTORNEYS' FEES AND COSTS</u>

California Coast University ("CCU"), by and through his counsel, Sheils Law Associates, P.C., files this Brief in support of its Objections to the Statement of Attorneys' Fees and Costs of Jaime Sue Aleckna ("Ms. Aleckna") contemporaneously with its Objections to Statement of Attorneys' Fees and Costs and its Specific Line Item Objections the Statement of Attorneys' Fees and Costs incorporated in its Objections.

### I.   <u>INTRODUCTION</u>

This Court is faced with an attempt by Ms. Aleckna to secure an astronomical award of attorneys' fees and costs in the amount of $103,927.12 based upon a judgment in the amount $230.16 to Ms. Aleckna for attending the trial in her own counterclaim. Ms. Aleckna's request of attorneys' fees and costs is four hundred and fifty-one (451) times greater than the award of $230.16 in this matter.

1

Ms. Aleckna's attorney fees and costs are based upon activities that show a lack of diligence in promptly and efficiently pursuing her claims, unsuccessful and frivolous motions, "over lawyering," i.e spending more time researching and writing than they ought to spend, tasks unrelated to the underlying claims, administrative and redundant tasks, vague and cryptic billing entries which included redacted entries by counsel which fail to advise CCU or this Court of the purposes and necessity of the redacted entries and by using an excessive rate for legal services.

The most glaring example of the Ms. Aleckna's lack of diligence in pursuing her claims in this matter can be found in her waiting approximately seventeen (17) months to include her graduation and diploma allegations regarding an additional violation of the automatic stay in her request to amend her counterclaim filed on February 5, 2014 ("Motion to Amend Counterclaim of February 5, 2014") that were not mentioned in her initial counterclaim filed on September 7, 2012 ("Counterclaim of September 7, 2012"). (Docket Entries #3 and #99)  Additionally after Ms. Aleckna filed an unsuccessful Motion to Enforce Settlement Agreement which only sought monetary damages in the amount of $10,000.00 and made no mention of graduation, diploma or transcript with graduation, she filed a second counterclaim against California Coast University on April 12, 2013 ("Counterclaim of April 12, 2013) which made no mention of graduation, diploma or transcript with graduation. (Docket Entry #62). Nor does Mr. Aleckna mention diploma or graduation in her response to the discovery requests of CCU. (Docket Entry #83 Exhibit #7).

Almost the entire first eighteen (18) pages of Ms. Aleckna's request for attorneys' fees and costs includes only legal fees and costs incurred by Ms. Aleckna seeking monetary damages without  her mentioning diploma or graduation prior to her Motion to Amend Counterclaim of February 5, 2014. $76,900.00 of the total fees of $128,292.00 listed in Ms. Aleckna's Statement

of Attorneys' Fees and Costs or approximately 60% of the all of the attorneys' fees in Ms.

Aleckna's Statement of Attorneys' Fees and Costs occurred prior to her filing her Motion to

Amend Counterclaim of February 5, 2014. Additionally $2,514.82 of all the costs in her

Statement of Legal Fees and Costs were incurred prior to the filing of her Motion to Amend

Counterclaim of February 5, 2014.

      One hopes Ms. Aleckna's motivation in failing to include her issues with graduation and

her diploma in her Counterclaim of September 7, 2012 and her Counterclaim of April 12, 2013

were honorable but statements of counsel for Ms. Aleckna show that Ms. Aleckna was fully

aware of her additional alleged violation of the automatic stay before she filed her Counterclaim

of September 7, 2012. Counsel for Ms. Aleckna stated in his Statement of Time Spent, Fees and

Costs-Redacted for his Fee Application with this Court that on August 13, 2012 that he

"Received and reviewed email from client (transcript from California Coast has a blank

graduation date) and that counsel made a "Call to client. Left detailed message addressing

missing "graduation date" issue and asking client to let me know if that information is actually

necessary." (Docket Entry #101 Exhibit "A").

      If receiving a diploma and transcripts with a graduation notation was truly the ultimate

underlying the reason for Ms. Aleckna seeking Court intervention in this matter, Ms. Aleckna

could have filed a motion for contempt of the automatic stay against CCU in order to resolve the

issue as soon as possible without incurring such astronomical attorneys' fees and costs. 28

U.S.C. §105 and Bankruptcy Rule 9020.

      If the Court does award attorneys' fees and costs to Ms. Aleckna, those attorney's fee and

costs should be substantially reduced by the Court and award Ms. Aleckna only those

recoverable fees that this Court can properly analyze and deem reasonable and necessary for the

3

alleged violation of the automatic stay based upon CCU's specific objections to the fees and costs included in its Objections, its Specific Line Item Objections and the objections raised in this Brief.

## II.  <u>FACTUAL SUMMARY</u>

On January 14, 2016, this Court entered Judgment in favor of Ms. Aleckna and against California Coast University. The Court awarded actual damages to Ms. Aleckna in the amount of $230.16 for attending the trial in this matter of October 9, 2015.

The Court ordered that within twenty-one (21) days of the date of Judgment, that CCU deliver to Ms. Aleckna, without financial cost, three (3) certified transcripts showing the completion of her studies and including a graduation date and a diploma. CCU complied with term by providing the described transcripts and diploma to Ms. Aleckna. The Court denied Ms. Aleckna's claim for damages for emotional distress and her claim of punitive damages against CCU. The Court further ordered that Ms. Aleckna be allowed fourteen (14) days from the date of the judgment to file an itemized statement of any <u>reasonable and necessary attorney's fees and cost incurred in seeking to obtain graduation transcripts</u> and for legal representation in this adversary proceeding and allowing CCU fourteen (14) days after service of the fees and costs itemization to file any objection to same.

On January 28, 2016, Ms. Aleckna filed an itemized statement of attorney's fees and costs including attorneys' fees of $100,000.00 (reduced by Ms. Aleckna from her itemized statements totaling $128,292.00) and costs in the amount of $3,927.12. The Statement of Attorneys' and Costs begins on August 31, 2012 and ends on January 25, 2016. The Statement of Fees and Costs sets the hourly rates for Partner Carlo Sabatini as $375.00 an hour, Associate

4

Brett Freeman as $275.00 an hour, Associate Leonard Gryskewicz, Jr. as $160.00 and $200.00 an hour, and various paralegals billing as $125.00 an hour.

The undisputed facts in this matter are that prior to the filing of the Counterclaim of September 7, 2012 that Ms. Aleckna had received three (3) official transcripts from CCU and that Ms. Alecka filed her Motion to Amend her Counterclaim on February 5, 2014.

The Counterclaim of September 7, 2012 contains three (3) counts and thirty (30) paragraphs. The Counterclaim of September 7, 2012 describes a violation of the automatic stay regarding her request for transcripts from CCU. In the Counterclaim of September 7, 2012, Ms. Aleckna does not mention graduation, diploma or transcripts without a graduation notation. In the Counterclaim of September 7, 2012

On November 4, 2012, Ms. Alekna filed a Motion to Enforce Settlement Agreement for solely $10,000.00 and no mention of degree, transcripts, graduation which is consistent with Counterclaim of September 7, 2012. In her Motion to Enforce Settlement Agreement, Ms. Aleckna does not mention gradation, diploma or transcripts without graduation notations In the written settlement offer of Ms. Aleckna in the Motion to Enforce Settlement Agreement, Ms. Aleckna does not mention graduation, diploma or transcripts without graduation notation. . (Docket Entry #26 Exhibit "A")

On April 11, 2013, this Court denied Ms. Aleckna's Motion to Enforce Settlement Agreement and stated the "Defendant shall not be entitled to payment of attorney's fees by the Plaintiff". (Docket Entry #61")

In Ms. Aleckna's Counterclaim of April 12, 2013, she lists two (2) counts and thirty (30) paragraphs. In the Counterclaim of April 12, 2013, Ms. Aleckna does not mention gradation, diploma or transcripts without graduation notation.

On October 18, 2013, Ms. Aleckna filed response to CCU first set of Discovery Requests. (Docket Entry #83 Exhibit #7). In Ms. Aleckna's response to interrogatories and response to request for production of document, Ms. Aleckna does not mention graduation, diploma or transcripts without graduation notation.

On December 13, 2013, CCU filed a Motion for Summary Judgment after the close of discovery and after the filing of all relevant pleading in this matter. As of the date of the filing of CCU's Motion for Summary Judgment, Ms. Aleckna had not requested graduation, a diploma or transcripts with a graduation notation in any of her pleadings, or in any the written correspondence between Ms. Aleckna or Ms. Aleckna's counsel with CCU or its counsel, discovery respones.

On January 6, 2014, Ms. Aleckna for the first time made mention to CCU and this Court of an alleged second violation of the automatic stay. On January 6, 2014, Ms. Aleckna stated on page six (6) of Jaime Aleckna's Brief Opposing Summary Judgment "In addition, Coast refused to award Aleckna with a degree because of the outstanding balance on her account." See Pg. 6 of Jaime Aleckna's Brief Opposing Summary Judgment dated January 6, 2014 (Docket Entry #96)

Ms. Aleckna filed her Motion to Amend Counterclaim of February 5, 2014. On April 10, 2014, Ms. Aleckna filed her Amended Counterclaim and first time raised a graduation issue.

### III. QUESTION PRESENTED

**Should Ms. Aleckna's attorney's fees and costs be denied by this Court when Ms. Aleckna's counsel spent time on (a) activities that show a lack of diligence; (b) unsuccessful and frivolous motions which resulted in an Order of this Court denying their previous request for legal fees and costs, (c) "over lawyering," i.e spending more time research and writing than ought to be spent, (d) tasks unrelated to the underlying claim, administrative tasks or redundant tasks, (e) activities that are vague and redacted in the time entries and (f) activities with an excessive rate of attorneys' fees and excessive costs.**

**Suggested answer: YES.**

6

## IV. **ARGUMENT**

Debtor's counsel is not at liberty to incur large legal fees and costs simply because those fees and costs will be shifted to their adversaries. In re Robinson, 228 75, 85 (Bankr. E.D. N.Y. 1998). The whole purpose of 11 U.S.C. 362(k) is "to discourage willful violations of the automatic stay." In re Miller, 447 B.R. 425, 435 (Bankr. E.D. Pa. 2011). This purpose "is tempered by a reasonableness standard born of courts' reluctance to foster a "a cottage industry" built around satellite fee litigation." Miller, 447 B.R. at 435 (quoting In re Robinson, 228 75, 85 (Bankr. E.D. N.Y. 1998) (emphasis added). The automatic stay was not designed to be used as a kind of spring-loaded gun against creditors who wander into traps baited by the debtor. Clayton v. King (In re Clayton), 235 B.R. 801 (Bankr. M.D.N.C. 1998).

The Third Circuit utilizes a lodestar method for calculating attorney fees where the Court should exclude hours that are "excessive, redundant, or otherwise unnecessary." McKenna v. City of Phila., 582 F.3d 447, 445 (3d. Cir. 2009). Importantly here, the court is responsible to determine what fee is "reasonable". Hensely v. Eckerhart, 461 U.S. 424, 433 103 S.Ct. 1933, 76 L.Ed. 2d 40 (1983). Court may adjust the fees based upon the "results obtained". Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Court has the discretion to adjust the lodestar downward to achieve a reasonable fee that is "adequate to attract competent counsel, but which does not produce windfalls to attorney," Planned Parenthood of Central N.J. v. The Attorney General of the State of N.J., 297 F.3d 253, 265, n.5 (3d Cir. 2002). A Court should also "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, that were distinct from the claims on which the party did succeed and for which the fee petition inadequately documents the hours claimed." Lougher v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d. Circ.

2001). The reasonable hourly rate of fee requests is based on the "prevailing market rate in the relevant community." Malldonado v. Houston, 256 F.3d 181, 184 (3d. Cir. 2001).

The U.S. District Court for the Middle District of Pennsylvania has stricken hours from the lodestar calculations for a variety of reasons, including time spent on tasks unrelated to the underlying claim, administrative or redundant tasks, and motions that turned out to be unsuccessful in cases. Evankavitch v. Green Tree Servicing, LLC, 2014 U.S. Dist. Lexis. 125557, 1-14 (M.D. Pa. September 9, 2014). The U.S. Bankruptcy Court for the Western District of Pennsylvania has stricken hours for time spent on activities that show a lack of a lack of diligence, In re Golden Recipe Chicken, Inc. 109 B.R. 692, 693-694 (Bankr. W.D. Pa. 1990) and "over lawyering," i.e., spending more time researching and writing than should be to spent, In re Younger, 360 B.R. 89, 97 (Bank. W.D.Pa. 2006).

Numerous Bankruptcy Courts have refused to award attorneys' fees and costs when such fees and costs were unnecessary or could have been mitigated by counsel. (In re Preston, 333 B.R. 346, 350-351 (Bankr. M.D.N.C. 2005) (the Court found that because the only damages the debtor sustained are those manufactured by the debtor's counsel, which could have easily been mitigated, the court denied any damages to the debtor); (Shadduck v. Rodolakis, 221 B.R. 573, 585 (D. Mass. 1998) ("Where the only damages to the debtor are the attorneys' fees related to bringing a contempt motion, courts have ruled that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute . . . prior to filing a motion for contempt and sanctions."); (In re Martinez, 281 B.R. 883, 886 (Bankr. W.D. Tex. 2002) (opining that in some cases actual damages for violation of the automatic stay are "nearly non-existent, in which case no damages at all would need to be awarded."); (In re Sammon, 253 B.R. 672, 681-82 (Bankr. D.S.C. 2000) (holding that the debtor did not suffer

damages that could not have been mitigated by timely corrective action by the debtor or debtor's counsel and were therefore not entitled to damages); (In re Craine, 206 B.R. 594, 206 B.R. 595, 597-98 (Bankr. M.D. Fla. 1997) (holding that no injury occurred in the context of Section 362(h) when the only damages were costs associated with filing the contempt motion and when the matter could have been resolved without resort to the court); (In re Brock Utils. & Grading, 185 B.R. 719, 720-21 (Bankr. E.D.N.C. 1995) ("Any costs involved in bringing this motion were unnecessarily incurred and should not be reimbursed . . . .").

    (a).    Time spent on activities that show a lack of diligence.

    In the instant matter, if Ms. Aleckna truly sought to remedy the alleged violation of the automatic stay regarding graduation, a notation of graduation on the transcripts and receiving a diploma then Ms. Aleckna would not have waited seventeen months to file her Motion to Amend Counterclaim of February 5, 2014. Ms. Aleckna could have filed a motion for contempt of the automatic stay against CCU in order to resolve the issue as soon as possible. The requested attorneys' fees of Ms. Aleckna prior to filing her Motion to Amend Counterclaim of February 5, 2014 totals the amount $76,900.00 from the $128,292.00 listed in Ms. Aleckna's Statement of Attorneys' Fees and Costs. Prior to the filing of her Motion to Amend Counterclaim, approximately 60% of the all of the legal services were performed by counsel for Ms. Aleckna. Additionally $2,514.82 of all the costs incurred by Ms. Aleckna's counsel were incurred prior to the filing of Motion to Counterclaim of February 5, 2014. Ms. Aleckna failed to diligently pursue her issues regarding a diploma and official transcripts with a graduation notation in order to resolve the issue as soon as possible without incurring such astronomical attorneys' fees and costs.

In In re Golden Recipe Chicken, Inc. 109 B.R. 692, (Bankr. (W.D. Pa. 1990), refused to award attorneys' fee to a counsel that it deemed as lacking diligence. Debtor's counsel requested a fee in the amount of $5,287.50 which the Court deemed would have been a reasonable fee for Chapter 11 work. Id. at 693-94. The Court decided that the matter was not a Chapter 11 case but was a Chapter 7 liquidation case from the beginning and that diligent counsel would have simply filed a Chapter 7 petition. Id.

Ms. Aleckna was fully aware of her additional alleged violation of the automatic stay before she filed her Counterclaim on September 7, 2012, but waited over seventeen (17) months to raise her graduation and diploma allegations in her Motion to Amended Counterclaim of February 5, 2014. Ms. Aleckna failure to diligently pursue her claim regarding a diploma and official transcripts with a graduation should be considered by the Court in exercising its discretion by disregarding Ms. Aleckna's request for attorneys' fees and costs from the filing of her Counterclaim of September 7, 2012 to the filing of her Motion to Amend Counterclaim of February 5, 2014 and resulting in a reduction of approximately $76,900.00 from $128,292.00 listed in Ms. Aleckna's statement of attorney's fee and $2,514.82 of her costs.

(b). Time spent on unsuccessful and frivolous motions.

In the instant matter, Aleckna filed a Motion to Enforce Settlement Agreement solely seeking a monetary award and requested that the Court award reasonable fees and costs that she has incurred in this matter since September 12, 2012. On April 11, 2013, this Court denied Ms. Aleckna's Motion to Enforce Settlement Agreement and stated the "**Defendant shall not be entitled to payment of attorney's fees by the Plaintiff**". Ms. Aleckna continues to request fees and costs related to Motion to Enforce Settlement Agreement in her Statement of Attorneys' Fees and Costs.

Ms. Aleckna's failure to present a cause of action in a clear straight forward manner with its first two counterclaims subjected the parties to unnecessary activities and costs. Ms. Aleckna's failed to notify CCU of her issues regarding graduation, a notation of graduation on her official transcripts and receiving a diploma close to seventeen months after filing her Counterclaim of September 7, 2012. CCU was required to expend resources and create burden on the Court based on Ms. Aleckna's failure to present her alleged cause of action in a clear straight forward matter.

Counsel for Ms. Aleckna previously submitted a request for attorneys' fees and expenses in a another case before the U.S. District Court of the Middle District of Pennsylvania. Evankavitch v. Green Tree Servicing, LLC, 2014 U.S. Dist. Lexis. 125557, *4 (M.D. Pa. September 9, 2014). The District Court was faced with an issue regarding an objection to 67.5 hours of time that Ms. Aleckna's counsel spent on a partially unsuccessful motion for summary. The motion for summary judgment raised three issues and was unsuccessful on two of them, the motion was 2/3 unsuccessful. Id. The District Court found that "in spite of plaintiff's ultimate success at trial, plaintiffs' motion for summary judgment obtained limited success." Id. Accordingly, the Statement of Attorneys' Fees and Costs should be decreased in this all matters involving her Motion to Enforce Settlement Judgment. (costs) The Court should also exercise its discretion and disregard Ms. Aleckna's statement of Attorney's Fees and Costs due to the waste of resources of CCU and this Court from the filing of her Counterclaim of September 7, 2012 to the filing of her Motion to Amend Counterclaim of February 5, 2014.

(c).     Time spent "over-lawyering".

Ms. Aleckna utilized three attorneys for numerous entries of research, preparation and attending hearings. This Court should closely scrutinize Ms. Aleckna's fee request for "over-

11

lawyering" and reduce Ms. Aleckna's requested fee accordingly. In <u>In re Younger</u>, 360 B.R. 89 (Bank. W.D. Pa. 2006), debtor's counsel requested attorney's fee for 47 hours of research and wiring in a Truth in Lending ("TILA") action. The Chapter 13 Trustee objected to the 47 hours as unreasonable and excessive because debtor's counsel "held himself out to be a Truth in Lending Expert." Id. at 97. The Court found that debtor's counsel "is a bankruptcy attorney who has faced similar issues before and has held himself out to be an expert in truth in lending" and that he had not established that the 47 hours were reasonable or necessary. <u>Id</u>. The Court materially reduced the hours requested.

CCU respectfully asserts the Statement of Attorneys' Fees and Costs submitted contains numerous entries of "over lawyering" and those entries should be rejected by this Court in its review of the billing statements. Specific objection are attached to CCU's Objection to Statement of Attorneys' Fees and Costs separately filed in this matter.

(d). <u>Tasks unrelated to the underlying claim, administrative tasks or redundant tasks.</u>

In <u>Evankavitch</u>, the U.S. District Court reduced the fees requested by Ms. Aleckna's counsel in a FDCPA case. <u>Evankavitch</u>, 2014 U.S. Dist. Lexis. 125557, 1-14. In <u>Evankavitch</u>, the U.S. District Court determined that time entries did not directly relate to (the underlying) FDCPA action and struck all such time. <u>Id</u>.

In the instant matter, Ms. Aleckna has submitted a significant number of time entries for activities not related to the allegation that CCU violated the automatic stay.

In <u>Evankavitch</u>, the U.S. District Court determined that numerous time entries submitted by the counsel "as tasks that were administrative or redundant" and rejected attorney's fees for those entries. Id. at *3. The Court stated that "time that would not be billed to a client cannot be imposed on an adversary… (t)hus administrative tasks, which are not the type normally billed to

12

a paying client, may not be recovered by a party though a fee petition." Id. Such administrative tasks include communications "which involve contact between counsel and the plaintiff." Id.

CCU respectfully asserts the Statement of Attorneys' Fees and Costs submitted contains numerous entries contains numerous entries that were not reasonable and necessary, are redundant and are administrative and should rejected by this Court in its review of the Ms. Aleckna's attorneys' fees and costs. Specific objection are attached to CCU's Objection to Statement of Attorneys' Fees and Costs.

    (e).    <u>Numerous time entries are vague and redacted.</u>

The Statement of Attorneys' Fees and Costs contains numerous statements are vague and regarding research, conferences with client, and time entries which are redacted by the Ms. Aleckna's counsel. It is an established proposition of law that "where the documentation of hours is inadequate, the district court may reduce the reward accordingly. <u>Washington v. Phil. Cty. Court of Common Pleas</u>, 89 F.3d 1031, 1037 (3d Cir. 1996) (quoting <u>Hensley,</u> 461 U.S. at 433) The U.S. District Court of Middle District has disregarded time entries based on lack of specificity. *See*, e.g. <u>Jama Corp v. Gupta</u>, No. 3:99-cv-1624, 2008 WL 108671 at 7 (M.D. Pa. Jan. 4, 2008) (disregarding time entries that included broad statements such "Review litigation documents,", "Review documents for Exhibit List," "Review pleadings", "Review exhibits, & documents."; id. (reducing total number of hours for one of the attorneys to eight (8) hours of various research assignments on trademark law); <u>Arlington Indus., Inc. v. Bridgeport Fittings, Inc.</u>, No. 3:02-cv-0134, 2014 WL 2860863 at *8-*9 (M.D. Pa. June 23, 2014) (striking counsel's entries "for vague and unspecified tasks such as "confer with counsel; review docs; review docket; memo re: same," and reducing counsel's billed time by 50.33 hours).

13

All vague and redacted time entries of Ms. Aleckna should be disregarded by this Court in its review of Ms. Aleckna's Statement of Attorneys' Fees and Costs.

(f). <u>Counsel for</u> Ms. Aleckna's <u>requested hourly rate is not reasonable</u>.

Reasonable hourly rates are based on the "prevailing market rate in the relevant community." <u>Malldonado v. Houston</u>, 256 F.3d 181, 184 (3d. Cir. 2001). In conducting its analysis, this Court will 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. <u>Id</u>. The Statement of Attorneys' Fees and Costs in this matter begins from August 31, 2012 and end on January 25, 2016 and sets the hourly rates of Partner Carlo Sabatini as $375.00 an hour, Associate Brett Freeman as $275.00 an hour, Associate Leonard Gryskewicz, Jr. as $160.00 and $200.00 an hour, and various paralegals at a rate $125.00 an hour.

In the <u>Evankavich</u> case, Ms. Aleckna's counsel sought attorney fees and costs for services performed at an hourly rate of $315.00 for Attorney Carlo Sabatini, $225.00 for Attorney Brett Freeman and $95.00 for paralegals for the time period of August 27, 2012 through June 23, 2014. <u>Evankavitch</u>, 2014 U.S. Dist. Lexis. 125557, 1-14. The rates in this case are $60.00 higher for Attorney Sabatini, $50.00 higher for Attorney Freeman and $30.00 higher for the various paralegals of counsel for Ms. Aleckna than in the <u>Evankavich</u> case. CCU submits that the hourly rates in this case should be the same as the hourly rates recently submitted by the same counsel in the <u>Evankavitch</u> case. There is no reason why the hourly rate of Ms. Aleckna's counsel in this case should be substantially increased from the rates sought by Ms. Aleckna's counsel in the <u>Evankavitch</u> case.

**CONCLUSION**

At the minimum, any award of attorney's fees and costs to Ms. Aleckna should be substantially reduced by this Court to solely attorneys' fee and costs reasonable and necessary for the alleged violation of the automatic stay based upon CCU's objections to Statement of Attorneys' Fees and Costs in its Objection, in its Specific Line Item Objections and in this Brief. Ms. Aleckna failed to diligently pursue her claim in a diligent manner and needed amend to her Counterclaim approximately seventeen (17) months after the filing of Counterclaim of September 7, 2012. The Court should reduce Ms. Alecka request for activities that show a lack of diligence in pursuing her claim in a reasonable manner, for unsuccessful motions, for excessive time spend on legal matters, for tasks unrelated to the underlying claim, for administrative tasks and reductant tasks, for activities that are vague and redacted, for excessive expenses, for the unreasonable hourly rates of her counsel and based upon the results obtained for Ms. Aleckna of damages in the amount of $230.16 for Ms. Aleckna attending the trial in pursuing her counterclaim.

/s/Robert P. Sheils, III
Robert P. Sheils, III, Esquire
Supreme Court ID No. 91108
108 North Abington Road
Clarks Summit, PA 18411
570-587-2600
rsheilsiii@sheilslaw.com

**E
X
H
I
B
I
T**

2

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| STEVEN RICHARD ALECKNA | : | |
| JAIME SUE ALECKNA, | : | CASE NO. 5:12-bk-03367-RNO |
| | : | |
| Debtors | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## CALIFORNIA COAST UNIVERSITY'S OBJECTIONS TO JAIME SUE ALECKNA'S STATEMENT OF ATTORNEYS' FEES AND COSTS

California Coast University ("CCU'), by and through his counsel, Sheils Law Associates, P.C., files this Objections to the Statement of Attorneys' Fees and Costs of Jaime Sue Aleckna ("Ms. Aleckna") contemporaneously with its Brief in Support of its Objections to Jaime Sue Aleckna's Statement of Attorneys' Fees and Costs and its Specific Line Item Objections the Statement of Attorneys' Fees and Costs incorporated herein by reference with this Objection.

1.      CCU specifically objects to the Statement with its specific line objections to the Statement in the document attached hereto as Exhibit "A" which is incorporated herein by reference as the Specific Line Item Objections of California Coast University to the Statement of Attorneys' Fees and Costs of Jaime Sue Aleckna.

2.      CCU specifically objects to counsel for Ms. Aleckna's request for an astronomical award of attorneys' fees and costs in the amount of $103,927.12.

3.      CCU specifically objects to counsel for Ms. Aleckna's request of attorneys' fees and costs because it is over four hundred and fifty-one (451) times greater than the award of $230.16 in this matter.

1

4.      CCU specifically objects that counsel for Ms. Aleckna's failed to diligently pursue the alleged violation of the automatic stay claims. Ms. Aleckna waited seventeen months after filing its initial counterclaim to raised its issues regarding a diploma and graduation in its Motion to Amend Counterclaim.

5.      CCU specifically objects that counsel for Ms. Aleckna failed to pursue more effective means under the Bankruptcy Rules, such as a contempt motion, in order to resolve the issues regarding a diploma and graduation as soon as possible without incurring such astronomical attorneys' fees and costs.

6.      CCU specifically objects that counsel for Ms. Aleckna is now seeking attorneys' fee and costs for unsuccessful and frivolous motions made in this case including Ms. Aleckna's unsuccessful Motion to Enforce Settlement Agreement for solely money damages in the amount of $10,000.00 and attorney fees and costs with no provisions regarding a degree or diploma and her unsuccessful objections involving her Motion to Enforce Settlement Agreement.

7.      CCU specifically objects that counsel for Ms. Aleckna is seeking attorneys' fee and cost for excessive time and duplicate services that counsel for Ms. Aleckna spent on vague and redacted research projects, excessive conferences between counsels, multiple counsels attending most of the hearings and the trial, excessive preparation of pleadings and excessive preparation for hearings and the trial.

9.      CCU specifically objects that counsel for Ms. Aleckna is seeking attorneys' fees and costs for tasks unrelated to the underlying claim in this matter.

2

10.     CCU specifically objects that counsel for Ms. Aleckna is seeking attorneys' fees and costs for administrative and redundant tasks performed by counsel which are generally not be billable to a client.

11.     CCU specifically objects that counsel for Ms. Aleckna is seeking attorneys' fee and costs for vague and redacted entries regarding research, conferences with client, and time entries which fail to advise CCU or this Court of the purpose and necessity of these vague entries.

12.     CCU specifically objects that counsel for Ms. Aleckna is seeking unnecessary costs for unnecessary depositions, a dinner, food and drinks.

13.      CCU specifically objects that counsel for Ms. Aleckna is seeking attorneys' fees and costs using excessively high hourly rates for legal services.

WHEREFORE, any award of attorney's fees and costs to counsel for Ms. Aleckna should be substantially reduced by this Court to solely attorneys' fee and costs reasonable and necessary for the alleged violation of the automatic stay based upon these Objections, the Specific Line Item Objections and the Brief in Support of these Objections.

Respectfully submitted,

/s/Robert P. Sheils, III
Robert P. Sheils, III, Esquire
Supreme Court ID No. 91108
108 North Abington Road
Clarks Summit, PA 18411
570-587-2600
rsheilsiii@sheilslaw.com

3

# EXHIBIT "A"

Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
(570) 341-9000

Statement of Time Spent, Fees, and Costs - REDACTED

Statement as of January 26, 2016
Statement No. 0

### SPECIFIC LINE ITEM OBJECTIONS TO STATEMENT BY CALIFORNIA COAST UNIVERSITY

Jaime Aleckna
1772 The Hideout
Lake Ariel, PA 18436

**(OBJECTIONS ARE LISTED BELOW EACH OBJECTIONABLE ENTRY)**
**ABBREVIATIONS- Objection ("Obj.") and Excessive ("Exc.")**

Our File Number: 1320-004

| Date | Description of Events | | Rate | Hours | Amount |
|------|----------------------|---|------|-------|--------|
| 8/31/2012 | Received and reviewed order on Motion to Appear Pro Hac Vice. **Objection (hereinafter "Obj.)-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 9/4/2012 | Reviewed complaint filed by California Coast University to determine the dischargeability of a debt. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 9/4/2012 | Researched dischargeability of tuition/student loans. REDACTED **Obj.-vague and unrelated to underlying claim** | CS | 375.00 | 0.50 | 187.50 |
| 9/4/2012 | Email to client REDACTED **Obj.-vague and unrelated to claim** | CS | 375.00 | 0.20 | 75.00 |
| 9/4/2012 | Review Tuition Enrollment Plan document forwarded by Attorney Moon. Email to client. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 9/5/2012 | Received, reviewed, and responded to email from client REDACTED **Obj. vague and unrelated to claim** | CS | 375.00 | 0.10 | 37.50 |
| 9/5/2012 | Prepared answer. **Obj.-lack of diligence** | CS | 375.00 | 0.40 | 150.00 |
| 9/5/2012 | Begin drafting counterclaim. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.80 | 300.00 |
| 9/6/2012 | Continue preparing automatic stay counterclaim. Research REDACTED **Obj.-vague and lack of diligence** | CS | 375.00 | 1.40 | 525.00 |
| 9/6/2012 | Email to Kirk Moon (asking for times to conduct the 26(f) conference). **Obj.-administrative task** | CS | 375.00 | 0.10 | 37.50 |
| 9/6/2012 | Finalize answer and counterclaim. Email to client with exhibits. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.70 | 262.50 |
| 9/6/2012 | Received, reviewed, and responded to email from Moon (scheduling 26(f) conference). **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 9/6/2012 | Received, reviewed, and responded to email from opposing counsel (scheduling 26(f) conference. He'll be in touch with me tomorrow.) **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 9/7/2012 | Received and reviewed email from client. REDACTED **Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 9/7/2012 | Research to determine whether have to serve the Counterclaim on California Coast directly. REDACTED **Obj. -vague and excessive (hereinafter "exc") time** | CS | 375.00 | 0.30 | 112.50 |
| 9/12/2012 | Received and reviewed electronic notice of filing: Complaint. Reviewed file and retrieved notice of summons from online docket. Reviewed answer and recent case activity regarding potential settlement. -KMB. **Obj.-administrative, lack of diligence** | KMH | 125.00 | 0.60 | 75.00 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| 9/12/2012 | Call from Kirk Moon. They are willing to agree to a walk away. Conducted 26(f) conference. Put him on hold. Took offer to client. She rejected it. Countered at $10,000.00 plus $2.500 in attorney's fees. I'll hold the offer open through today.<br>**Obj.-lack of diligence, unsuccessful motion** | CS | 375.00 | 0.70 | 262.50 |
| 9/12/2012 | Call from Kirk Moon. They countered at $5,000.00. Client rejected it. We countered at $7,500 plus $2,500 fees. They accepted.<br>**Obj.-lack of diligence, unsuccessful motion** | CS | 375.00 | 0.30 | 112.50 |
| 9/12/2012 | Call from Kirk Moon. (Whether information from the settlement would be on my website. I explained that is not my present intention, but, that intention could change at any time. It doesn't matter though, because we are already settled.).<br>**Obj.-lack of diligence, unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 9/12/2012 | Draft settlement agreement.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.70 | 262.50 |
| 9/12/2012 | Received, reviewed, and responded email from Kirk Moon (answering questions about settlement agreement).<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.30 | 112.50 |
| 9/13/2012 | Received, reviewed, and responded email from Kirk Moon (asking about confession of judgment language).<br>**Obj.-unsuccessful motion, exc. time** | CS | 375.00 | 0.80 | 300.00 |
| 9/28/2012 | Received and reviewed California Coast's Motion to Strike Counterclaim.<br>**Obj.-result of lack of diligence in filing proper counterclaim** | CS | 375.00 | 0.30 | 112.50 |
| 10/2/2012 | Call to Sheils. He will look into whether his client agrees that we settled for $10,000.00. He will get back to me.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 10/2/2012 | Call from Sheils. They don't think that they settled. They don't concur with a motion to enforce the settlement.<br>**Obj.unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 10/8/2012 | Received and reviewed letter from Sheils about a discovery conference regarding Moon's deposition.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.20 | 75.00 |
| 10/8/2012 | Read authority provided in Sheil's letter and researched for other authority.Prepare response letter.<br>**Obj.-unsuccessful motion and exc. time** | CS | 375.00 | 1.60 | 600.00 |
| 10/9/2012 | Prepare answer to Plaintiff's motion to dismiss counterclaim.<br>**Obj.-lack of diligence** | CS | 375.00 | 1.60 | 600.00 |
| 10/10/2012 | Reviewed correspondence from Bob Sheils regarding Kirk Moon refusing to attend the 10/11/12 deposition.<br>**Obj.-unsuccessful motion and exc. time** | BF | 275.00 | 1.00 | 275.00 |
| 10/10/2012 | Draft response letter to opposing counsel and locate counsel in California to conduct deposition of Kirk Moon, III.<br>**Obj.-unsuccessful motion, exc. time, administrative** | CS | 375.00 | 4.00 | 1,500.00 |
| 10/10/2012 | Received and reviewed email from client REDACTED<br>**Obj-vague and unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2012 | Call to client. Left message. Email to client REDACTED<br>**Obj. vague and unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2012 | Call with client. REDACTED<br>**Obj. vague and unrelated to underlying claim** | CS | 375.00 | 0.50 | 187.50 |
| 10/11/2012 | Conference with CS regarding the automatic stay counterclaim.<br>**Obj. exc. time and redundant** | BF | 275.00 | 1.00 | 275.00 |
| 10/11/2012 | Conference with BF regarding counterclaim.<br>**Obj.-exc. time, and redundant** | CS | 375.00 | 1.00 | 375.00 |
| 10/15/2012 | Received and reviewed electronic notice of filing: Answer to Plaintiff's Motion to Dismiss Counterclaim. -KMB.<br>**Obj.-lack of diligence, adminstrative** | KMH | 125.00 | 0.10 | 12.50 |

Case 5:12-ap-00247-RNO Doc 155 Filed 01/28/16 Entered 01/28/16 19:50:42 Desc
Case 5:12-ap-00247-RNO Main Document Page 2 of 86 Entered 02/17/16 23:46:28 Desc
Desc Exhibit A-Specific Fee Item Objections to Statement Page 3 of 29

| Date | Description | Init | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 11/2/2012 | Call from opposing counsel. He requested concurrence with a motion to strike.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/4/2012 | Prepare motion to enforce settlement agreement.<br>**Obj.-unsuccessful motion and lack of diligence** | CS | 375.00 | 3.00 | 1,125.00 |
| 11/5/2012 | Call to Sheils. Proposed that we stipulate to stay his two motions until my motion to enforce the settlement is decided. Also offered that if the judge decides on the merits that the case has not settled, then I would amend my affirmative defenses to remove the "settlement" defense. He can't say anything about the offer right now, but will get back to me.<br>**Obj.-unsuccessful motion and lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/5/2012 | Email to opposing counsel detailing the offer.<br>**Obj.-unsuccessful motion and lack of diligegence** | CS | 375.00 | 0.20 | 75.00 |
| 11/5/2012 | Received and reviewed electronic notice of filing: Motion to Enforce Settlement Agreement. -KMB.<br>**Obj.-unsuccessful motion and lack of diligence** | KMH | 125.00 | 0.10 | 12.50 |
| 11/5/2012 | Returned call from Sheils. They won't agree to the stipulation. I asked him whether they would concur with a motion to stay, or with a motion for expedited consideration of the motion to stay. He will check and will let me know.<br>**Obj.-unsuccessful motion, lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/13/2012 | Reviewed file. Conference with CS regarding brief.<br>**Obj.-vague, exc. time, redundant** | BF | 275.00 | 1.00 | 275.00 |
| 11/13/2012 | Call to opposing counsel. Renewed request for concurrence with motion to stay.<br>**Obj.-unsuccessful motion, lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/13/2012 | Received and reviewed call from opposing counsel. They will not concur.<br>**Obj.-unsuccessful motion, lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/13/2012 | Email to opposing counsel confirming conversation.<br>**Obj. exc. time and redundant** | CS | 375.00 | 0.10 | 37.50 |
| 11/13/2012 | Call from opposing counsel. REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 11/14/2012 | Scheduled courtcall for hearing on 11/15/12. Added notice of telephonic appearance to the docket at ECF 19. -MEP.<br>**Obj.-unsuccessful motion** | MEP | 125.00 | 0.30 | 37.50 |
| 11/14/2012 | Received and reviewed order granting motion for expedited consideration. Email copy of order to opposing counsel.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 11/14/2012 | Prepare certificate of service confirming that I complied with requirements of order.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.20 | 75.00 |
| 11/14/2012 | Emails and calls with MEP (scheduling Courtcall).<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 11/14/2012 | Review Defendant's answer to motion to stay. Review authority cited in answer. REDACTED<br>**Obj.-unsucssessful motion** | CS | 375.00 | 0.70 | 262.50 |
| 11/15/2012 | Attend hearing on motion to stay plaintiff's motions.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 1.50 | 562.50 |
| 11/15/2012 | Received and reviewed electronic notice of filing: Notices setting hearing dates for Motion to Strike and Motion to Enforce Settlement. Drafted interoffice email to CS regarding client's attendance. Notated file regarding hearing date. Received and reviewed electronic notice of filing: Certificate of Mailing regarding each hearing. -KMB.<br>**Obj.-unsuccessful motion** | KMH | 125.00 | 0.20 | 25.00 |
| 11/15/2012 | Received and reviewed proceeding memo from the Court. We are required to submit a proposed scheduling order within 7 days.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |

Case 5:12-ap-00247-RNO    Doc 155    Filed 01/28/16    Entered 01/28/16 19:50:42    Desc
Case 5:12-ap-00247-RNO    Main Document    Page 2 of 26   Entered 02/17/16 23:46:28    Desc
Desc    Exhibit A-Specific Item Objections to Statement    Page 4 of 29

| Date | Description | | Rate | Hours | Amount |
|------|-------------|--|------|-------|--------|
| 11/15/2012 | Prepare proposed scheduling order and email to opposing counsel.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.30 | 112.50 |
| 11/15/2012 | Received, reviewed, and responded email from client<br>REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.30 | 112.50 |
| 11/16/2012 | Received and reviewed order denying motion to stay and requiring Plaintiff to report whether a scheduling order should be entered.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 11/16/2012 | Drafted brief opposing motion to dismiss.<br>**Obj.-lack of diligence, exc. time** | BF | 275.00 | 4.10 | 1,127.50 |
| 11/16/2012 | Received, reviewed, and responded email from client<br>REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 11/19/2012 | Received and reviewed electronic notice of filing: BNC Certificate of Mailing. (RE: related document(s)Order Denying Motion to Stay). -KMB.<br>**Obj.-lack of diligence, adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
| 11/19/2012 | Continued drafting brief in opposition.<br>**Obj.-lack of diligence, exc. time** | BF | 275.00 | 5.00 | 1,375.00 |
| 11/19/2012 | Compiled unreported cases and filed brief opposing motion to dismiss.<br>**Obj.-lack of diligence, administrative** | BF | 275.00 | 0.30 | 82.50 |
| 11/20/2012 | Received and reviewed response from CS regarding client's attendance at Hearings on Motion to Enforce Settlement and Motion to Strike. Drafted letter to client regarding same. -KMB.<br>**Obj.-lack of diligence, adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
| 11/20/2012 | Received and reviewed electronic notice of filing: Brief Opposing Plaintiff's Motion to Dismiss. -KMB.<br>**Obj.-lack of diligence, adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
| 11/20/2012 | Call to client. REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.30 | 112.50 |
| 11/21/2012 | Call from Sheils. Discussed scheduling order and theories of the case.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.30 | 112.50 |
| 11/21/2012 | Received and reviewed email from Sheils. Compared to my proposed scheduling order. Email to Sheils confirming that the order is as agreed.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/21/2012 | Review status report filed by opposing counsel.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/26/2012 | Prepared brief in support of motion to enforce.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 1.30 | 357.50 |
| 11/26/2012 | Conference with CS regarding filing a brief in support of the motion to enforce.<br>**Obj.-unsuccessful motion, exc. time** | BF | 275.00 | 0.40 | 110.00 |
| 11/27/2012 | Received and reviewed electronic notice of filing: Brief in Support of Motion to Enforce Settlement. -KMB.<br>**Obj.-unsuccessful motion, administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 11/27/2012 | Received and reviewed letter from Sheils REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 11/27/2012 | Email to client REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 11/27/2012 | Email to Sheils explaining that I have forwarded his offer to my client with my recommendation and that I will advise when I hear back from her.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 11/28/2012 | Received and reviewed email from client REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 11/28/2012 | Returned call from Sheils. He asked for concurrence to amend the complaint. He is going to send a proposed<br>**Obj.-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |

amended complaint and I will tell him whether I concur.

| | | | | |
|---|---|---|---|---|
| 12/3/2012 | Phone call with Bob Sheils. He needs a few more days for his reply brief. I gave him an extension until Wednesday. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/4/2012 | Email from Sheils asking for concurrence with amended complaint. Review proposed amended complaint. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.40 | 150.00 |
| 12/4/2012 | Prepared draft answer to amended complaint REDACTED **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.70 | 262.50 |
| 12/4/2012 | Returned call from Spott and gave open extension to file a response to the last brief. . **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 12/4/2012 | Email to Sheils agreeing with the amended complaint. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 12/5/2012 | Received, reviewed, and responded email from client REDACTED **Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/6/2012 | Received and reviewed email from opposing counsel acknowledging our consent to their filing of the amended complaint. **Obj.-lack of diligence, unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 12/10/2012 | Received and reviewed email from client. REDACTED **Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/10/2012 | Call from client. REDACTED **Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 12/11/2012 | Conference with CS regarding Thursday's hearing. **Obj.-unsuccessful motion and exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 12/11/2012 | Began preparing for hearing. **Obj.-unsuccessful motion and exc. time** | BF | 275.00 | 0.40 | 110.00 |
| 12/11/2012 | Reviewed file in preparation for Hearing on 12/13. Separated documents pertaining to Adversary. Interoffice conference with MEP regarding statement of time spent. -KMB. **Obj.-unsuccessful motion** | KMH | 125.00 | 0.30 | 37.50 |
| 12/11/2012 | Prepared bills in advance of hearing. Email to CS. -MEP. **Obj.-unsuccessful motion, exc. time** | MEP | 125.00 | 1.30 | 162.50 |
| 12/11/2012 | Prepared for hearing. **Obj.-unsuccessful motion, exc. time** | BF | 275.00 | 2.60 | 715.00 |
| 12/11/2012 | Continued preparing for hearing. **Obj.unsuccessful motion, exc. time** | BF | 275.00 | 0.80 | 220.00 |
| 12/12/2012 | Review bill prepared for hearing for accuracy. Email to KMB regarding expenses. **Obj.-unsuccessful motion, exc. time** | CS | 375.00 | 0.10 | 37.50 |
| 12/12/2012 | Received and reviewed Brief in Opposition to Motion to Enforce. **Obj.-unsuccesful motion** | CS | 375.00 | 0.80 | 300.00 |
| 12/12/2012 | Received and reviewed Brief in Reply to Opposition to Counterclaim. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 12/12/2012 | Returned call from Attorney Sheils. Not available. Left message. **Obj.-vague and adminstrative** | CS | 375.00 | 0.10 | 37.50 |
| 12/12/2012 | Two calls with Attorney Sheils. REDACTED **Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 12/12/2012 | Continued preparing for hearing. **Obj.-unsuccessful motion, exc. time** | BF | 275.00 | 10.70 | 2,942.50 · |
| 12/12/2012 | Email to KMB and BF explaining that they should put a hold on continued preparations for the hearing for 1 hour while we wait for opposing counsel to determine whether his client will continue. **Obj.-unsuccesful motion, administrative** | CS | 375.00 | 0.10 | 37.50 |
| 12/12/2012 | Received interoffice memo that hearing will not be continued. Reviewed and organized file in preparation for hearing. -KMB. **Obj.-unsuccesful motion, administrative** | KMH | 125.00 | 0.90 | 112.50 |

| Date | Description | | Rate | Hours | Amount |
|------|-------------|--|------|-------|--------|
| 12/12/2012 | Reviewed and prepared folder.<br>**Obj. unsuccessful motion, adminstrative** | ABB | 125.00 | 0.20 | 25.00 |
| 12/12/2012 | Mooted BF for hearing.<br>**Obj. unsuccessful motion, exc. time** | CS | 375.00 | 3.50 | 1,312.50 |
| 12/13/2012 | Finished prep for hearing.<br>**Obj.-unsuccessful motion exc. time** | BF | 275.00 | 0.80 | 220.00 |
| 12/13/2012 | Travel time to hearing.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 0.50 | 137.50 |
| 12/13/2012 | Attend hearing on motion to enforce.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 3.50 | 962.50 |
| 12/13/2012 | Travel time back from the hearing to Dunmore.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 0.50 | 137.50 |
| 12/13/2012 | Prep for hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.70 | 262.50 |
| 12/13/2012 | Continued prep for hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.50 | 187.50 |
| 12/13/2012 | Travel to hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.50 | 187.50 |
| 12/13/2012 | Attend hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 3.50 | 1,312.50 |
| 12/13/2012 | Travel back from hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.50 | 187.50 |
| 12/13/2012 | Received and reviewed email from client REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/13/2012 | Call to client REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/13/2012 | Received and reviewed proceeding memos for each of today's hearings.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 12/13/2012 | Review order dismissing all of Plaintiff's pending motions as moot, scheduling hearing on motion to enforce, ordering answer due by 28 days from the date of the order.<br>**Obj.-unsuccessful motion, redundant** | CS | 375.00 | 0.10 | 37.50 |
| 12/13/2012 | Email to Sheils asking him to confirm our understanding that the fee issue will be bifurcated.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 12/13/2012 | Email to opposing counsel suggesting alterations to discovery response dates so that we could refrain from discovery until after the hearing but still work with the current scheduling order.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.20 | 75.00 |
| 12/14/2012 | Received and reviewed email from Sheils regarding whether they would stipulate to bifurcate the hearing.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 12/14/2012 | Email to & from BF REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/14/2012 | Email to Sheils proposing that we ask the Court to bifurcate. Alternatively, asking them to concur with our motion to bifurcate.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 12/14/2012 | Prepare letter to Court regarding mediation.<br>**Obj.-exc. time** | CS | 375.00 | 0.40 | 150.00 |
| 12/14/2012 | Filed letter to Judge Opel -MEP.<br>**Obj.-exc. time** | MEP | 125.00 | 0.10 | 12.50 |
| 12/17/2012 | Received, reviewed, and responded email from client. REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 12/20/2012 | Email to Sheils again asking if he would consent with our motion that the hearing should be bifurcated.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 12/27/2012 | Phone call with Bob Sheils and notes/email to CS. REDACTED<br>**Obj.-vague, unsuccessful motion, administrative** | BF | 275.00 | 0.20 | 55.00 |
| 12/27/2012 | Phone call with Carlo. Prepared requested email to Sheils. Called Sheils to let him know that I sent the email. Left a<br>**Obj.-exc. time, administrative** | BF | 275.00 | 0.20 | 55.00 |

message with his secretary.

| Date | Description | Atty | Rate | Hours | Amount |
|------|-------------|------|------|-------|--------|
| 12/27/2012 | Received and reviewed motion to dismiss counterclaim. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 12/27/2012 | Researched whether a party can file a voluntary dismissal under Rule 41 after filing an amended complaint. **Obj.-unrelated to underlying claim** | BF | 275.00 | 0.40 | 110.00 |
| 12/27/2012 | Received, reviewed, and responded to email from Sheils regarding his motion to dismiss. **Obj.-lack of diligence** | BF | 275.00 | 0.30 | 82.50 |
| 12/28/2012 | Reviewed file. Received and reviewed certificate of mailing regarding Order dismissing the Motion to Dismiss Counterclaim, Received and reviewed Consent to Mediation. Verified hearing and trial are calendared. Drafted interoffice emails to CS and BF regarding client's attendance and case status. -KMB. **Obj.-redundant, administrative** | KMH | 125.00 | 0.50 | 62.50 |
| 12/31/2012 | Read Plaintiff's Motion to Dismiss. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 1/2/2013 | Received and reviewed order setting hearing on Plaintiff's motion to voluntarily dismiss the amended complaint. **Obj.-unrelated to underlying claim** | CS | 375.00 | 0.10 | 37.50 |
| 1/3/2013 | Received and reviewed electronic notice of filing: Order setting Hearing Date regarding Motion to Dismiss. -KMB. **Obj.-administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 1/4/2013 | Received, reviewed, and responded email from KMB regarding whether client now needs to attend hearing. **Obj.-administrative** | CS | 375.00 | 0.10 | 37.50 |
| 1/8/2013 | Called client REDACTED **Obj.-vague** | KMH | 125.00 | 0.10 | 12.50 |
| 1/8/2013 | Received and reviewed electronic notice of filing: BNC Certificate of Mailing. (RE: related document(s) Order setting Hearing. -KMB. **Obj.-administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 1/8/2013 | Interoffice conference with BF. Reviewed file. Prepared and organized same in preparation for hearings. -ABB. **Obj.-unsuccessful motion** | ABB | 125.00 | 0.30 | 37.50 |
| 1/8/2013 | Prepared for tomorrow's hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.60 | 165.00 |
| 1/8/2013 | Interoffice e-mail with BF. Prepared and organized documents. **Obj.-unsuccessful motion** | ABB | 125.00 | 0.40 | 50.00 |
| 1/8/2013 | Received, reviewed, and responded to email from client REDACTED **Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 1/9/2013 | Interoffice conference with CS. Prepared and organized documents for hearing. **Obj.-vague, unsuccessful motion** | ABB | 125.00 | 0.20 | 25.00 |
| 1/9/2013 | Attended Hearing on Motion to Enforce and Motion for Voluntary Dismissal in Wilkes Barre. **Obj.-unsuccessful motion** | BF | 275.00 | 2.70 | 742.50 |
| 1/9/2013 | Travel time to Wilkes-Barre for Hearing on Motion to Enforce Settlement. **Obj.-unsuccessful motion** | BF | 275.00 | 0.50 | 137.50 |
| 1/9/2013 | Travel time back from Hearing on Motion to Enforce and Motion for Voluntary Dismissal. **Obj.-unsuccessful motion** | BF | 275.00 | 0.50 | 137.50 |
| 1/9/2013 | Moot BF for Hearing on Motion to Enforce Settlement. **Obj.-exc. time, unsuccessful motion** | CS | 375.00 | 1.00 | 375.00 |
| 1/9/2013 | Travel to WB for hearing. **Obj.-exc. time., unsuccessful motion** | CS | 375.00 | 0.50 | 187.50 |
| 1/9/2013 | Attend hearings on Motions to Enforce and to Dismiss. **Obj.-exc. time, unsuccessful motion** | CS | 375.00 | 2.80 | 1,050.00 |

| Date | Description | | Rate | Hours | Amount |
|------|-------------|---|------|-------|--------|
| 1/9/2013 | Travel from WB. | CS | 375.00 | 0.40 | 150.00 |
| | **Obj.-exc. time, unsuccessful motion** | | | | |
| 1/9/2013 | Prepared for today's hearing. | BF | 275.00 | 1.30 | 357.50 |
| | **Obj.-exc. time, unsuccessful motion** | | | | |
| 1/10/2013 | Review 2 proceeding memos. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-exc. time, unsuccessful motion** | | | | |
| 1/10/2013 | Review old scheduling order. Email to Attorney Sheils confirming that February 14th works and proposing modifications to scheduling order per Court's order. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/10/2013 | Review Order denying motion to dismiss adversary. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-lack of diligence** | | | | |
| 1/10/2013 | Received and reviewed and respond to email from client REDACTED | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-vague** | | | | |
| 1/10/2013 | Received and reviewed email from Carlo to Attorney Sheils proposing that we modify the scheduling order to change the effective date to the date a decision is rendered on the motion to enforce. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-redundant, exc. time** | | | | |
| 1/10/2013 | Received and reviewed email from client REDACTED | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-vague** | | | | |
| 1/22/2013 | Reviewed file to determine whether adversary has concluded. -MEP (redacted) | MEP | 125.00 | 0.10 | 12.50 |
| | **Obj.-redundant, vague, adminstrative** | | | | |
| 1/22/2013 | Call from Attorney Sheils. Discussed proposed changes to scheduling order. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/23/2013 | Received and reviewed email from Attorney Sheils attaching his proposed letter to Judge Opel explaining how the parties believe the scheduling order should be modified. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-redundant, lack of diligence** | | | | |
| 1/23/2013 | Received and reviewed letter from opposing counsel with proposed revised scheduling order. Review order and sent an email to opposing counsel approving it. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/23/2013 | Received and reviewed ECF filed: Status Report. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-lack of diligence** | | | | |
| 1/25/2013 | Received, reviewed, and responded to email from client REDACTED | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-vague** | | | | |
| 1/29/2013 | Returned call from Attorney Sheils. He thinks that we spoke regarding a request for telephonic testimony. He wants to know if I concur. I told him probably not, but, please send the motion over and I'll look at it and let him know for sure. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-unsuccessful motion** | | | | |
| 1/29/2013 | Conference with BF. | CS | 375.00 | 0.50 | 187.50 |
| | **Obj.- vague, exc. time** | | | | |
| 1/29/2013 | Conference with CS regarding telephonic testimony. | BF | 275.00 | 0.50 | 137.50 |
| | **Obj.-exc. time, unsuccessful motion** | | | | |
| 1/29/2013 | Phone call with Attorney Sheils. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-unsuccessful motion** | | | | |
| 1/29/2013 | Call from Attorney Sheils REDACTED | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-vague, unsuccessful motion** | | | | |
| 1/29/2013 | Call from Attorney Sheils. They won't agree to allow me to take the deposition telephonically. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-unsuccessful motion** | | | | |
| 1/29/2013 | Call to client REDACTED | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-vague** | | | | |
| 1/30/2013 | Rough draft of response to motion to allow telephonic testimony. Give to BF with instructions for additional research. | CS | 375.00 | 1.40 | 525.00 |
| | **Obj.-unsuccessful motion** | | | | |

| | | | | |
|---|---|---|---|---|
| 1/30/2013 | Researched standard for telephonic testimony and reviewed draft answer to motion. **Obj.-unsuccessful motion** | BF | 275.00 | 0.90 | 247.50 |
| 1/31/2013 | Received and reviewed email from Attorney Sheils attaching his draft motion for telephonic testimony and motion for expedited consideration. **Obj.-unsuccessful motion** | BF | 275.00 | 0.10 | 27.50 |
| 2/1/2013 | Received and reviewed email from CS. Filed Answer to Plaintiff's Motion for Telephone Testimony of Witnesses electronically. -MEP. **Obj.-unsuccessful motion, administrative** | MEP | 125.00 | 0.20 | 25.00 |
| 2/4/2013 | Received and reviewed interoffice email from CS. Prepared file for tomorrow's hearing on Motion to Appear Telephonically. -KMB. **Obj.-unsuccessful motion, administrative** | KMH | 125.00 | 0.30 | 37.50 |
| 2/5/2013 | Travel to Hearing on Motion to Permit Telephonic Testimony. **Obj.-unsuccessful motion** | CS | 375.00 | 0.50 | 187.50 |
| 2/5/2013 | Prepare for hearing. **Obj.-unsuccessful motion** | CS | 375.00 | 0.40 | 150.00 |
| 2/5/2013 | Hearing. **Obj.-unsuccessful motion** | CS | 375.00 | 0.40 | 150.00 |
| 2/5/2013 | Travel from hearing. **Obj.-unsuccessful motion** | CS | 375.00 | 0.50 | 187.50 |
| 2/5/2013 | Received and reviewed proceeding memo. **Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 2/6/2013 | Received and reviewed Docs. 51 and 52 (Order granting in part and denying in part motion to allow telephonic testimony; Scheduling Order). **Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 2/6/2013 | Conference with BF REDACTED **Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 2/6/2013 | Researched proper scope of rebuttal witnesses in preparation for the 2/14/13 hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.80 | 220.00 |
| 2/6/2013 | Conference with CS re: strategy. **Obj.-unsuccessful motion** | BF | 275.00 | 0.20 | 55.00 |
| 2/8/2013 | Received and reviewed 2/7/13 email from Attorney Sheils with exhibits that he intends to introduce at the 2/14/13 hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.20 | 55.00 |
| 2/8/2013 | Researched case law regarding FRE 602. REDACTED **Obj.-unsuccessful motion; exc. time, vague** | BF | 275.00 | 1.40 | 385.00 |
| 2/12/2013 | Reviewed and proofread statement since time spent since originally scheduled Hearing on Motion to Enforce Settlement. Drafted interoffice email to BF regarding same. -KMB. **Obj.-unsuccessful motion, administrative** | KMH | 125.00 | 0.90 | 112.50 |
| 2/12/2013 | Conference with BF (strategy for Thursday's hearing.). **Obj.-unsuccessful motion, exc. time** | CS | 375.00 | 0.40 | 150.00 |
| 2/12/2013 | Conference with CS re: strategy for hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.40 | 110.00 |
| 2/13/2013 | Reviewed file and determined dates and times for each hearing held in matter. Requested cd transcripts from Trish in Judge Opel's office. Email to CS to review and sign letter with CC to KMB to prepare check. Scanned both and emailed to Trish. Prepared envelope for hand delivery. -MEP. **Obj.-unsuccessful motion** | MEP | 125.00 | 0.80 | 100.00 |
| 2/13/2013 | Received and reviewed interoffice email from MEP regarding Court's fee for transcript of hearings on CD. Drafted check for and provided same for expedited delivery. -KMB. **Obj.-unsuccessful motion** | KMH | 125.00 | 0.10 | 12.50 |

| 2/13/2013 | Prepared and organized documents for upcoming hearing.<br>**Obj.-unsuccessful motion** | ABB | 125.00 | 0.90 | 112.50 |
|---|---|---|---|---|---|
| 2/13/2013 | Received, reviewed, and responded to email from client<br>REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 2/13/2013 | Prepared for tomorrow's hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | BF | 275.00 | 5.30 | 1,457.50 |
| 2/13/2013 | Received and reviewed email from client.<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 2/14/2013 | Travel to hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.50 | 187.50 |
| 2/14/2013 | Attend hearing. (arrive at about 11:15 - hearing started<br>shortly after 11:30. Hearing ended at about 12:18).<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 1.10 | 412.50 |
| 2/14/2013 | Travel back from hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | CS | 375.00 | 0.50 | 187.50 |
| 2/14/2013 | Continued preparing for hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | BF | 275.00 | 1.00 | 275.00 |
| 2/14/2013 | Travel time to hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 2/14/2013 | Attended hearing on motion to enforce.<br>**Obj.-unsuccessful motion, redundant, exc. time** | BF | 275.00 | 1.10 | 302.50 |
| 2/14/2013 | Travel time from hearing.<br>**Obj.-unsuccessful motion, redundant, exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 2/14/2013 | Received and reviewed order from Court.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 2/18/2013 | Received and reviewed electronic notice of filing: BNC<br>Certificate of Mailing.<br>**Obj.-administrative** | ABB | 125.00 | 0.10 | 12.50 |
| 2/25/2013 | Received and reviewed electronic notice of filing: Proceeding<br>Memo for hearing scheduled on: 02/14/2013 regarding<br>Motion to Enforce Settlement Agreement. Matter continued.<br>Calendared hearing date. Drafted interoffice email to BF<br>regarding same. Inquired to CS whether client might need to<br>attend this hearing. -KMB.<br>**Obj.-adminstrative** | KMH | 125.00 | 0.20 | 25.00 |
| 2/25/2013 | Received and reviewed response from CS regarding client's<br>attendance not being necessary. Drafted email to client<br>regarding same. -KMB.<br>**Obj.-adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
| 2/25/2013 | Prepared outline for brief.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 1.30 | 357.50 |
| 2/26/2013 | Continued preparing outline for brief.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 4.60 | 1,265.00 |
| 2/27/2013 | Received and reviewed interoffice email from MEP regarding<br>request for hearing transcript. Drafted check for court's fee<br>for same. -KMB.<br>**Obj.-adminstrative, unsuccessful motion** | KMH | 125.00 | 0.10 | 12.50 |
| 2/27/2013 | Received and reviewed email from BF to obtain transcript of<br>02/14/13 hearing. Call to Trish in Judge Opel's office. Got<br>voicemail and left message. Prepared cover letter for<br>request. Sent email to Trish with unsigned letter requesting<br>transcript on CD and notifying her hard copy will follow in<br>the mail with the check. Email to KMB for $30 check for<br>fee. Prepared letter for mailing with note to SLW to include<br>check. -MEP.<br>**Obj.-unsuccessful motion** | MEP | 125.00 | 0.30 | 37.50 |
| 2/27/2013 | Reviewed and signed letter to Trish in Judge Opel's for<br>02-14-13 hearing on CD.pdf.<br>**Obj.-unsuccessful motion** | CS | 375.00 | 0.10 | 37.50 |
| 3/1/2013 | Received and reviewed email from Trish Ratchford. She'll<br>mail the transcript cd today.<br>**Obj.-unsuccessful motion** | BF | 275.00 | 0.10 | 27.50 |

| Date | Description | Initials | Rate | Hours | Amount |
|------|-------------|----------|------|-------|--------|
| 3/4/2013 | Began drafting brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2-26 entries** | BF | 275.00 | 0.50 | 137.50 |
| 3/4/2013 | Reviewed audio from hearings for brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2-26 entries** | BF | 275.00 | 1.50 | 412.50 |
| 3/5/2013 | Continued drafting brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2-26 entries** | BF | 275.00 | 5.20 | 1,430.00 |
| 3/6/2013 | Continued drafting brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2-26 entries** | BF | 275.00 | 4.80 | 1,320.00 |
| 3/7/2013 | Continued drafting brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2/26 entries** | BF | 275.00 | 1.20 | 330.00 |
| 3/7/2013 | Finalized brief. **Obj.-unsuccessful motion-exc. time see 2/25 & 2/26 entries** | BF | 275.00 | 1.10 | 302.50 |
| 3/7/2013 | Interoffice conference with BF regarding brief. -KMB. **Obj.-unsuccessful motion-adminstrative-exc. time** | KMH | 125.00 | 1.10 | 137.50 |
| 3/11/2013 | Received and reviewed electronic notice of filing: Brief -KMB. **Obj.-unsuccessful motion, administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 4/1/2013 | Received and respond to email from client (acknowledging receipt of my email with the briefs and advising that she will read them.). **Obj.-unsuccessful motion, administrative** | CS | 375.00 | 0.10 | 37.50 |
| 4/10/2013 | Reviewed brief and cases cited by California Coast. **Obj.-unsuccessful motion, exc. time, redundant** | BF | 275.00 | 0.80 | 220.00 |
| 4/10/2013 | Prepared for tomorrow's hearing. **Obj.-unsuccessful motion, exc. time., redundant** | BF | 275.00 | 2.80 | 770.00 |
| 4/11/2013 | Responded to e-mail from BF requesting recent docket event in case. **Obj.-adminstrative** | ABB | 125.00 | 0.10 | 12.50 |
| 4/11/2013 | Travel time to hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.60 | 165.00 |
| 4/11/2013 | Travel time back from hearing. **Obj.-unsuccessful motion** | BF | 275.00 | 0.60 | 165.00 |
| 4/11/2013 | Attended hearing on motion to enforce. **Obj.-unsuccessful motion** | BF | 275.00 | 2.90 | 797.50 |
| 4/11/2013 | Draft answer. **Obj.-lack of dilligence** | BF | 275.00 | 0.50 | 137.50 |
| 4/12/2013 | Reviewed motion to dismiss original counterclaim REDACTED **Obj.-lack of diligence-redundant** | BF | 275.00 | 0.30 | 82.50 |
| 4/12/2013 | Call with client. REDACTED **Obj.-vague** | CS | 375.00 | 0.30 | 112.50 |
| 4/12/2013 | Received and reviewed email from CS to filed Answer and Counterclaim. Filed online. -MEP. **Obj.-adminstrative** | MEP | 125.00 | 0.30 | 37.50 |
| 4/12/2013 | Received and reviewed email from client. **Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 4/15/2013 | Received and reviewed electronic notice of filing: Answer to Amended Complaint and Counterclaim against California Coast University. **Obj.-vague** | ABB | 125.00 | 0.10 | 12.50 |
| 4/15/2013 | Received and reviewed electronic notice of filing: BNC Certificate of Mailing. **Obj.-vague** | ABB | 125.00 | 0.10 | 12.50 |
| 4/22/2013 | Call from Sheils. REDACTED **Obj.-vague** | CS | 375.00 | 0.30 | 112.50 |
| 5/3/2013 | Receive and review motion to dismiss filed by California Coast. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 5/9/2013 | Draft discovery requests regarding automatic stay violation. **Obj.-lack of diligence** | BF | 275.00 | 1.60 | 440.00 |
| 5/10/2013 | Continued drafting discovery requests regarding the automatic stay violation. **Obj.-lack of diligence** | BF | 275.00 | 0.70 | 192.50 |
| 5/10/2013 | Review and sign letter to opposing counsel enclosing discovery request. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |

Case 5:12-ap-00247-RNO    Doc 155    Filed 01/28/16    Entered 01/28/16 19:50:42    Desc
Case 5:12-ap-00247-RNO    Main Document    Page 11 of 28
Desc  Exhibit A-Special Fee Line Item Objections to Statement    Page 12 of 29

| Date | Description | | Rate | Hours | Amount |
|------|-------------|--|------|-------|--------|
| 5/17/2013 | Receive and review brief in support of motion to dismiss. **Obj.-lack of diligence** | BF | 275.00 | 0.40 | 110.00 |
| 5/20/2013 | Continue drafting brief opposing second motion to dismiss. **Obj.-lack of diligence** | BF | 275.00 | 3.00 | 825.00 |
| 5/21/2013 | Continue drafting brief. **Obj.-lack of diligence** | BF | 275.00 | 1.40 | 385.00 |
| 5/22/2013 | Continue drafting brief opposing motion to dismiss. **Obj.-lack of diligence, exc. time.** | BF | 275.00 | 1.30 | 357.50 |
| 5/23/2013 | Continue drafting brief opposing second motion to dismiss. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 4.40 | 1,210.00 |
| 5/24/2013 | Continue drafting brief. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 2.40 | 660.00 |
| 5/24/2013 | File brief in opposition. **Obj.-lack of diligence, adminisrative** | BF | 275.00 | 0.10 | 27.50 |
| 5/28/2013 | Conference with CS regarding letter from opposing counsel. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 0.60 | 165.00 |
| 5/28/2013 | Draft letter to opposing counsel. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 2.30 | 632.50 |
| 5/28/2013 | Receive and review electronic notice of filing: Brief in Opposition of Plaintiff's Motion to Dismiss. **Obj.-adminstrative** | ABB | 125.00 | 0.10 | 12.50 |
| 5/28/2013 | Receive and review email from opposing counsel proposing to stay discovery and move the trial date. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 5/30/2013 | Receive phone call from opposing counsel. REDACTED **Obj.-vague** | BF | 275.00 | 0.40 | 110.00 |
| 5/30/2013 | Phone call with Bob Shiels. REDACTED **Obj.-vague** | BF | 275.00 | 0.30 | 82.50 |
| 5/30/2013 | Draft letter to opposing counsel. **Obj.-vague, exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 5/30/2013 | Phone call from opposing counsel regarding the letter I just sent him. **Obj.-redundant** | BF | 275.00 | 0.10 | 27.50 |
| 6/10/2013 | Receive and review reply brief. **Obj.-lack of diligence** | BF | 275.00 | 0.50 | 137.50 |
| 6/10/2013 | Prepare and organize documents for upcoming status conference. **Obj.-administrative** | ABB | 125.00 | 0.60 | 75.00 |
| 6/11/2013 | Receive, review, and respond to ABB interoffice email regarding preparing folder for the Status Conference on the 13th. -KMB. **Obj.-adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
| 6/12/2013 | Prepare for tomorrow's hearing. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 4.00 | 1,100.00 |
| 6/12/2013 | Call with Sheils and BF regarding Sheils request ~~for an~~ extension of time to respond to discovery. **Obj.-lack of diligence** | ~~GS~~ | 375.00 | 0.10 | 37.50 |
| 6/12/2013 | 2nd call with Sheils and BF regarding Sheils request for an extension of time to respond to discovery. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 6/12/2013 | Receive and review email from Sheils confirming the extension to respond to discovery. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 6/12/2013 | Moot BF to prepare for tomorrow's argument. **Obj.-lack of diligence** | CS | 375.00 | 0.40 | 150.00 |
| 6/13/2013 | Receive and review electronic notice of filing: Answer to Plaintiff's Motion to Dismiss Defendant's Counterclaim. **Obj.-adminstrative** | ABB | 125.00 | 0.10 | 12.50 |
| 6/13/2013 | Interoffice conference with BF regarding status conference. -KMB. **Obj.-administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 6/13/2013 | Attend hearing in WB. Time includes travel. **Obj.-lack of diligence** | BF | 275.00 | 2.80 | 770.00 |
| 6/13/2013 | Receive and review proceeding memo regarding status conference. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |

| Date | Description | Init | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 6/18/2013 | Email from opposing counsel thanking us for giving him a brief extension with respect to responding to the discovery. **Obj.-adminstrative** | BF | 275.00 | 0.10 | 27.50 |
| 6/19/2013 | Return opposing counsel's phone call. He wanted to confirm that he could send the documents via PDF. **Obj.-adminstrative** | BF | 275.00 | 0.10 | 27.50 |
| 6/19/2013 | Receive and review Defendant's discovery responses. **Obj.-lack of diligence** | BF | 275.00 | 0.40 | 110.00 |
| 6/20/2013 | Receive and review email from opposing counsel with Defendant's responses to RFAs, RPS, and Rogs. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 6/20/2013 | Receive and review email from opposing counsel attaching Defendant's responses to the RPDs. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 6/24/2013 | Research re: dischargability action elements. **Obj.-unrelated to underlying claim** | BF | 275.00 | 0.70 | 192.50 |
| 6/27/2013 | Begin drafting discovery requests for dischargeability action. **Obj.-unrelated to underlying claim** | BF | 275.00 | 1.20 | 330.00 |
| 7/1/2013 | Email to opposing counsel requesting a discovery conference. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/1/2013 | Receive and review opinion of the court denying Coast's motion to dismiss Aleckna's counterclaim. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 7/1/2013 | Continue drafting second set of discovery requests. **Obj.-unrelated to underlying claim** | BF | 275.00 | 0.40 | 110.00 |
| 7/2/2013 | Receive and review order denying motion to dismiss counterclaim. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/2/2013 | Email to opposing counsel because he never provided me with dates/time for a discovery conference. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/3/2013 | Finished drafting discovery requests. **Obj.-unrealted to underlying claim** | BF | 275.00 | 1.10 | 302.50 |
| 7/8/2013 | Email to opposing counsel again requesting times for a discovery conference. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/8/2013 | Receive and review email from opposing counsel with a letter attached asking me to provide all of the objections we wish to discuss. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/8/2013 | Draft letter to opposing counsel regarding Coast's discovery objections. **Obj.-lack of diligence** | BF | 275.00 | 0.60 | 165.00 |
| 7/10/2013 | Continue drafting discovery letter to opposing counsel. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 7/16/2013 | Review answer and counter claim. **Obj.-lack of dilligence** | CS | 375.00 | 0.30 | 112.50 |
| 7/29/2013 | Receive and review Plaintiff's answer to Defendant's counterclaim. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 7/29/2013 | Phone call to Bob Sheils. He asked that we agree that the trial be rescheduled until November or December. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/29/2013 | Draft motion to continue trial date. **Obj.lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/30/2013 | Email to opposing counsel attaching the draft joint motion to reschedule trial. **Obj.lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 7/30/2013 | Returned Bob Sheil's phone call. REDACTED **Obj.-vague** | BF | 275.00 | 0.20 | 55.00 |
| 7/31/2013 | Phone call with opposing counsel. REDACTED **Obj.-vague** | BF | 275.00 | 0.10 | 27.50 |
| 8/1/2013 | Receive, review, and respond to email from opposing **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |

counsel regarding the joint motion to reschedule the trial.

| Date | Description | Initials | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 8/1/2013 | Modified joint motion to reschedule trial.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/1/2013 | Review and sign joint motion to reschedule trial.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/1/2013 | Receive and review email from opposing counsel. He will file the joint motion today.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/1/2013 | Receive and review filed joint motion to reschedule trial.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/1/2013 | Receive and review joint motion to reschedule trial.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 8/2/2013 | Receive and review order continuing trial.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 8/7/2013 | Receive and review electronic notice of filing: Order Continuing trial originally set for September 5. Draft interoffice email regarding same. Noted client's electronic file with updated trial date. -KMB.<br>**Obj.-administrative** | KMH | 125.00 | 0.20 | 25.00 |
| 8/8/2013 | Continue drafting discovery letter.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.60 | 165.00 |
| 8/9/2013 | Continue drafting discovery letter.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.70 | 192.50 |
| 8/9/2013 | Draft email to opposing counsel attaching discovery letter.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/14/2013 | Conference with CS to discuss discovery requests.<br>**Obj.-lack of diligence, exc. time** | BF | 275.00 | 0.80 | 220.00 |
| 8/14/2013 | Conference with BF fine tuning discovery requests.<br>**Obj.-lack of diligence, exc. time, redundant** | CS | 375.00 | 0.80 | 300.00 |
| 8/14/2013 | Draft letter to opposing counsel enclosing our second set of discovery requests.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/14/2013 | Review and sign letter to opposing counsel.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 8/16/2013 | Draft email to opposing counsel asking if he has time next week to discuss my discovery letter.<br>**Obj.-lack of diligence, adminstrative** | BF | 275.00 | 0.10 | 27.50 |
| 8/27/2013 | Phone call with opposing counsel to schedule the discovery conference. We are going to speak on 9/6.<br>**Obj.-lack of diligence, adminstrative** | BF | 275.00 | 0.10 | 27.50 |
| 8/29/2013 | Phone call from opposing counsel. His client wishes to withdraw its complaint to determine dischargeability. He believes that this should not impact our counterclaim. He asked for my concurrence. I told him I would need to see the document, which he is already drafting, and do some research to make sure that this will not have a negative impact on our counterclaim. He will get me a draft document tomorrow.<br>**Obj.-lack of diligence, unrelated to underlying claim** | BF | 275.00 | 0.10 | 27.50 |
| 9/3/2013 | Receive, review, and respond to email from opposing counsel regarding his proposed motion to dismiss the dischargeability action.<br>**Obj.-unrelated to underlying claim** | BF | 275.00 | 0.10 | 27.50 |
| 9/3/2013 | Conference with CS regarding Plaintiff's proposed motion to dismiss with prejudice.<br>**Obj.-unrelated to underlying claim** | BF | 275.00 | 0.30 | 82.50 |
| 9/6/2013 | Call with Sheils. (BF was out sick) Began discussion of discovery disputes and Sheils asked to continue it to a different date. Rescheduled to Wed the 11th at 10 AM.<br>**Obj.-unrelated to underlying claim** | CS | 375.00 | 0.40 | 150.00 |
| 9/6/2013 | Email to BF describing results of discovery conference so that he would know where we left off when he resumes it on<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |

the 11th.

| Date | Description | | | | |
|------|-------------|---|---|---|---|
| 9/10/2013 | Phone call with opposing counsel. He asked to move our discovery conference to Friday at 1:00.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 9/13/2013 | Phone call to Sheils. He is on the other line. He will call me back.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 9/13/2013 | Discovery conference with Sheils and notes. REDACTED<br>**Obj.-lack of diligence** | BF | 275.00 | 0.50 | 137.50 |
| 9/16/2013 | Receive, review, and respond to email from client REDACTED<br>**Obj.-vague** | BF | 275.00 | 0.10 | 27.50 |
| 9/16/2013 | Draft email to client REDACTED<br>**Obj.-vague** | BF | 275.00 | 0.10 | 27.50 |
| 9/16/2013 | Receive and review email from client. REDACTED<br>**Obj.-vague** | BF | 275.00 | 0.10 | 27.50 |
| 9/16/2013 | Receive, review, and respond to email REDACTED<br>**Obj.-vague** | BF | 275.00 | 0.10 | 27.50 |
| 9/24/2013 | Draft discovery responses.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.80 | 220.00 |
| 9/25/2013 | Receive and review email from opposing counsel granting an extension to respond to the discovery requests.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 9/27/2013 | Phone call to opposing counsel. He is going to find out when his client would be available in the next 2 weeks for a telephonic deposition. He will get back to me soon.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 9/30/2013 | Phone call with opposing counsel regarding date of deposition.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 10/1/2013 | Review and sign letter to Robert Sheils regarding Notice of Deposition.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 10/1/2013 | Draft deposition notice.<br>**Obj.-lack of diligence, exc. time** | BF | 275.00 | 1.00 | 275.00 |
| 10/2/2013 | Continue drafting discovery responses.<br>**Obj.-lack of diligence** | BF | 275.00 | 0.60 | 165.00 |
| 10/4/2013 | Call with Sheils regarding extension.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/4/2013 | Call to client. REDACTED<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/4/2013 | Email to Sheils REDACTED<br>**Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 10/4/2013 | Receive and review email from Sheils that he will draft a proposed motion to the court to extend the discovery period.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2013 | Receive and review email and joint motion for extension from Sheils.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2013 | Email to Sheils approving joint motion and indicating that we wouldn't be opposed to a further extension if he wished.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2013 | Receive and review email from Sheils requesting a conference to discuss the deposition notice.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2013 | Call from Sheils. We'll do the deposition on October 28th or 30th. Maybe try to do all of the discovery deps on one day. Right now, he doesn't have the discovery. We'll have it to them by the 18th. Aleckna at 9:00. Telephonic for California Coast. Court reporter will be in California. Telephone.<br>**Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 10/10/2013 | Call to client. REDACTED<br>**Obj.-lack of diligence** | CS | 375.00 | 0.20 | 75.00 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| 10/10/2013 | Receive, review, and respond to email from Sheils regarding rescheduling deposition. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/10/2013 | Review ECF 79 (filed motion to extend time.). | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 10/15/2013 | Review discovery response and make modifications. Email to BF regarding REDACTED | CS | 375.00 | 0.30 | 112.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/15/2013 | Conference with CS regarding overall strategy and discovery responses. | BF | 275.00 | 0.60 | 165.00 |
| | **Obj.-lack of diligence, exc. time** | | | | |
| 10/17/2013 | Emails with client REDACTED | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-vague** | | | | |
| 10/17/2013 | Call to client. REDACTED | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-vague** | | | | |
| 10/17/2013 | Call with client REDACTED | CS | 375.00 | 0.40 | 150.00 |
| | **Obj.-vague** | | | | |
| 10/18/2013 | Finalized discovery responses, including responsive documents. | BF | 275.00 | 0.20 | 55.00 |
| | **Obj.-lack of diligence** | | | | |
| 10/18/2013 | Review and sign letter to Sheils regarding Response to First Set of Discovery Requests. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/18/2013 | Receive and review email from client REDACTED | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 10/18/2013 | Receive and review email from client REDACTED | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 10/21/2013 | Receive and review electronic notice of filing: BNC Certificate of Mailing. -KMB. | KMH | 125.00 | 0.10 | 12.50 |
| | **Obj.-lack of diligence, administrative** | | | | |
| 10/24/2013 | Phone call with opposing counsel. He was wondering if the 6th would work for a deposition. I told him I had a hearing, but I might be able to get it rescheduled if I had enough notice. He is also going to want to discuss our discovery responses, but he needed some more time before discussing them. | BF | 275.00 | 0.60 | 165.00 |
| | **Obj.-lack of diligence** | | | | |
| 10/25/2013 | Receive, review, and respond to email from client REDACTED | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 10/25/2013 | Receive, review, and respond to email from client. REDACTED | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 10/31/2013 | Phone call with opposing counsel. We're going to do CCU's deposition on 11/6 at 2:00 EDT. He will send me a letter regarding our discovery responses. | BF | 275.00 | 0.20 | 55.00 |
| | **Obj.-lack of diligence** | | | | |
| 10/31/2013 | Draft amended deposition notice. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/31/2013 | Draft letter to opposing counsel enclosing deposition notice. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/31/2013 | Review and sign letter to Sheils regarding deposition. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 10/31/2013 | Arrange for court reporter. | SMD | 125.00 | 0.30 | 37.50 |
| | **Obj.-adminstrative** | | | | |
| 11/5/2013 | Re-schedule court reporter. | SMD | 125.00 | 0.10 | 12.50 |
| | **Obj.-adminstrative** | | | | |
| 11/5/2013 | Phone call with opposing counsel regarding tomorrow's deposition. | BF | 275.00 | 0.20 | 55.00 |
| | **Obj.-lack of diligence** | | | | |
| 11/5/2013 | Draft email to client regarding a potential deposition on 11/11. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 11/5/2013 | Receive and review email from opposing counsel confirming | BF | 275.00 | 0.10 | 27.50 |

| Date | Description | | | | |
|------|-------------|---|---|---|---|
| | that the deposition is being moved to 11/11 at 2:00 EST. **Obj.-lack of diligence** | | | | |
| 11/5/2013 | Receive and review email from client regarding the deposition. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 11/6/2013 | Phone conference with opposing counsel to discuss his discovery objections. **Obj.-lack of diligence** | BF | 275.00 | 0.30 | 82.50 |
| 11/6/2013 | Receive and review email from opposing counsel enclosing a deposition notice for our client. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 11/11/2013 | Print docs for BF for deposition. **Obj.-lack of diligence** | SMD | 125.00 | 0.50 | 62.50 |
| 11/11/2013 | Client meeting REDACTED **Obj.-lack of diligence** | BF | 275.00 | 1.00 | 275.00 |
| 11/11/2013 | Attend deposition of Plaintiff. Time includes round trip travel time to Clarks Summit. **Obj.-lack of diligence** | BF | 275.00 | 1.90 | 522.50 |
| 11/11/2013 | Prepare for deposition of California Coast University. **Obj.-lack of diligence** | BF | 275.00 | 1.60 | 440.00 |
| 11/11/2013 | Conduct telephonic deposition of California Coast University. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 5.60 | 1,540.00 |
| 11/11/2013 | Receive, review, and respond to email from opposing counsel with objections served 8 minutes before the deposition was about to begin. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 11/22/2013 | Receive, review, and respond to email from client regarding the 12/11/13 hearing. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/6/2013 | Phone call to opposing counsel to see if he would be willing to stipulate to move back the dispositive motion deadline so we can have a final version of Marquardt's transcript. Stip would be that motions and briefs will be due by 1/17/14. He will get back to me. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/17/2013 | Receive and review motion for summary judgment and supporting brief. **Obj.-lack of diligence** | BF | 275.00 | 0.30 | 82.50 |
| 12/20/2013 | Phone call to opposing counsel to disucss the MSJ. Left a message with the receptionist for him to call me back. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/30/2013 | Draft stipulation to withdraw motion to extend deadline. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 12/30/2013 | Draft email to opposing counsel re: stipulation to withdraw. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/30/2013 | Phone call with opposing counsel regarding stipulation to withdraw. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/30/2013 | Receive, review, and respond to email from opposing counsel attaching a signed copy of the stip to withdraw. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/30/2013 | Draft response to Coast's Statement of Undisputed material facts. **Obj.-lack of diligence** | BF | 275.00 | 3.80 | 1,045.00 |
| 12/30/2013 | Receive and review email from opposing counsel letting me know that he filed the stipulation to withdraw. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 12/31/2013 | Review and sign letter to client regarding rate change. **Obj.-lack of diligence, administrative** | CS | 375.00 | 0.10 | 37.50 |
| 12/31/2013 | Draft opposition to Coast's statement of undisputed material facts. **Obj.-lack of diligence** | BF | 275.00 | 0.80 | 220.00 |

| Date | Description | | Rate | Hours | Amount |
|------|-------------|---|------|-------|--------|
| 12/31/2013 | Draft counter statement of undisputed material facts. | BF | 275.00 | 2.20 | 605.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/2/2014 | Draft brief opposing summary judgment. | BF | 275.00 | 5.00 | 1,375.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/3/2014 | Continue drafting brief. | BF | 275.00 | 6.10 | 1,677.50 |
| | **Obj.-lack of diligence, exc. time** | | | | |
| 1/6/2014 | Continue drafting brief. | BF | 275.00 | 2.80 | 770.00 |
| | **Obj.-lack of diligence, exc. time** | | | | |
| 1/6/2014 | Continue drafting counter statement of facts. | BF | 275.00 | 1.50 | 412.50 |
| | **Obj.-lack of diligence,** | | | | |
| 1/6/2014 | Continue drafting response to Coast's statement of facts. | BF | 275.00 | 0.60 | 165.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/6/2014 | Phone call with client REDACTED | BF | 275.00 | 0.30 | 82.50 |
| | **Obj.-vague** | | | | |
| 1/6/2014 | Filed brief, counter statement of facts, response to statement of facts, and exhbits. | BF | 275.00 | 0.40 | 110.00 |
| | **Obj.lack of diligence** | | | | |
| 1/9/2014 | Return opposing counsel's phone call. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 1/22/2014 | Modifications to letter to Sheils regarding request to amend complaint. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/22/2014 | Draft letter to opposing counsel regarding motion to amend. | BF | 275.00 | 1.20 | 330.00 |
| | **Obj.-lack of diligence** | | | | |
| 1/22/2014 | Receive, review, and respond to email from client REDACTED | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 1/22/2014 | Draft email to client. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-vague** | | | | |
| 1/27/2014 | Review and sign letter to client regarding trial date. | CS | 375.00 | 0.10 | 37.50 |
| | **Obj.-administrative** | | | | |
| 1/29/2014 | Draft email to opposing counsel asking for an update on our request to amend. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 1/30/2014 | Phone call to opposing counsel to discuss the potential amendment to the counterclaim. Left message with the secretary. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 1/30/2014 | Sheils returned my phone call. They will not agree to an amendment and they will not concur with such a motion. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/3/2014 | Draft motion to amend. | BF | 275.00 | 0.50 | 137.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/4/2014 | Draft amended answer and counterclaim and continued drafting motion to amend. | BF | 275.00 | 0.80 | 220.00 |
| | **Obj.-lack of diligence** | | | | |
| 2/4/2014 | Receive and review email from client. She forgot to get back to me. She is trying to find the transcript. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/4/2014 | Review and edit motion to amend. | CS | 375.00 | 0.20 | 75.00 |
| | **Obj.-lack of diligence** | | | | |
| 2/5/2014 | Phone call to clerk's office asking if the generic motion could be made available for this adversary because motion to amend is not an available docket entry. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/5/2014 | Finalize motion to amend. | BF | 275.00 | 0.20 | 55.00 |
| | **Obj.-lack of diligence** | | | | |
| 2/5/2014 | File motion to amend. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/7/2014 | Receive, review, and respond to email from client regarding her transcript and also the date of the trial. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |
| 2/7/2014 | Receive, review, and respond to email from client attaching a copy of the transcript from CCU. | BF | 275.00 | 0.10 | 27.50 |
| | **Obj.-lack of diligence** | | | | |

| Date | Description | | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 2/7/2014 | Phone call to opposing counsel. He is in a conference. His secretary took a message. **Obj.-lack of diligence, administrative** | BF | 275.00 | 0.10 | 27.50 |
| 2/10/2014 | Draft brief in support of motion to amend answer and counterclaim. **Obj.-lack of diligence** | BF | 275.00 | 2.20 | 605.00 |
| 2/10/2014 | Opposing counsel returned my phone call. REDACTED **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 2/13/2014 | Continue drafting brief in support of motion to amend. **Obj.-lack of diligence** | BF | 275.00 | 0.30 | 82.50 |
| 2/19/2014 | Conference with CS regarding brief in support of motion to amend. **Obj.-lack of diligence** | BF | 275.00 | 0.50 | 137.50 |
| 2/19/2014 | Continue drafting brief in support of motion to amend. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 2.50 | 687.50 |
| 2/19/2014 | Conference with BF re: brief. **Obj.-lack of diligence, redundant** | CS | 375.00 | 0.50 | 187.50 |
| 2/20/2014 | Continue drafting brief. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 0.30 | 82.50 |
| 2/26/2014 | Review and sign letter to client regarding hearing date. **Obj.-lack of diligence, administrative** | CS | 375.00 | 0.10 | 37.50 |
| 3/13/2014 | Receive and review brief filed by opposing counsel opposing the motion to amend. **Obj.-lack of diligence** | BF | 275.00 | 0.10 | 27.50 |
| 3/14/2014 | Review Brief in Opposition to Motion to Amend Answer and Counterclaim. **Obj.-lack of diligence** | CS | 375.00 | 0.30 | 112.50 |
| 3/24/2014 | Receive and review order continuing trial. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 3/24/2014 | Email to client REDACTED **Obj.-vague** | CS | 375.00 | 0.10 | 37.50 |
| 3/26/2014 | Continue drafting brief. **Obj.-lack of diligence, exc. time** | BF | 275.00 | 0.40 | 110.00 |
| 3/26/2014 | Receive and review rescheduled date for trial. Draft letter to client regarding same. -KMB. **Obj.-lack of diligence** | KMH | 125.00 | 0.20 | 25.00 |
| 3/26/2014 | Review and sign letter to client regarding rescheduled trial date. **Obj.-lack of diligence** | CS | 375.00 | 0.10 | 37.50 |
| 3/26/2014 | Read and edit Reply Brief. **Obj.-lack of diligence** | CS | 375.00 | 0.80 | 300.00 |
| 3/27/2014 | Finalized reply brief. **Obj.-lack of diligence** | BF | 275.00 | 0.20 | 55.00 |
| 3/28/2014 | Receive and review electronic notice of filing: Brief in Reply. -KMB. **Obj.-lack of diligence, administrative** | KMH | 125.00 | 0.10 | 12.50 |
| 4/9/2014 | Prepare for tomorrow's hearing. **Obj.-lack of diligence** | BF | 275.00 | 2.40 | 660.00 |
| 4/10/2014 | Attend hearing on motion to amend counterclaim. Time includes travel. **Obj.lack of diligence** | BF | 275.00 | 3.00 | 825.00 |
| 4/10/2014 | Attend hearing on motion to amend the complaint. **Obj.lack of diligence, redundant, exc. time** | CS | 375.00 | 3.00 | 1,125.00 |
| 4/10/2014 | Receive and review electronic notice of filing: Proceeding Memo for hearing scheduled on: 04/10/2014 Matter: Motion to Amend Answer and Counterclaim (#99); Objection to Motion to Amend (#101). **Obj.-lack of diligence, adiminstrative** | CS | 375.00 | 0.10 | 37.50 |
| 4/14/2014 | Receive and review electronic notice of filing: Order Dismissing Motion For Summary Judgment and ORDERED that the deadline for the filing of any new dispositive motions is extended until thirty (30) days after the filing of the Plaintiffs reply to the Amended Answer and Counterclaim and Trial date stands. | CS | 375.00 | 0.10 | 37.50 |

| 4/15/2014 | Receive and review electronic notice of filing: Amended Answer. -KMB. **Obj.-adminstrative** | KMH | 125.00 | 0.10 | 12.50 |
|---|---|---|---|---|---|
| 4/22/2014 | Phone call with opposing counsel. He wanted more information about the offer of judgment that I suggested. REDACTED | BF | 275.00 | 0.30 | 82.50 |
| 4/24/2014 | Receive and review answer to amended answer to amended complaint and counterclaim. | BF | 275.00 | 0.30 | 82.50 |
| 5/27/2014 | Receive and review motion for summary judgment. | BF | 275.00 | 0.50 | 137.50 |
| 6/3/2014 | Receive and review electronic notice of filing: Order setting brief deadline. Draft interoffice email to CS and BF regarding same. -KMB. | KMH | 125.00 | 0.10 | 12.50 |
| 6/18/2014 | Draft response to Coast's Statement of Undisputed Material Facts. | BF | 275.00 | 0.60 | 165.00 |
| 6/18/2014 | Draft brief opposing 2nd summary judgment motion. | BF | 275.00 | 1.60 | 440.00 |
| 6/20/2014 | Electronically file Answer to Statement of Facts, Counter-Statement of Facts and 10 exhibits, and Brief opposing summary judgment. | BF | 275.00 | 0.80 | 220.00 |
| 6/23/2014 | Receive and review electronic notice of filing: Answer, Counter-Statement of Matieral Facts, Brief. -KMB. | KMH | 125.00 | 0.10 | 12.50 |
| 7/8/2014 | Receive and review reply brief. | BF | 275.00 | 0.30 | 82.50 |
| 7/9/2014 | Receive and review ECF 118 Statement of Material Facts Response to Jaime Aleckna's Counter-Statement of Undisputed Material Facts Filed by Robert P Sheils III of Sheils Law Associates PC on behalf of California Coast University (RE: related document(s)116). (Attachments: # (1) Certificate of Service) (Sheils, Robert). | BF | 275.00 | 0.10 | 27.50 |
| 8/19/2014 | Receive and review opinion from Judge Opel denying Coast's motion for summary judgment. | BF | 275.00 | 0.20 | 55.00 |
| 8/19/2014 | Receive and review Judgment of the Court denying Coast's motion for summary judgment. | BF | 275.00 | 0.10 | 27.50 |
| 8/19/2014 | Receive and review electronic notice of filing: Opinion of the Court. | CS | 375.00 | 0.10 | 37.50 |
| 8/21/2014 | Phone call with opposing counsel. He asked to continue the trial because one of his witnesses is going on maternity leave. He suggested March. I told him I did not think we would agree to that length of continuance, but that I would get back to him. | BF | 275.00 | 0.20 | 55.00 |
| 8/21/2014 | Draft letter to opposing counsel. | BF | 275.00 | 0.50 | 137.50 |
| 8/21/2014 | Returned opposing counsel's phone call. Told him that we believed the matter should have already been resolved with a trial dep. He will speak to his client and go from there. | BF | 275.00 | 0.10 | 27.50 |
| 8/25/2014 | Receive and review motion to continue trial. | BF | 275.00 | 0.20 | 55.00 |
| 8/25/2014 | Receive and review electronic notice of filing: Motion to | CS | 375.00 | 0.10 | 37.50 |

Case 5:12-ap-00247-RNO    Doc 155    Filed 01/28/16    Entered 01/28/16 19:50:42    Desc
Case 5:12-ap-00247-RNO    Main Document    Page 21 of 29
Desc  Exhibit A-Specific Line Item Objections to Statement    Page 21 of 29

Continue Filed.

| | | | | | |
|---|---|---|---|---|---|
| 9/4/2014 | Review and sign letter to client regarding hearing date.<br>**Obj.-adminstrative** | CS | 375.00 | 0.10 | 37.50 |
| 9/24/2014 | Review file to verify date of trial. -KMB. | KMH | 125.00 | 0.10 | 12.50 |
| 12/16/2014 | Review and sign letter to client regarding rate change.<br>**Obj.-adminstrative** | CS | 375.00 | 0.10 | 37.50 |
| 1/13/2015 | Phone call with opposing counsel regarding trial. He wants Defendant to be allowed to testify by phone. I told him we would not concur with that request. | BF | 275.00 | 0.20 | 55.00 |
| 1/13/2015 | Call client REDACTED<br>**Obj.-vague** | KMH | 125.00 | 0.20 | 25.00 |
| 1/13/2015 | Receive, review, and respond to email from KMH regarding her conversation with the client | CS | 375.00 | 0.10 | 37.50 |
| 1/14/2015 | Receive and review email from Sheils attaching motion for telephonic testimony. | BF | 275.00 | 0.10 | 27.50 |
| 1/14/2015 | Receive and review electronic notice of filing: Request/Motion for Telephonic Hearing Filed by Robert P Sheils III of Sheils Law Associates PC on behalf of California Coast University. | CS | 375.00 | 0.10 | 37.50 |
| 1/14/2015 | Receive and review electronic notice of filing: Motion for expedited hearing California Coast University's Motion for Telephonic Testimony of Witnesses Pursuant to L.B.R. 9074-1. | CS | 375.00 | 0.10 | 37.50 |
| 1/15/2015 | Receive, review, and respond to email from opposing counsel attaching document 128. | BF | 275.00 | 0.10 | 27.50 |
| 1/15/2015 | Phone call from opposing counsel explaining that the Court wanted to have the motion filed after the order granting the motion for expedited consideration, but that the only changes were to dates and removing language regarding expedited consideration. | BF | 275.00 | 0.10 | 27.50 |
| 1/15/2015 | Receive and review electronic notice of filing: Request/Motion for Telephonic Hearing. | CS | 375.00 | 0.10 | 37.50 |
| 1/16/2015 | Receive and review electronic notice of filing: Certificate of Service and Amended Certificate of Service. -KMH. | KMH | 125.00 | 0.10 | 12.50 |
| 1/22/2015 | Receive, review, and respond to email from Trish Ratchford providing LBR 9070-1. | BF | 275.00 | 0.10 | 27.50 |
| 1/22/2015 | Review file and draft tentative exhibit list. | BF | 275.00 | 1.10 | 302.50 |
| 1/22/2015 | Draft proposed stipulation of facts. | BF | 275.00 | 0.80 | 220.00 |
| 1/27/2015 | Receive and review brief in support of Coast's request for telephonic testimony. | BF | 275.00 | 0.20 | 55.00 |
| 1/27/2015 | Phone call with opposing counsel. Scheduled a meeting to exchange exhibits and to draft joint stipulation of facts. | BF | 275.00 | 0.10 | 27.50 |
| 1/28/2015 | Finalize exhibit list. | BF | 275.00 | 1.00 | 275.00 |
| 1/28/2015 | Continue drafting joint stipulation of facts. | BF | 275.00 | 0.40 | 110.00 |
| 1/28/2015 | Receive and review order denying motion for telephonic | BF | 275.00 | 0.10 | 27.50 |

| | | | | | |
|---|---|---|---|---|---|
| | testimony. | | | | |
| 1/28/2015 | Conference with Carlo regarding exhibits that we will use at trial. | BF | 275.00 | 0.60 | 165.00 |
| 1/28/2015 | Receive and review electronic notice of filing: Proceeding Memo for hearing scheduled on: 01/28/2015 Matter: Expedited Motion for Telephonic Testimony of Witnesses. | CS | 375.00 | 0.10 | 37.50 |
| 1/28/2015 | Receive and review electronic notice of filing: Order Denying Request for Telephonic Testimony. | CS | 375.00 | 0.10 | 37.50 |
| 1/28/2015 | Conference with BF re: trial exhibits.<br>**Obj.-exc. time, redundant** | CS | 375.00 | 0.60 | 225.00 |
| 1/29/2015 | Phone call to opposing counsel. We rescheduled the in person conference for Monday. | BF | 275.00 | 0.10 | 27.50 |
| 1/29/2015 | Prepare for trial. | BF | 275.00 | 5.40 | 1,485.00 |
| 1/29/2015 | Phone call from opposing counsel asking if we would concur with a request to continue the trial and a request for expedited consideration. . | BF | 275.00 | 0.10 | 27.50 |
| 1/29/2015 | Draft email to opposing counsel letting him know that we would not concur with his motion to continue. | BF | 275.00 | 0.10 | 27.50 |
| 1/29/2015 | Receive and review email from opposing counsel thanking me for my prompt response. | BF | 275.00 | 0.10 | 27.50 |
| 1/30/2015 | Receive and review electronic notice of filing: Motion for Expedited Consideration of Motion to Continue Trial Scheduled for February 13, 2015. | CS | 375.00 | 0.10 | 37.50 |
| 1/30/2015 | Receive and review electronic notice of filing: Motion to Continue. | CS | 375.00 | 0.10 | 37.50 |
| 1/30/2015 | Receive and review electronic notice of filing: Certificate of Service of Motion to Continue Trial Scheduled for February 13, 2015 and the Order dated January 30, 2015. | CS | 375.00 | 0.10 | 37.50 |
| 2/3/2015 | Pretrial prep. | BF | 275.00 | 1.80 | 495.00 |
| 2/4/2015 | Receive and review electronic notice of filing: Proceeding Memo for hearing scheduled on: 02/04/2015 Matter: Expedited Motion to continue trial scheduled for February 13, 2015. | CS | 375.00 | 0.10 | 37.50 |
| 2/4/2015 | Receive and review electronic notice of filing: Order Granting Motion To Continue Trial. | CS | 375.00 | 0.10 | 37.50 |
| 2/5/2015 | Returned call from opposing counsel. They want another continuance. I asked him to send me an email explaining in more detail the persons that can't attend and the specific reasons that they can't. | CS | 375.00 | 0.10 | 37.50 |
| 2/5/2015 | Review and sign letter to client regarding rescheduled trial date. | CS | 375.00 | 0.10 | 37.50 |
| 2/5/2015 | Receive and review electronic notice of filing: Motion to Reschedule Hearing Filed by Robert P Sheils III of Sheils Law Associates PC on behalf of California Coast University. | CS | 375.00 | 0.10 | 37.50 |

| Date | Description | Atty | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 2/20/2015 | Draft brief opposing motion to reschedule trial date. | BF | 275.00 | 1.80 | 495.00 |
| 3/12/2015 | Attend hearing in Wilkes-Barre on Coast's motion to continue the trial. Time includes travel. | BF | 275.00 | 2.30 | 632.50 |
| 9/28/2015 | Phone call with Sheils. He will email me a subpoena. He will also mail over the mileage and witness fee. | BF | 275.00 | 0.10 | 27.50 |
| 9/28/2015 | Conference with CS regarding trial strategy. | BF | 275.00 | 0.40 | 110.00 |
| 9/28/2015 | Research REDACTED **Obj-vague, exc. time** | LG | 160.00 | 3.60 | 576.00 |
| 9/29/2015 | Receive and review email from CS attaching subpoena. Prepare cover letter to client for when original comes in the mail. -MEP. | MEP | 125.00 | 0.20 | 25.00 |
| 9/29/2015 | Compiled exhibits for trial. **Obj-Adminstrative** | LG | 160.00 | 2.30 | 368.00 |
| 9/29/2015 | Draft trial brief. | BF | 275.00 | 1.30 | 357.50 |
| 9/29/2015 | Prepare for trial. | CS | 375.00 | 2.50 | 937.50 |
| 9/29/2015 | Conference with LG regarding exhibits for the trial. | BF | 275.00 | 0.20 | 55.00 |
| 9/30/2015 | Drafted stipulation of facts and outlined support for each paragraph. | LG | 160.00 | 1.90 | 304.00 |
| 9/30/2015 | Research REDACTED **Obj.-vague, exc. time** | LG | 160.00 | 6.10 | 976.00 |
| 9/30/2015 | Trial prep (read deposition transcripts; outlined questioning based on the content of the transcripts.). | CS | 375.00 | 3.20 | 1,200.00 |
| 9/30/2015 | Call with client REDACTED **Obj.-vague** | CS | 375.00 | 0.40 | 150.00 |
| 9/30/2015 | Review and sign letter to client enclosing check & subpoena. | CS | 375.00 | 0.10 | 37.50 |
| 10/1/2015 | Trial prep. | BF | 275.00 | 2.10 | 577.50 |
| 10/1/2015 | Prep for conference with Sheils. | CS | 375.00 | 0.40 | 150.00 |
| 10/1/2015 | Conference with Sheils. | CS | 375.00 | 3.30 | 1,237.50 |
| 10/2/2015 | Research REDACTED **Obj.-vague, exc. time.** | LG | 160.00 | 3.60 | 576.00 |
| 10/2/2015 | Continue to draft trial brief. | BF | 275.00 | 4.10 | 1,127.50 |
| 10/2/2015 | Edits to pre-trial brief. | CS | 375.00 | 0.50 | 187.50 |
| 10/2/2015 | Receive and review Coast's pretrial memorandum and exhibits. | BF | 275.00 | 0.20 | 55.00 |
| 10/2/2015 | Electronically file pretrial memorandum. | BF | 275.00 | 0.20 | 55.00 |
| 10/5/2015 | Researched REDACTED **Obj.-vague, exc. time** | LG | 160.00 | 6.30 | 1,008.00 |
| 10/6/2015 | Research REDACTED **Obj.-vague, exc. time** | BF | 275.00 | 0.30 | 82.50 |
| 10/7/2015 | Begin preparing trial binders. -MEP. | MEP | 125.00 | 3.70 | 462.50 |
| 10/7/2015 | Trial prep. | BF | 275.00 | 0.50 | 137.50 |
| 10/7/2015 | Prep for trial. | CS | 375.00 | 10.40 | 3,900.00 |
| 10/8/2015 | Continue preparing binders for trial. -MEP. | MEP | 125.00 | 5.80 | 725.00 |
| 10/8/2015 | Compare statement of undisputed facts in both parties' **Obj.-redundant, exc. time** | LG | 160.00 | 0.20 | 32.00 |

pre-trial memos to ensure the statements are the same.

| Date | Description | | Rate | Hours | Amount |
|------|-------------|---|------|-------|--------|
| 10/8/2015 | Review record to find support for our direct and cross examinations. | LG | 160.00 | 1.90 | 304.00 |
| 10/8/2015 | Research REDACTED<br>**Obj.-redundant, exc. time** | LG | 160.00 | 0.90 | 144.00 |
| 10/8/2015 | Redacted deposition.<br>**Obj.-vague, exc. time** | LG | 160.00 | 1.30 | 208.00 |
| 10/8/2015 | Shepardize cases.<br>**Obj.-exc. time** | LG | 160.00 | 0.60 | 96.00 |
| 10/8/2015 | Research REDACTED<br>**Obj. vague, exc. time.** | LG | 160.00 | 2.00 | 320.00 |
| 10/8/2015 | Prep for trial.<br>**Obj.-exc. time see entries 10/7 and 9/29** | CS | 375.00 | 12.50 | 4,687.50 |
| 10/8/2015 | Pretrial prep.<br>**Obj.-exc. time see entries** | BF | 275.00 | 8.20 | 2,255.00 |
| 10/9/2015 | Prep for trial.<br>**Obj.-exc. time see entries 9/29,10/7, 10/8** | CS | 375.00 | 1.40 | 525.00 |
| 10/9/2015 | Travel to trial. | CS | 375.00 | 0.50 | 187.50 |
| 10/9/2015 | Continue prep at courthouse. Meet with client REDACTED<br>**Obj.-exc. time see entries 9/29. 9/30 10/7 and 10/8** | CS | 375.00 | 1.50 | 562.50 |
| 10/9/2015 | Trial. | CS | 375.00 | 5.00 | 1,875.00 |
| 10/9/2015 | Meet with client after trial to advise of next steps.<br>REDACTED | CS | 375.00 | 0.30 | 112.50 |
| 10/9/2015 | Travel from trial. | CS | 375.00 | 0.50 | 187.50 |
| 10/9/2015 | Final trial prep.<br>**Obj.-redundant, exc. time** | BF | 275.00 | 0.80 | 220.00 |
| 10/9/2015 | Travel time to courthouse.<br>**Obj.-redundant, exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 10/9/2015 | Attend trial.<br>**Obj.-redundant, exc. time** | BF | 275.00 | 5.00 | 1,375.00 |
| 10/9/2015 | Travel time back from the trial.<br>**Obj.-redundant, exc. time** | BF | 275.00 | 0.50 | 137.50 |
| 11/4/2015 | Research re: punitive damages based on reprehensibility of party's conduct during litigation.<br>**Obj.-exc. time** | CS | 375.00 | 0.30 | 112.50 |
| 11/16/2015 | Review and sign letter to client regarding rate change.<br>**Obj.-adminstrative** | CS | 375.00 | 0.10 | 37.50 |
| 11/17/2015 | Draft outline for brief. | BF | 275.00 | 0.50 | 137.50 |
| 11/17/2015 | Read trial ranscript. | BF | 275.00 | 3.00 | 825.00 |
| 11/19/2015 | Begin drafting brief. | BF | 275.00 | 4.80 | 1,320.00 |
| 11/20/2015 | Continue drafting brief. | BF | 275.00 | 3.60 | 990.00 |
| 11/23/2015 | Proofing post trial brief.<br>**Obj.-redundant, exc. time** | LG | 200.00 | 2.70 | 540.00 |
| 11/23/2015 | Continue drafting brief.<br>**Obj.-exc. time** | BF | 275.00 | 2.80 | 770.00 |
| 11/24/2015 | Work with BF on post-trial brief.<br>**Obj.-exc. time** | CS | 375.00 | 1.50 | 562.50 |
| 11/24/2015 | Read transcript. | CS | 375.00 | 1.20 | 450.00 |
| 11/24/2015 | Continue drafting brief.<br>**Obj.exc. time** | BF | 275.00 | 3.90 | 1,072.50 |
| 11/25/2015 | Conference with BF regarding Post-Trial Brief. | CS | 375.00 | 0.10 | 37.50 |
| 11/25/2015 | Continue drafting brief.<br>**Obj.-exc. time** | BF | 275.00 | 6.10 | 1,677.50 |
| 11/25/2015 | Work with BF on edits to Brief.<br>**Obj. exc. time, redundant** | CS | 375.00 | 1.40 | 525.00 |
| 11/25/2015 | Proofreading brief.<br>**Obj. exc. time., redundant** | LG | 200.00 | 1.30 | 260.00 |

Case 5:12-ap-00247-RNO    Doc 155    Filed 01/28/16    Entered 01/28/16 19:50:42    Desc
Case 5:12-ap-00247-RNO    Main Document    Page 25 of 29    Entered 01/28/16 23:46:28    Desc
Desc    Exhibit A-Special Requested Objections to Statement    Page 25 of 29

| | | | | | |
|---|---|---|---|---|---|
| 12/10/2015 | Receive and review Coast's brief. | BF | 275.00 | 0.30 | 82.50 |
| 12/10/2015 | Email from client. | CS | 375.00 | 0.10 | 37.50 |
| 12/10/2015 | Draft brief. | BF | 275.00 | 2.50 | 687.50 |
| 12/11/2015 | Read Coast's post-trial brief. | CS | 375.00 | 0.30 | 112.50 |
| 12/11/2015 | Conference with BF regarding defendant's brief. | CS | 375.00 | 0.10 | 37.50 |
| 12/16/2015 | Continue drafting brief. | BF | 275.00 | 2.60 | 715.00 |
| 12/17/2015 | Conference with BF regarding brief. | CS | 375.00 | 0.10 | 37.50 |
| 12/17/2015 | Continue drafting brief. | BF | 275.00 | 0.60 | 165.00 |
| 12/21/2015 | Continue drafting brief. | BF | 275.00 | 0.50 | 137.50 |
| 12/21/2015 | Receive, review, and respond to email from BF regarding reply brief. | CS | 375.00 | 0.10 | 37.50 |
| 12/22/2015 | Work with BF on Post-trial memo. **Obj.-exc. time, redundant** | CS | 375.00 | 2.50 | 937.50 |
| 12/22/2015 | Continue drafting brief. **Obj.-exc. time, redundant** | BF | 275.00 | 2.50 | 687.50 |
| 12/23/2015 | Continue drafting brief. **Obj.-exc. time, redundant** | BF | 275.00 | 1.00 | 275.00 |
| 12/23/2015 | Modifications to brief with BF. **Obj.-exc. time, redundant** | CS | 375.00 | 3.00 | 1,125.00 |
| 1/14/2016 | Reading trial opinion and discussing with BF. **Obj.-exc. time, redundant** | LG | 200.00 | 0.50 | 100.00 |
| 1/14/2016 | Conference with BF regarding letter to Shells suggesting waiver of Rule 54 requirement for full blown fee application and suggestion that we attempt to negotiate the fees informally before submitting the bill. | CS | 375.00 | 0.20 | 75.00 |
| 1/14/2016 | Read opinion. | CS | 375.00 | 0.20 | 75.00 |
| 1/14/2016 | Call with client REDACTED **Obj.-vague** | CS | 375.00 | 0.20 | 75.00 |
| 1/14/2016 | Receive and review court's opinion. | BF | 275.00 | 0.30 | 82.50 |
| 1/14/2016 | Receive and review judgment. | BF | 275.00 | 0.10 | 27.50 |
| 1/14/2016 | Draft email to opposing counsel regarding attorney's fees. | BF | 275.00 | 0.60 | 165.00 |
| 1/14/2016 | Review and update bill to account for change in rates. | BF | 275.00 | 1.20 | 330.00 |
| 1/15/2016 | Receive, review, and respond to email from client. | CS | 375.00 | 0.10 | 37.50 |
| 1/15/2016 | Conference with BF. | CS | 375.00 | 0.10 | 37.50 |
| 1/15/2016 | Phone call from opposing counsel. They agree we do not have to file a motion with the Court, and that we can instead simply file time records. He will send me an email reflecting as much. He has to speak with his client regarding whether they are willing to negotiate the amount of the fee using our proposal. | BF | 275.00 | 0.10 | 27.50 |
| 1/15/2016 | Receive and review phone call from opposing counsel. They do not want to agree to any time-frame before hand, so they would rather negotiate the fees after we get everything filed. | BF | 275.00 | 0.10 | 27.50 |
| 1/25/2016 | Began reviewing, editing, and redacting statement of fees and costs. | BF | 275.00 | 4.20 | 1,155.00 |

|                           |                    |                          | Sub-total Fees: | 128,292.00  |
|                           |                    |                          | Discount:       | -28,292.00  |

### Rate Summary

| Name | Hours/Rate | | Amount |
|------|------------|--|--------|
| Andria Blanchard | 3.20 Paralegal | hours at $ 125.00 /hr | 400.00 |
| Shannon Dodge | 0.90 Paralegal | hours at $ 125.00 /hr | 112.50 |
| Brett Freeman | 266.70 Associate | hours at $ 275.00 /hr | 73,342.50 |
| Leonard Gryskewicz, Jr. | 30.70 Associate | hours at $ 160.00 /hr | 4,912.00 |
| Leonard Gryskewicz, Jr. | 4.50 Associate | hours at $ 200.00 /hr | 900.00 |
| Kim Hoehle | 7.80 Paralegal | hours at $ 125.00 /hr | 975.00 |
| Mary Peters | 13.10 Paralegal | hours at $ 125.00 /hr | 1,637.50 |
| Carlo Sabatini | 122.70 Partner | hours at $ 375.00 /hr | 46,012.50 |
| Total hours: | 449.60 | | |

**Obj.-Exc. Hourly Rate for Paralegals, Associates and Partner**

## Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 10/3/2012 | Fee paid to Mission Accomplished Investigations to serve subpoena upon Kirk L. Moon, III. **Obj.-unsuccessful motion** | 110.00 |
| 10/3/2012 | Overnight delivery charge to send subpoena to process server. **Obj.-unsuccessful motion** | 18.95 |
| 10/8/2012 | Fax from Attorney Sheils regarding subpoena. (5 pages, $.50/page). **Obj.-unsuccessful motion** | 2.50 |
| 10/10/2012 | Fax from Attorney Sheils regarding Atty. Kirk Moon's reason for not attending the 10/11's deposition. (4 pages, $.50/page). **Obj.-unsuccessful motion** | 2.00 |
| 10/11/2012 | Attorney fee paid to Law Offices of Gene J. Goldsman to conduct deposition of Kirk L. Moon, III. **Obj.-unsuccessful motion, exc. exp.** | 600.00 |
| 10/11/2012 | Fee for transcription of deposition of Kirk L. Moon, III (nonappearance) paid to Network Deposition Services, Inc. **Obj.-unsuccessful motion, exc. exp.** | 357.70 |
| 11/15/2012 | CourtCall. **Obj.-unsuccessful motion, lack of diligence** | 51.00 |
| 1/9/2013 | Round trip mileage for Hearing on Motion to Enforce. **Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 1/9/2013 | Hearing in WB. **Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 2/5/2013 | Roundtrip mileage for attending hearing in WB. **Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 2/7/2013 | Fax received from Attorney Sheils. **Obj.-unsuccessful motion, lack of diligence** | 2.50 |
| 2/13/2013 | Court fee for hearing on CD. **Obj.-unsucsessful motion, lack of diligence** | 30.00 |
| 2/13/2013 | Mileage to WB courthouse to get cd of transcriptions. **Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 2/14/2013 | Hearing in WB. **Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 2/27/2013 | Fee for CD of 2/14/13 Hearing on Motion to Enforce Settlement. **Obj.-unsuccessful motion, lack of diligence** | 30.00 |
| 2/27/2013 | Postage for letter Letter to Trish in Judge Opel's for 02-14-13 hearing on CD.pdf. **Obj.-unsuccessful motion, lack of diligence** | 0.46 |

| | | |
|---|---|---:|
| 4/11/2013 | Round trip mileage for hearing on motion to enforce.<br>**Obj.-unsuccessful motion, lack of diligence** | 25.91 |
| 5/10/2013 | Postage for letter to Sheils enclosing discovery request.<br>**Obj.-lack of diligence** | 1.86 |
| 5/28/2013 | Fax Received from Sheils enclosing status conference<br>scheduled for 6/13/2013.<br>**Obj.-lack of diligence** | 3.00 |
| 6/13/2013 | Round trip mileage for hearing.<br>**Obj.-lack of diligence** | 25.91 |
| 8/14/2013 | Postage for letter to Robert P. Shiels.<br>**Obj.-lack of diligence** | 5.05 |
| 10/1/2013 | Postage for letter to Robert Sheils regarding Notice of<br>Deposition.<br>**Obj.-lack of diligence** | 0.46 |
| 10/18/2013 | Postage for letter to Sheils regarding Response to First<br>Set of Discovery Requests.<br>**Obj.-lack of diligence** | 1.86 |
| 10/31/2013 | Postage for letter to Sheils regarding deposition.<br>**Obj.-lack of diligence** | 1.69 |
| 11/11/2013 | InstantConference - conference call.<br>**Obj.-lack of diligence** | 2.02 |
| 12/4/2013 | Court Reporter.<br>**Obj.-lack of diligence** | 990.50 |
| 12/27/2013 | Court Reporter.<br>**Obj.-lack of diligence** | 117.50 |
| 12/30/2013 | Fax Received from Shiels regarding depo of Shelly<br>Marquardt.<br>**Obj.-lack of diligence** | 1.00 |
| 12/31/2013 | Postage for letter to client regarding rate change.<br>**Obj.-lack of diligence, administrative** | 0.46 |
| 1/27/2014 | Postage for letter to client regarding trial date.<br>**Obj.-lack of diligence, administrative** | 0.49 |
| 2/26/2014 | Postage for letter to client regarding hearing date.<br>**Obj.-lack of diligence** | 0.49 |
| 3/26/2014 | Postage for letter to client regarding rescheduled trial<br>date. | 0.49 |
| 9/4/2014 | Postage for letter mailed to client regarding hearing date. | 0.49 |
| 12/16/2014 | Postage for letter to client regarding rate change.<br>**Obj.-Administrative** | 0.49 |
| 2/5/2015 | Postage for letter to client regarding rescheduled trial<br>date. | 0.49 |
| 3/12/2015 | Mileage for attending hearing. | 25.91 |
| 9/30/2015 | Postage for letter to client enclosing check & subpoena. | 0.49 |
| 10/6/2015 | Miscellaneous- Cost for binders. | 95.91 |
| 10/8/2015 | Printing expense for trial binders (4,219 pages).<br>**Obj.-exc. expense** | 632.85 |
| 10/8/2015 | Miscellaneous - dinner.<br>**Obj.exc. expense** | 15.58 |
| 10/9/2015 | Round trip mileage for attending trial. | 25.91 |
| 10/9/2015 | Miscellaneous - food and drink -Trial.<br>**Obj.-exc. expense** | 46.41 |
| 10/15/2015 | Court Reporter. | 568.75 |
| 11/16/2015 | Postage for letter to client regarding rate change.<br>**Obj.-adminstrative** | 0.49 |
| | Sub-total Expenses: | 3,927.12 |

Case 5:12-ap-00247-RNO   Doc 155   Filed 01/28/16   Entered 01/28/16 19:50:42   Desc
Case 5:12-ap-00247-RNO   Main Document   Page 28 of 29   Entered 01/21/16 23:46:28   Desc
Desc   Exhibit A-Special Counsel Objections to Statement   Page 28 of 29

**Payments**

| 12/18/2015 | Payment | Aleckna Ca Coast - Transcripts Plus | 109.20 | |
| --- | --- | --- | --- | --- |
| | | Sub-total Payments: | 109.20 | |

| | | |
| --- | --- | --- |
| | Total Current Billing: | 103,927.12 |
| | Previous Balance Due: | -109.20 |
| | **Total Now Due:** | **103,817.92** |

Case 5:12-ap-00247-RNO    Doc 155    Filed 01/28/16    Entered 01/28/16 19:50:42    Desc
Case 5:12-ap-00247-RNO    Main Document    Page 28 of 28    Entered 02/11/16 23:46:28    Desc
Desc  Exhibit A-Specific Line Item Objections to Statement    Page 29 of 29